1
2
3
4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6                                    )
7                                    )  Case Number: 4:24-cv-04067-YGR
   CALIFORNIANS FOR ALTERNATIVES TO)
8  TOXICS                            )  **JOINT CASE MANAGEMENT**
                                     )  **STATEMENT & [PROPOSED] ORDER**
9         Plaintiff,                 )
                                     )
10                                   )
                                     )
11        vs.                        )
   KERNEN CONSTRUCTION CO., et al,   )
12                                   )
                                     )
13        Defendants.                )
                                     )
14 _____  )

15        The parties to the above-entitled action jointly submit this JOINT CASE

16 MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All

17 Judges of the Northern District of California and Civil Local Rule 16-9.

18 1.       Jurisdiction & Service

19         This Court has subject matter jurisdiction over the parties and the subject matter of this

20 action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A),

21 and 28 U.S.C. § 1331 (action arising under the laws of the United States). Venue is proper in

22 the Northern District of California pursuant to Section 505(c)(1) of the Act, 33 U.S.C. §

23 1365(c)(1), because the source of the alleged violations is located within this judicial district.

24 Pursuant to Local Rule 3-2(e), intra-district venue is proper in Oakland, California because the

25 sources of the violations are located within Humboldt County. All parties have been served.

26
27
28

*Joint Case Management Statement*                          *Case No: 4:24-cv-04067-YGR*

2.      Facts

This case is the third Federal Water Pollution Control Act ("Clean Water Act" or "Act") citizen suit enforcement action filed by CATs under Section 505 of the Clean Water Act, 33 U.S.C. § 1365 against Defendants. The Complaint alleges that Defendants have violated and continue to violate Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a) by discharging pollutants from point sources at Defendants' facility, located at 2350 Glendale Drive in McKinleyville, California, ("Facility") to waters of the United States in violation of State Water Resources Control Board National Pollutant Discharge Elimination System General Permit No. CAS000001, State Water Resources Control Board Water Quality Order no. 2014-0057-DWQ as amended by Order 2015-0122-DWQ and Order 2018-0028-DWQ ("General Permit").

The first case, filed in 2016, 4:16-cv-04007-YGR, was resolved by way of a consent decree. The second case was filed in 2020, 4:20-cv-01348-YGR, and Defendants admitted liability to the claims brought by Plaintiff. There, the Court assessed a civil penalty of $2,087,750. The Court also issued a permanent injunction against Defendants that expired May 1, 2023.

In this action, Plaintiff alleges that the violations continue, and that 1) Defendants discharge contaminated storm water from the Facility in violation of the General Permit's effluent limitations, receiving water limitations, and discharge prohibitions; 2) Defendants have failed to prepare, implement, review, and update a compliant storm water pollution prevention plan; 3) Defendants have failed to develop and implement the best available and best conventional treatment technologies at the Facility; 4) Defendants have failed to implement an adequate monitoring implementation plan and have failed to conduct all required monitoring at the Facility; and 5) Defendants have failed to comply with the reporting requirements of the General Permit.

Based on these allegations, Plaintiff seeks civil penalties, injunctive relief, and reasonable fees and costs as authorized by the Act, 33 U.S.C. § 1365(d).

The principal factual issues in dispute, at this time, include:

1.  Whether Defendants discharge storm water associated with industrial activities from their Facility;

2.  Whether Defendants' storm water pollution prevention plan accurately describes how storm water is managed at the Facility;

3.  Whether the BMPs that Defendants have implemented are effective at containing and treating storm water;

4.  Whether Defendants' monitoring and implementation plan includes all of the required information under the Permit; and,

5.  Whether Defendants' annual reports are accurate and contain all of the required information under the Permit.

**Plaintiff's Separate Statement:**

Plaintiff objects to Defendants' use of this Joint Case Management Statement to argue the merits of their case, and in particular, as an additional opportunity to argue their Motion to Dismiss. Plaintiff disagrees with the assertions made below, many of which have already be refuted and adjudicated in proceedings before this Court. Plaintiff has attempted to meet and confer with Defendants on this issue and have requested that Defendants remove the improper arguments and assertions below, but Defendants have refused.

