WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br>vs.<br><br>KERNEN CONSTRUCTION CO., BEDROCK INVESTMENTS LLC, SCOTT FARLEY, AND KURT KERNEN,<br><br>Defendants. | Case No. 4:24-cv-04067<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>**Hearing:** November 13, 2024<br>**Time:** 2:00 p.m. |

## I. INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

Defendants Kernen Construction Co., Bedrock Investments LLC, Scott Farley, and Kurt Kernen have requested that this Court take judicial notice of:

A. The 2022 Storm Water Pollution Prevention Plan ("SWPPP") that Defendants filed with the State Water Resources Control Board ("SWRCB");

B. The 2021-2022 Annual Report of Storm Water Discharges that Defendants filed with the SWRCB;

C. The 2022-2023 Annual Report of Storm Water Discharges that Defendants filed with the SWRCB;

D. The 2023-2024 Annual Report of Storm Water Discharges that Defendants filed with the SWRCB;

E. The California State Water Resources Control Board's General Permit for Storm Water Discharged Associated with Industrial Activities.

(Docket No. 22 at 1-2, Exhibits A-E.) Plaintiff does not object to Defendants' request to take judicial notice of Exhibit E, the General Permit for Storm Water Discharged Associated with Industrial Activities. However, Plaintiff does object to the request to take judicial notice of Exhibits A through D because Defendants improperly ask the Court to take notice of the truth of the matters asserted within those documents, and because the existence of these documents are irrelevant to the Motion to Dismiss.

## II. JUDICIAL NOTICE MAY NOT BE TAKEN OF THE TRUTH OF STATEMENTS CONTAINED IN ADMINISTRATIVE DOCUMENTS

While a court may properly take judicial notice of the existence of documents filed with an administrative agency, and may also take judicial notice of the fact that the documents say what they say, it would clearly be improper for the court to take judicial notice of the *truth* of any matters asserted in such documents. *Cal. Sportfishing Protection All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038-1039 (N.D. Cal. 2017) ("[W]hen courts take judicial notice of administrative records, only the existence of the documents themselves including the findings therein are judicially noticeable, and not the contents of the documents for the truth of the matters asserted"); *Los Angeles*

*Waterkeeper v. SSA Terminals, LLC*, 702 F. Supp. 3d 903, 915 (C.D. Cal. 2023). However, that is precisely what Defendants repeatedly ask this Court to do. In fact, Defendants' Motion to Dismiss is largely founded on the premise that Defendants' SWPPP and its Annual Reports somehow constitute irrefutable proof that their facility does not discharge storm water. (Docket No. 21 at 6:10-16; 8:4-20; 10:9-11:14; 11:5-9, 13:8-14:17; 17:14-22; 20:19-21:7.)

### III.     EXHIBITS A THROUGH D ARE IRRELEVANT TO DEFENDANTS' MOTION TO DISMISS

While the Court may take judicial notice of the existence of Defendants' 2022 Stormwater Pollution Prevention Plan and its 2021-2024 Annual Reports, and the existence of various statements made by Defendants therein, the *existence* of any of these facts is irrelevant to this Motion to Dismiss. Plaintiff does not allege in its complaint that Defendants did not file a SWPPP, or that they did not file Annual Reports. Accordingly, the existence of those documents are irrelevant to this motion, and on that basis the request should be denied. *Cal. Sportfishing Protection All. v. Shiloh Grp., LLC,* 268 F.Supp.3d 1029, 1038-1039 (N.D. Cal. 2017); *Los Angeles Waterkeeper v. SSA Terminals, LLC*, 702 F.Supp.3d 903, 915 (C.D. Cal. 2023).

Dated: October 21, 2024                            Respectfully Submitted,

LAW OFFICE OF WILLIAM CARLON

By:      /s/ William N. Carlon

William N. Carlon
Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS