Allison G. Jackson, State Bar No. 157078
HARLAND LAW FIRM LLP
212 G Street, Suite 201
Eureka, California 95501
(707) 444-9281 telephone
(707) 445-2961 facsimile

Attorneys for Defendants
KERNAN CONSTRUCTION CO.,
BEDROCK INVESTMENTS LLC,
SCOTT FARLEY and KURT KERNEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRCUTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN,<br><br>Defendants. | Case No. 4:24-cv-04067-YGR<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>Date:        November 13, 2024<br>Time:       2:00 p.m.<br>Courtroom:  1, 4th Floor<br>Oakland Courthouse<br>1301 Clay Street<br>Oakland, CA 94612<br>Judge: Honorable Yvonne Gonzalez Rogers<br>Trial Date: TBD<br>Action Filed: July 5, 2024 |

1. <u>Reply to Standard of Review:</u>

Plaintiff agrees that *Bell Atlantic Corp v Twombly*, 550 U.S. 544 (2007) applies and that *Ashcroft v Iqbal*, 556 US 662 (2009) and *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) apply in this matter. A complaint is sufficient if it contains sufficient *factual matters* to state a claim for relief that is plausible on its face. Although the court should accept the plaintiff's allegations as true and draw all reasonable inferences in favor of the plaintiff in deciding whether the plaintiff has stated a claim, the court should *not* accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable nferences." *See in re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *see also Ahcroft*, 556 U.S. at 678 (no threadbare recitals of the elements supported by mere conclusory statements).

The problem with Plaintiff' First Amended Complaint (as it was with the initial Complaint) is that it does not state sufficient *factual* matter, but only conclusory statements with no factual content or factual content which is directly contradicted by documents that it refers to for this court to make the determination that it's claim for relief is plausible on its face.   Plaintiff's Opposition is based upon the faulty premise that it only has to allege the elements of each claim for relief and no more.  This premise was rejected in *Bell Atlantic Corp v Twombly*, 550 U.S. 544 (2007) applies and that *Ashcroft v Iqbal*, 556 US 662 (2009) and *In re Gilead Scis. Sec. Litig.* , 536 F.3d 1049, 1055 (9th Cir. 2008).

2.  <u>Reply to Argument the Plaintiff Has Adequately Alleged Flat Back Sufficient to Sustain a Claim That Defendants Are Actively Discharging Contaminated Stormwater</u>

Plaintiff has alleged the six elements for violation under the Clean Water Act, but they have failed to provide factual content to support these elements other than conclusory statements bereft of facts or factual content.  Plaintiff bases it's limited factual content in support of its claims on the 2022 SWPPP, but that document provides that there are *no* active discharge locations in both the upper and lower yard and any old discharge locations have been sealed with stormwater being held onsite. These documents (SWPPP and Annual Report) are properly judicially noticed (See Reply to Opposition to Request for Judicial Notice) as was found in one of the federal cases cited by *Plaintiff* in its Opposition Brief, *Waterkeeper v SSA Terminals*, 702 F. Supp. 3rd 903 (C. D. Cal. 2023)[1].

---

[1] Waterkeeper v. SSA Terminals, LLC, 702 F. Supp. 3d 903, 916:

 "Plaintiff requests judicial notice of the following seven exhibits:

• Exhibit 1: National Pollution Discharge Elimination System (NPDES) Order WQ 20XX-XXXX-DWG Amending General Permit for Storm Water Discharges Associated With Industrial Activities, Order NPDES No. CAS000001 ("General Permit") (excerpted);

• Exhibit 2: SWPPP for SSA Terminal Pier A Long Beach, revised on August 10, 2022 (excerpted);

• Exhibit 3: SWPPP for SSA Terminal Pier C Long Beach, revised on August 10, 2022 (excerpted);

• Exhibit 4: SWPPP for SSA Pacific, Inc. Pier F Long Beach, revised on August 10, 2022 (excerpted);

• Exhibit 5: SWPPP for Pacific Container Terminal Pier J Long Beach, revised on August 10,

