Allison G. Jackson, State Bar No. 157078
HARLAND LAW FIRM LLP
212 G Street, Suite 201
Eureka, California 95501
(707) 444-9281 telephone
(707) 445-2961 facsimile
ajackson@harlandlaw.com

Attorneys for Defendants
KERNAN CONSTRUCTION CO.,
BEDROCK INVESTMENTS LLC,
SCOTT FARLEY and KURT KERNEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRCUTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN,<br><br>Defendants. | Case No. 4:24-cv-04067-YGR<br><br>ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES<br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1241-1387)<br><br>DEMAND FOR JURY TRIAL |

Defendants KERNAN CONSTRUCTION; BEDROCK INVESTMENTS, LLC; SCOTT FARLEY; and KURT KERNEN ("Defendants"), by and through their counsel of record, hereby answer Plaintiff's Amended Complaint ("Complaint"), and allege as follows:

I.   JURISDICTION AND VENUE.

1.   Admit.

2.   Admit that on or about March 14th 2024 plaintiff provided written notice to defendants. Defendants have insufficient facts or information to admit or deny the remainder of this paragraph.

3.   Defendants have insufficient information to admit or deny this paragraph.

4.   Admit.

II.   INTRODUCTION.

5. Defendants admit the first sentence of paragraph five, but deny the remainder of this paragraph.
6. Deny.
7. Deny.
8. Deny.
9. Deny.
10. Deny.
11. Deny.
12. Defendants have insufficient information to admit or deny this paragraph.
13. Defendants have insufficient information to admit or deny this paragraph.
14. Defendants have insufficient information to admit or deny this paragraph.
15. Deny.
16. Deny.
17. Defendants have insufficient information to admit or deny.

III.    PARTIES.

18. Defendants have insufficient information to admit or deny.
19. Defendants have insufficient information to admit or deny.
20. Defendants deny the first sentence of this paragraph. Defendants have insufficient information to admit or deny the second sentence in this paragraph.
21. Deny.
22. Deny.
23. Deny.
24. Deny.
25. Admit.
26. Admit.
27. Admit.
28. Admit.
29. Deny.

## IV. LEGAL BACKGROUND.

### A. Clean Water Act.

30. Admit.
31. Admit.
32. Admit.
33. Admit.
34. As phrased, defendants can neither admit or deny paragraph 34.
35. Admit.
36. Defendants admit the first sentence of paragraph 36. Defendants deny the last clause of this paragraph, specifically denying that 33 U.S.C. § 1365(f) states the language in this paragraph.
37. Admit.

### B. California's General Industrial Storm Water Permit.

38. Admit.
39. Admit.
40. Defendants lack sufficient information to admit or deny the dates in this paragraph.
41. Admit.
42. Admit only to the extent that facilities must comply with the terms and conditions of the permit.
43. Admit.
44. Admit.
45. Defendants have insufficient information at this time to admit or deny this paragraph.
46. Admit.
47. Admit only to the extent that the general permit has numeric standards called benchmarks.
48. Deny.
49. Deny.
50. Defendants have insufficient information at this time to admit or deny this paragraph.

| | | |
|---|---|---|
| 1 | 51. | Defendants have insufficient information at this time to admit or deny this paragraph. |
| 2 | 52. | Defendants have insufficient information at this time to admit or deny this paragraph. |
| 3 | 53. | Defendants have insufficient information at this time to admit or deny this paragraph. |
| 4 | 54. | Defendants have insufficient information at this time to admit or deny this paragraph. |
| 5 | 55. | Defendants have insufficient information at this time to admit or deny this paragraph. |
| 6 | 56. | Defendants have insufficient information at this time to admit or deny this paragraph. |
| 7 | 57. | Defendants have insufficient information at this time to admit or deny this paragraph. |
| 8 | 58. | Deny as phrased. |
| 9 | 59. | Defendants have insufficient information to admit or deny this paragraph. |
| 10 | 60. | Deny. |
| 11 | 61. | Defendants have insufficient information to admit or deny this paragraph. |
| 12 | 62. | Deny. |
| 13 | 63. | Admit. |
| 14 | 64. | Admit. |
| 15-16 | 65. | Admit only to the extent that minimum BMPs must be implemented to reduce or prevent discharges of pollutants. |
| 17 | 66. | Admit. |
| 18 | 67. | Admit. |
| 19-20 | 68. | Defendants cannot admit or deny this paragraph as written. The sections cited to in the general permit speak for themselves. |
| 21-22 | 69. | Defendants cannot admit or deny this paragraph as written. The sections cited to in the general permit speak for themselves. |
| 23-24 | 70. | Defendants cannot admit or deny this paragraph as written. The sections cited to in the general permit speak for themselves. |
| 25 | 71. | Admit. |
| 26 | V. | STATEMENT OF FACTS. |
| 27-28 | 72. | Defendants admit only to the extent that plaintiff filed a first amended complaint in the case cited. |

