WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>    Plaintiff,<br><br>    v.<br><br>KERNEN CONSTRUCTION CO., ET AL,<br><br>    Defendants. | Case No: 4:20-CV-04067-YGR<br><br>**JOINT LETTER BRIEF REGARDING PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

Honorable Yvonne Gonzalez Rogers
March 21, 2025
Page 2

March 2, 2025


The Honorable Yvonne Gonzalez Rogers
U.S. District Court for the Northern District of California
1301 Clay Street
Oakland, CA 94612

Re: *Californians for Alternatives to Toxics v. Kernen Construction Co., et al*, Case No. 4:24-cv-04067-YGR

Dear Judge Gonzalez Rogers:

The parties submit this joint letter brief regarding their discovery dispute over ten Requests for Production of Documents ("Requests") served by Plaintiff on Defendants pursuant to Rule 34. The Requests seek certain financial information from Defendants that is relevant to the Clean Water Act civil penalty factors. Excerpts of the contested Requests are attached to this letter as **Exhibit A**.

**PLAINTIFF'S STATEMENT:**

The parties have met and conferred extensively on this issue, including meeting by videoconference on December 6, 2025, but have been unable to reach a resolution.

**Requests 14-20:**

The upshot of the meet and confer process is that Defendants concede they are required to produce the documents sought in Requests 14-20, but that they refuse to produce the documents because they are concerned that previously-disclosed financial documents that were marked confidential and subject to a protective order were not properly handled and disposed of pursuant to the terms of that protective order. Despite confirmation from Plaintiff's counsel that the documents in question had been destroyed pursuant to the terms of the protective order, Defendants continue to resist production, and went so far as to file a motion to enforce the protective order in the previous case's docket. That motion is not only procedurally doomed, but also fails on the merits because Plaintiff complied with the protective order. In any case, this is not a reasonable basis to object to the production of the otherwise discoverable documents sought by Plaintiff.

Plaintiff has agreed to stipulate to a new protective order to cover the production of documents in this case, but Defendants refused to respond – except by filing their improper motion to enforce the protective order.

Defendants also contend that Requests 14-20 are "excessive" but declined to provide any authority or substantiation for that claim. Based on that claim, Defendants state that they will

2

Honorable Yvonne Gonzalez Rogers
March 21, 2025
Page 3

only provide certain financial documents. This is not a valid basis to limit Plaintiff's discovery, and Defendants cannot pick and choose which financial information to provide Plaintiff when Plaintiff has specifically asked for certain types of documents, and when both parties agree that those documents are relevant and subject to discovery.

Defendants should be compelled to produce the documents sought in Requests 14-20.

**Requests 21-23:**

Defendants outright refuse to produce the documents sought in Requests 21-23, despite being provided with ample legal authority supporting the requests, and providing no authority of their own supporting their refusal to produce the documents. Defendants have already conceded that financial documents are relevant to the penalty factors in a Clean Water Act case such as this one. The documents sought in Requests 21-23 relate to Defendants' communications with the Department of Justice regarding the payment of the over $2 million civil penalty levied against Defendants in the last case. Plaintiff has explained that the Department of Justice's payment plan, and communications related thereto are documents that would be relevant to the determination of the penalty factors because it would inform the parties and the Court about Defendants' ability to pay another civil penalty, and the appropriate amount of said penalty.

Defendants contend that because Plaintiff has sought this information in the past, and been denied, that means that Plaintiff is not entitled to it now. However, the context under which the documents were requested is important and different. When Plaintiff sought the payment plan before, there was no pending case and discovery had closed. Now, Plaintiff has an active case against Defendants, and is entitled to discovery under the Federal Rules of Civil Procedure. *See* FRCP 26(b). As long as the documents are relevant to the case, which they are, Defendants should be compelled to produce them.

**DEFENDANTS' STATEMENT:**

Defendants have sought to find a middle ground regarding Requests 14-20 due to the overbroad scope and the serious mishandling of financial data in the 2020 matter which is currently before the court in ECF Doc 170 4:20-cv-01348-YGR. We are at a complete impasse as to 21-23. On December 20, 2024, Defendants sent a formal written response letter regarding this problem and responsive emails which are filed in ECF Doc 170-4, 170-5, 170.7, 170.8 4:20-cv-01348-YGR and which read in part:

> "Your points are valid and we will comply with a limited production of financial date from May 2, 2023 on.   But I cannot comply as your demands for documents in requests of #14-#20. (See the discussion below)   We will *not* comply with #21-#23 as this has nothing to do with penalty or claims/defenses in the present matter, is confidential, implicates my clients rights to privacy and you have been denied this before.