**Defendants' Separate Statement:**

This is the third suit brought by California Alternative to Toxics ("CATS") against Defendants. The first suit brought in 2016, 4:16-cv-04007-YGR, was resolved by way of a consent decree. The consent decree, required Defendants to follow requirements demanded by Plaintiff and its "consultant" who was neither a Qualified Stormwater Practitioner ("QSP") nor a Qualified Industrial Stormwater Practitioner ("QISP"). The results from following Plaintiff's demands  raised the Numeric Action Levels ("NALs").

Plaintiff sent a Notice of Violation letter to Defendants regarding the increase of their NALS during the time they were following Plaintiff's required changes. Defendants notified Plaintiff that they were going to a status of being a no-discharge facility and would not

*Joint Case Management Statement*                                      *Case No: 4:24-cv-04067-YGR*

consider following the failed requirements demanded again by Plaintiff.  In response, Plaintiff

filed its second lawsuit, 4:20-cv-01348-YGR. , Defendants then made the decision that the

only way to stop that litigation and avoid all future litigation was to admit everything in CATS'

second complaint and immediately implement design reduction BMPs designed to eliminate

all storm water discharge from Defendants' facility as the only viable way to end a seemingly

never-ending cycle of lawsuits. Those design reduction BMPs went into effect by mid-2021.

Defendants sealed off their four discharge locations and held storm water on site allowing it to

dissipate into the soil for the rainy seasons of 2021-2022, 2022-2023, and 2023-2024.

*Defendants remained in compliance during the time the injunction was active and thereafter.*

Defendants remained under the injunction until May 1, 2023.  They remain in compliance

today with no discharge locations and all storm water held onsite to percolate into the ground

naturally.

Defendants' Stormwater Pollution Prevention Plan ("SWPPP") dated February 2022,

provides that all of the previous discharge locations were sealed/plugged at the facility in 2021

and that all stormwater from that time on remains on site to percolate back into the ground.

This system has been successful and remains working since its installation,

Defendants' Annual Reports, (official records with the State Water Resources Control Board)

indicate that the facility has "eliminated" all stormwater discharge during the 2021-2022

season, the 2022-2023 season, and 2023-2024 season.  Percipient witnesses including the

Qualified Industrial Stormwater Practioner and consultants will affirm that the facility has

eliminated discharge from stormwater since the installation of the system in 2021 to present.

Defendants filed a Motion to Dismiss the initial complaint (ECF Doc 17) on the basis that the

complaint failed to plead sufficient plausible facts that would allow this Court to draw the

reasonable inferences that Defendants were liable for the misconduct alleged.  In response to

that Motion to Dismiss, Plaintiff's filed an Amended Complaint and Defendants have

responded by filing a Motion to Dismiss the amended complaint (ECF Doc 21, 22 and 23(

*Joint Case Management Statement*                                                                  *Case No: 4:24-cv-04067-YGR*

1   Plaintiff has not and cannot plead factual content to support its claims that Defendants have

2   released stormwater discharge from their facility; not every day since the earlier injunction

3   was lifted - May 2, 2023 to present or any other day.  Defendants have eliminated all

4   stormwater discharge from their facility.

5   3.      Legal Issues.

6       The primary legal issues will focus on the compliance requirements of the General

7   Permit, as applied to Defendants.

8   4.      Motions.

9       Defendants filed a motion to dismiss, (Docket No. 17), and Plaintiff filed an amended

10  Complaint, (Docket No. 20). The amended complaint mooted the motion to dismiss. *Ramirez*

11  *v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants filed a second

12  motion to dismiss the amended complaint, (Docket No. 22), and that motion is currently

13  pending, and is set to be heard at 2:00 p.m. on November 12, 2024.  No other motions are

14  pending or anticipated at this time. Defendants may file additional motions dependant upon the

15  Court's ruling regarding the Motion to Dismiss Amended Complaint.

16  5.      Amendment of Pleadings

17      After receiving Defendants' discovery responses, Plaintiff may seek to further amend

18  the Complaint to reflect claims of additional violations by Defendants or to join additional

19  defendants, but none are anticipated at this time.