The Court in *Waterkeeper, supra,* judicially noticed the very documents that Plaintiff objects to and which Plaintiff's FAC is premised upon.

    a.    Upper Yard

There are no facts to support the conclusory statement that there discharge locations in the FAC for the Upper Yard. The FAC references that discharge locations are located in the 2022 SWPPP, but a review of the documents show no discharge locations at all. There is nothing listed in the very document cited by Plaintiff to support its conclusory statement that there are discharge locations in the upper yard. Plaintiff does not allege that the old sealed and covered old locations which are now observation locations which were dug up the day after the injunction expired or at some other time for stormwater discharge from the facility. Plaintiff tries to plead around this by alleging that the 2022 SWPPP states that *maybe* in an historically significant rain year, coupled with historically significant rain events that the sediment traps *may* be overwhelmed and result in a discharge of stormwater, but fails to allege that from May 2, 2023 to the date of filing there was an historic rain year and historically significant rain events *and* that the sediment traps were overwhelmed which resulted in a discharge or many discharges in the upper yard. If this is the basis for filing the First Amended Complaint, then Plaintiff should be forced to plead facts to give the

---

2022 (excerpted);

• Exhibit 8: California 2020-2022 Integrated Report (303(d) List/305(b) Report), Appendix A (excerpt) and maps displaying the waterbodies assessed in the 2020-2022; and

• Exhibit 9: NPDES General Permit Fact Sheet for Storm Water Discharges Associated With Industrial Activities NPDES No. CAS000001 ("General Permit Fact Sheet") (excerpted).

(Dkt. 67-11 [**13] at 3-4.)
Plaintiff argues Exhibits 1 and 9 are judicially noticeable as quasi-judicial actions by a state agency. (Id. at 4.) Plaintiff also argues Exhibits 2 through 5 and Exhibit 8 are public records not subject to reasonable dispute and thus may be properly judicially noticed. (Id. at 5-7.) The court finds these documents are judicially noticeable as either public records or quasi-judicial documents and GRANTS the request for judicial notice. See Cal. Sportfishing Protection All., 205 F. Supp. 3d at 1136 (taking judicial notice of NDPES General Permit as quasi-judicial document); Coastal Env't Rts. Found., 2017 U.S. Dist. LEXIS 202649, 2017 WL 6270395, at *3 n.5 (taking judicial notice of defendant's "sampling data, response report, and Pollution Prevention Plan" because those documents were "filed with the State Water Board as public records")

court sufficient factual content that Plaintiff has made a plausible case since this court's time and resources are at stake and that pursuant to *Twombly, supra* ands *Ashcroft, supra*, Plaintiff *must* plead sufficient factual content for this court to make that determination. Plaintiff's entire complaint rests on the fact that there are active discharges from the facility and that such discharge locations are not set forth in the 2022 SWPPP. With no factual content to support the conclusory statement of discharge, all of Plaintiff's Claims for Relief fail to give appropriate notice and fail to provide sufficient content for this Court to determine if that this complaint is sufficient to proceed as currently pled.

These inadequacies were pointed out earlier in Defendants initial motion to dismiss which resulted in Plaintiff filing a first amended complaint but were not addressed in the FAC. Plaintiff evidently wants this court to rely upon one paragraph that other locations may exist based upon information and belief, with nothing else. Plaintiff was made aware of these significant deficiencies, but failed to rectify them when it filed its FAC mistakenly relying upon the premise that it can plead the elements of a CWA violation without factual content.

      b.    Lower Yard

There are no discharge locations in the 2022 SWPPP for the lower yard. The FAC alleges only that there is a "swale" in the lower yard. Plaintiff filed its FAC and added two conclusory paragraphs in its FAC to attempt to address this problem from the initial complaint, but with no factual content for this Court. Plaintiff added paragraphs 105 and 106 in the most vague terms possible that there was a discharge from the lower yard on an unnamed date witnessed by an unnamed person, with nothing alleged as to how the conclusion that whatever was seen was in fact a stormwater discharge from the lower yard, nor any location regarding where it came from in the lower yard nor how a conclusion was determined that what was seen was (if anything) was discharge of storm water. FAC ¶106 states that Defendants' neighbors have documented, repeatedly, discharge of polluted stormwater from the Lower Yard into Noisy Creek. There are no factual allegations to support a conclusory statement that there was what was purportedly seen was stormwater discharge from the lower yard at all nor where this was located in the lower yard especially since there are no discharge locations in that yard, nor is there any other factual content to support this conclusory