1 | 73. | Admit.
2 | 74. | Admit.
3 | 75. | Admit only to the extent that Defendants admitted liability to end the litigation and to go
4 |     | to a no discharge status to avoid future litigation.
5 | 76. | Admit.
6 | 77. | Admit.
7 | 78. | Admit.
8 | 79. | Deny.
9 | 80. | Deny.
10 | 81. | Deny.
11 | 82. | Admit.
12 | 83. | Admit.
13 | 84. | Admit.
14 | 85. | Admit.
15 | 86. | Deny.
16 | 87. | Deny.
17 | 88. | Deny.
18 | 89. | Deny.
19 | 90. | Deny.
20 | 91. | Deny.
21 | 92. | Admit.
22 | 93. | Defendants cannot admit or deny as phrased.
23 | 94. | Defendants cannot admit or deny as phrased.
24 | 95. | Defendants cannot admit or deny as phrased.
25 | 96. | Defendants cannot admit or deny as phrased.
26 | 97. | Defendants cannot admit or deny as phrased.
27 | 98. | Admit.
28 | 99. | Admit.

| | | |
|---|---|---|
| 1 | 100. | Admit. |
| 2 | 101. | Defendants cannot admit or deny as phrased. |
| 3 | 102. | Defendants cannot admit or deny as phrased. |
| 4 | 103. | Defendants cannot admit or deny as phrased. |
| 5 | 104. | Deny. |
| 6 | 105. | Deny. |
| 7 | 106. | Deny. |
| 8 | 107. | Deny. |
| 9 | 108. | Deny. |
| 10 | 109. | Deny. |
| 11 | 110. | Deny. |
| 12 | 111. | Admit. |
| 13 | 112. | Admit. |
| 14 | 113. | Admit. |
| 15 | 114. | Deny. |
| 16 | 115. | Admit. |
| 17 | 116. | Deny. |
| 18 | 117. | Deny. |
| 19 | 118. | Deny. |
| 20 | 119. | Deny. |
| 21 | 120. | Deny. |
| 22 | 121. | Deny. |
| 23 | 122. | Deny. |
| 24 | // | |
| 25 | // | |
| 26 | // | |
| 27 | // | |
| 28 | // | |

VI. <u>CLAIMS FOR RELIEF</u>.

FIRST CLAIM FOR RELIEF
Defendants' Discharges of Contaminated Storm Water from the Facility
in Violation of the General Permit's Effluent Limitations, Receiving Water Limitations, and Discharge Prohibitions, and the Act
(Violations of 33 U.S.C. §§ 1311(a), 1342, 1365(a), and 1365(f))

123. Defendants cannot admit or deny this paragraph.

124. Deny.

125. Deny.

126. Defendants have insufficient evidence or facts to admit or deny this paragraph.

127. Defendants cannot admit or deny this paragraph as written because California Fish and Game code section 5650 speaks for itself as written.