Honorable Yvonne Gonzalez Rogers
March 21, 2025
Page 4

First let me point out that in the last matter CATs was subject to a protective order with respect to my clients' financial documents which was duly ordered by Judge Rogers on October 26, 2020.   You violated section 13 of that order and continue to be in violation today.   You have been violating the order of the court with respect to this financial data for 2 years and have done nothing to rectify this.   Using the dates in a manner that benefits you the most, the order for fees was issued March 21, 2022, the appeal clock ran April 20,2022 so you were to return my clients documents or provide certification no later than June 20, 2022.

Additionally, you are under an affirmative duty pursuant to Section 7.1 of that agreement.   That section states that Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.   You haven't returned any of the financial data at all.   You haven't destroyed and certified.   Exactly where are these 2745 pages of highly personal financial data and business data.   Are they in a boxes in your house, closet or garage or floating around on flash drives copied and handled by all the attorneys in the last suit?   This must be addressed either by you now or by the court when we likely involve the court due to the lack of resolution.

You are correct that you are entitled to information regarding penalty before liability.   You are incorrect as to the scope that you have requested.

While discovery is broadly construed, disclosure of financial data is generally narrowly construed. When Courts determine disclosure of financial information is justified, such disclosure should be narrow and subject to adequate protections.   Defendants assert that all of this financial information is protected by the right to privacy under California law and these privacy rights are generally recognized in federal court. Johnson v.Thompson, 971 F. 2d 1487, 1497 (10th Cir. 1992). However, Kernen clearly recognizes that the right is not absolute and may be subject to invasion depending on the circumstances. Oakes v. Halvorsen Marine Ltd., 279 F.R.D. 281,284 (C.D. Cal., 1998). Thus, the right to privacy is not a recognized privilege or absolute bar to discovery, but instead is subject to the balancing of needs. F. Jadwin, D.O. County of Kern, 2008 WL 2916386 at *1 (E.D. Cal., July 28, 2008). In this case, our privacy concerns could potentially be addressed with a protective order.   Unfortunately, as pointed out above, you have been in continuing violation of an earlier protective order. This makes immediate disclosure impossible.

Your request for production of documents as you have drafted seeks to obtain financial records from May 2, 2023 *which dates we will comply with*.  However, the types of documents demanded are excessive as you can obtain

Honorable Yvonne Gonzalez Rogers
March 21, 2025
Page 5

a picture of Defendant's financial condition adequately without all of the requested information. As such, Defendant we will only produce balance sheets, statements of income, and statements of cash flow from May 2, 2023 for the business records. As for personal financial information of the individual defendants, we will produce a list of real estate and tax returns, *when and if we resolve your continuing violations with respect to the earlier disclosed data and you provide information as to how these records will be stored.*"

21-23: Plaintiff seeks *communications* with the federal government regarding a payment plan. Plaintiff knows the amount of the penalty imposed. The payments will be reflected on the tax returns. The communications have no bearing on the amount owed or paid out annually, but are an attempt to get private communications between the government and Defendants which has no bearing and is unnecessary regarding penalty. Plaintiff has attempted to obtain this information directly from the Department of Justice and was denied. This court in the earlier matter denied such request. The amount owed has a bearing on penalty but the Plaintiff already knows that amount. The actual amounts of payments from 2023 to present would only have minimal, if any effect on Defendant's financials. What Plaintiff actually seeks are the communications which have no bearing on anything.

14-20: Plaintiff refuses to narrow its request in any fashion. Plaintiff has not yet justified why the offer to produce all tax returns and real estate holdings is insufficient. Defendants were completely open in the earlier matter, but Plaintiff failed to take seriously its obligations under the stipulated previous Protective Order. Therefore, Defendants are prepared to comply and respectfully request this court to narrow what financials are required with new conditions to the Protective Order and strict compliance.