20  6.      Evidence Preservation

21      The parties have reviewed the Guidelines Relating to the Discovery of Electronically

22  Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred

23  pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to

24  preserve evidence relevant to the issues reasonably evident in this action.

25  7.      Disclosures

26      Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the parties have reached a

27  stipulation that initial disclosures will be completed on or before November 4, 2024.

28

*Joint Case Management Statement*                    *Case No: 4:24-cv-04067-YGR*

8.      Discovery

No discovery requests have been propounded as of this date.

**Proposed Discovery Plan**

(A) Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures will be made.

Other than the time to exchange initial disclosures, discussed above, no changes to the timing, form, or requirement for disclosures under Rule 26(a) are necessary in this case, at this time. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the parties have reached a stipulation that initial disclosures will be made on or before November 4, 2024.

(B) Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues.

Plaintiff will conduct a combination of written discovery and depositions, and anticipates requesting as many as three site inspections of the Facility, under both wet and dry conditions. Plaintiff anticipates propounding discovery on the nature and extent of potential sources of pollution in Defendants' discharges from the Facility; information relating to Defendants' interactions with the Regional Water Quality Control Board and the California State Water Resources Control Board; and all information pertinent to the penalty factors to be considered under the Act, including, but not limited to, Defendants' financial information relevant to the assessment of civil penalties. Plaintiff also intends to depose Defendants' employees, managers and other agents, as well as agency personnel, who may have information relevant to the case.

*Proposed Discovery Schedule:*

June 30, 2026: Completion of non-expert discovery;

July 31, 2026: Last day for expert disclosure and exchange of expert reports;

August 31, 2026: Last day to exchange expert rebuttal reports;

November 30, 2026: Completion of expert discovery;

(C) Issues about disclosure, discovery, or preservation of ESI.

The documents at issue in this case are relatively few, and many of them have already been produced in the two prior actions. The parties anticipate the ESI portion of discovery in this case to be relatively minor.

(D) Issues about claims of privilege or of protection as trial-preparation materials.

The parties anticipate entering into a protective order governing the disclosure and use of designated confidential information, as they did in the prior actions.

(E) Change to the limitations on discovery imposed under the Federal Rules.

The parties do not anticipate a need to modify the discovery rules at this time.

(F) Any other order the Court should issue under Rule 26(c), or Rule 16(b) and (c).

Per (E) above, the parties anticipate requesting the Court to issue a protective order under Rule 26(c). Aside from the above, no other orders need to be issued at this time.

9.      Class Actions

Not applicable.

10.     Related Cases

There are no currently-pending related cases, though this case is related to case numbers 4:16-cv-04007-YGR, and 4:20-cv-01348-YGR.

11.     Relief

Plaintiff seeks the following relief:

a.  For the Court to declare Defendants to have violated and to be in violation of the General Permit and the Clean Water Act as alleged in Plaintiff's Amended Complaint;

b.  For the Court to enjoin Defendants from discharging polluted storm water from the Facility except as authorized by the General Permit;

c.  For the Court to enjoin Defendants from further violating the substantive and procedural requirements of the General Permit;

d.  For the Court to order Defendants to immediately implement storm water pollution control technologies and measures that satisfy BAT and BCT and that prevent