statement nor even how the unidentified neighbor could determine what a "discharge" of stormwater even is. There are no dates as well as no locations identified to support this vague conclusory statement. Then Plaintiff added in its FAC ¶107 says that "Plaintiff's representatives have sampled discharges from the lower yard, without any names, no locations to identify that it could be storm water nor are there any facts of actual discharge locations in the lower yard to even sample. Nor are there any dates for this alleged discharge/discharges, nor any facts regarding the purported "sampling" of whatever they refer to.

If Plaintiff has precise locations and dates, it should plead such given that the official documents that Plaintiff relies upon in its complaint directly contradict the conclusion that there are active discharge locations at the site.

  c. No Dates nor What a Significant Rain Event is.

Plaintiff's Opposition states that it doesn't need to list dates for either the upper or lower yards in the FAC because some dates are in a NOV letter to Defendants. Plaintiff needs to incorporate all dates of all discharges and sufficient *factual content* in its FAC. Plaintiff also needs to lay out in its FAC what a Significant Rain Event is.

3. Plaintiff Has Failed to Allege Factual Content to Support its Claim That Defendants Are Discharging into Navigable Waters.

Plaintiff not pled any facts that Noisy Creek is a permanent tributary as required by both the *Sackett* decision and by the new Army Corps rules as discussed in the Opening Brief. Plaintiff evidently is relying upon the rejected "nexus" language in *Rapanos*, which was disregarded in *Sackett* and the Army Corps rules. Plaintiff must plead sufficient facts and not conclusions regarding this lest this Court spend considerable time and resources regarding a "nonjurisdictional" water.

4. Other Claims - Second Through Fifth Claim for Relief.

The Second through Fifth Claims for relief are all based upon the premise that there are active discharge locations discharging stormwater from May 2, 2023 to the date of filing the complaint. This Court is aware that during the earlier injunction period, there were no allegations of a violation of that injunction. Unless and until Plaintiff can allege *facts* that there are active discharges of stormwater, and allege facts regarding each location, and allege dates for each of these

alleged discharges, Plaintiff is only speculating and asks this court to speculate since there is no basis for its conclusory allegations absent facts. For instance, if there are no stormwater discharges, then the SWPPP need not be modified to show discharge location/s. If there are no stormwater discharge then the BMPs can not be insufficient to reduce or eliminate discharge. If there are no stormwater discharges, then there is no factual basis to support the claim that they failed to sample discharge in violation of monitoring requirements or in Annual Reports.

5. Conclusion

Defendants went to great lengths to go to a "no discharge" status to guard against all potential CWA filings in the last matter. Defendants have been successful during the earlier injunction period and Plaintiff has not pled actual facts in its FAC to give this Court factual content regarding the First through Fifth Claims for relief. The problem with Plaintiff' First Amended Complaint (as it was with the initial Complaint) is that it does not state sufficient *factual* matter, but only conclusory statements with no factual content or factual content which is alleged is directly contradicted by the very documents that Plaintiff refers to in its FAC so at this time this court cannot make the determination that it's five claims for relief are plausible on the face of the FAC. Defendants have not discharged any stormwater from their facility since they went to design reduction BMPs to hold all stormwater on site since 2021. This Court must grant the Motion to Dismiss albeit allowing Plaintiff to amend, but Plaintiff must amend with *facts* and not speculation and conclusory statements expecially since no stormwater discharge has occurred at the facility since 2021 when all the discharge locations were sealed/removed.

DATED: October 28, 2024                Respectfully submitted,

                                       HARLAND LAW FIRM LLP

                                         /s/ Allison G. Jackson
                                       Allison G. Jackson

                                       Attorneys for Defendants
                                       KERNAN CONSTRUCTION CO. et al.