128. Deny.

129. Deny.

130. Deny.

131. Deny.

132. Defendants cannot admit or deny this paragraph as written. 33 U.S.C. § 1311 speaks for itself as written.

133. Deny.

134. Deny.

135. Defendants admit the first sentence of this paragraph and deny the remainder.

136. Admit.

SECOND CLAIM FOR RELIEF
Defendants' Failure to Prepare, Implement, Review, and
Update a Compliant Storm Water Pollution Prevention Plan
(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

137. Defendants cannot admit or deny this paragraph.

138. Deny.

139. Deny.

140. Deny.

141. Deny.

142. Deny.

143. Defendants deny this paragraph as written.

144. Defendants admit the first sentence of this paragraph and deny the remainder.

145. Admit.

## THIRD CLAIM FOR RELIEF
Failure to Develop and Implement the Best Available
And Best Conventional Treatment Technologies at the Facility
(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

146. Defendants cannot admit or deny this paragraph.

147. Deny.

148. Deny.

149. Deny.

150. Deny.

151. Defendants cannot admit or deny this paragraph as written. 33 U.S.C. § 1311 speaks for itself as written.

152. Deny.

153. Deny.

154. Defendants admit the first sentence of this paragraph and deny the remainder.

155. Admit.

## FOURTH CLAIM FOR RELIEF
Failure to Implement an Adequate
Monitoring Implementation Plan and to Conduct All Required Monitoring at the Facility
(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

156. Defendants cannot admit or deny this paragraph.

157. Deny.

158. Deny.

159. Deny.

160. Deny.

161. Defendants cannot admit or deny this paragraph as written. 33 U.S.C. §§ 1319 and 1365 speak for themselves as written.

162. Defendants admit the first sentence of this paragraph and deny the remainder.

163. Admit

### FIFTH CLAIM FOR RELIEF
Failure to Comply with the Reporting Requirements of the General Permit
(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

164. Defendants cannot admit or deny this paragraph.

165. Admit.

166. Admit.

167. Admit.

168. Admit.

169. Admit.

170. Deny.

171. Defendants cannot admit or deny the first sentence of this paragraph as 33 U.S.C. § 1319 speaks for itself as written. Defendants deny the remainder of this paragraph.

Having fully answered the Amended Complaint, the Respondents assert the following:

AFFIRMATIVE DEFENSE NO. 1

The Amended Complaint fails to state a claim upon which relief can be granted because civil penalties cannot be imposed unless there is a material violation of the Clean Water Act, and as set out herein, Defendants have not violated the Clean Water Act. *United States v. Bay-Houston Towing Co., Inc.*, 197 F. Supp. 2d 788 (E.D. Mich. 2002).

AFFIRMATIVE DEFENSE NO. 2

Defendants' activities have not resulted (and did not a result) in the discharge of pollutants into a "Water of the United States."

AFFIRMATIVE DEFENSE NO. 3

To the extent that Defendants' acts or omissions may, without either so admitting or denying, be in noncompliance with the Clean Water Act, those acts or omissions are de minimis in nature, have created no danger to health and public safety or human welfare, or a danger to the environment. *See United States v. Bay-Houston Towing Co., Inc.*, 197 F. Supp. 2d 788 (E.D. Mich. 2002).

//

AFFIRMATIVE DEFENSE NO. 4

Plaintiff fails to state a claim under the Clean Water Act because it cannot establish a continuing violation.

AFFIRMATIVE DEFENSE NO. 5

Any and all actions or omissions concerning compliance with the Clean Water Act have not resulted in any economic benefit to Defendants. *See United States v. Bay-Houston Towing Co., Inc.*, 197 F. Supp. 2d 788 (E.D. Mich. 2002).

AFFIRMATIVE DEFENSE NO. 6

Defendants at all times acted in good faith. *See United States v. Bay-Houston Towing Co., Inc.*, 197 F. Supp. 2d 788 (E.D. Mich. 2002).

    Defendants reserve the right to further amend these pleadings and to add such further affirmative defenses as discovery and development of the case may disclose.

DATED: November 22, 2024        Respectfully submitted,

                                          HARLAND LAW FIRM LLP

                                          */s/ Allison G. Jackson*
                                          Allison G. Jackson

                                          Attorneys for Defendants
                                          KERNAN CONSTRUCTION CO.,
                                          BEDROCK INVESTMENTS LLC,
                                          SCOTT FARLEY and KURT KERNEN