*Joint Case Management Statement*                                    Case No: *4:24-cv-04067-YGR*

pollutants in the Facility's storm water from contributing to violations of any water quality standards;

e.  For the Court to order Defendants to comply with the General Permit's monitoring and reporting requirements, including ordering supplemental monitoring to compensate for past monitoring violations;

f.  For the Court to order Defendants to prepare a SWPPP for its Facility consistent with the General Permit's requirements and implement procedures to regularly review and update the SWPPP;

g.  For the Court to order Defendants to pay civil penalties of $66,712 per day per violation for all violations occurring after November 2, 2015, pursuant to Sections 309(d) and 505(a) of the Act, 33 U.S.C. §§ 1319(d) and 1365(a) and 40 C.F.R. §§ 19.1–19.4;

h.  For the Court to order Defendants to take appropriate actions to restore the quality of navigable waters impaired or adversely affected by their activities;

i.  For the Court to award Plaintiff's costs and fees (including reasonable investigative, attorney, witness, compliance oversight and consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d); and,

j.  For the Court to award any such other and further relief as this Court may deem appropriate.

12.   Settlement and ADR

The parties have not engaged in any settlement discussions to date. Plaintiff's preferred option is having the case referred to a Magistrate Judge to conduct a settlement conference. With respect to timing, a settlement conference should be scheduled after the pleadings are settled and after the parties have had an opportunity to conduct discovery, including but not limited to, site inspections during wet weather events.

*Joint Case Management Statement*                                    *Case No: 4:24-cv-04067-YGR*

13.     Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14.     Narrowing of Issues

Plaintiff anticipates filing a motion for summary judgment in order to narrow the issues for trial in this matter. Plaintiff does not believe this case is suitable for any other mechanisms for narrowing or expediting trial presentation. Defendants have filed another motion to dismiss, and after that motion is decided, Defendants believe that it will either narrow the issues significantly or resolve the matter completely.  If the case continues after that motion to dismiss amended complaint is decided, Defendants will likely file a Motion for Summary Judgment or Summary Adjudication.

**Plaintiff's Separate Statement:** Plaintiff again objects to Defendants' use of this Joint Case Management Statement to argue the merits of their Motion to Dismiss the Amended Complaint. Plaintiff has attempted to meet and confer with Defendants about this issue, but Defendants have refused to withdraw the legal arguments made below.

**Defendants' Separate Statement:**

Defendants have filed a previous motion to dismiss.  Plaintiff's amended their complaint, but did not cure the defects in the complaint which led to Defendants file a second Motion to Dismiss the amended complaint.  After that motion is decided, Defendants believe that it will either narrow the issues significantly or resolve the matter completely.  If the case continues after that motion to dismiss amended complaint is decided, Defendants will likely file a Motion for Summary Judgment or Summary Adjudication.

15.     Expedited Trial Procedure

This matter is not suitable for the Expedited Trial Procedure of General Order No. 64, Attachment A.

16.     Scheduling

Completion of initial ADR session: January 31, 2025

Designation of experts: July 31, 2026

Page **9** of **11**

Discovery cutoff: November 30, 2026

Hearing of dispositive motions: March 31, 2026

Pretrial conference: June 29, 2026

Trial: July 27, 2026 – July 30, 2026

17.     Trial

     Plaintiff estimates the trial will require approximately five court days. Plaintiff has not requested a jury trial.

     Defendants are not requesting a jury trial at this time and suspect if the case does proceed to court trial, no longer than 3 days.

18.     Disclosure of Non-party Interested Entities or Persons

     Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Pursuant to Civil L.R. 3-15, as of this date, other than the named parties, there is no such interest to report.

19.     Professional Conduct

     All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20.     Other

Not Applicable.

Dated: 10/8/2024          /s/ William Carlon
                                     Counsel for plaintiff

Dated:10/8/2024          /s/ Allison Jackson
                                     Counsel for defendant

*Joint Case Management Statement*                    *Case No: 4:24-cv-04067-YGR*

1

CASE MANAGEMENT ORDER

2

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved

3

as the Case Management Order for this case and all parties shall comply with its provisions. [In

4

addition, the Court makes the further orders stated below:]

5

6

7

IT IS SO ORDERED.

8

Dated:

9

UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Joint Case Management Statement*                    *Case No: 4:24-cv-04067-YGR*