UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRUCTION CO., et al.,<br><br>Defendants. | Case No. 24-cv-04067-YGR   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 46 |

We are here on Plaintiff's motion to compel concerning its requests for production ("RFPs") 14-23. ECF No. 46. RFPs 14-20 seek: all documents setting forth each Defendant's assets, liabilities and net worth at all times between May 2, 2023, to the present (14); all documents that relate to each Defendant's income from May 2, 2023 to the present (15); each Defendant's federal income tax returns from 2023 to the present (16); each Defendant's IRS form 1099s submitted to the IRS from 2023 to the present (17); each Defendant's personal or business bank account statements, brokerage account statements, and retirement account statements from 2023 to the present (18); all documents evidencing each Defendant's ownership of real property from 2023 to the present (19); and all documents evidencing each Defendant's leasehold interest in real property from 2023 to the present (20). RFPs 21-23 seek: all documents that relate to communications between each Defendant and the Department of Justice between 2020-24 (21); all documents that relate to the civil penalty assessed by the Court on May 2, 2021 (22); and all documents that relate to any agreement between each Defendant and the Department of Justice with respect to the payment of the civil penalty assessed by the Court on May 2, 2021 (23).

The start date of May 2, 2023 is the day after the injunction against Defendants in 20-cv-1348 expired. *See* 20-cv-1348, ECF No. 60. Although Defendants dispute the scope of the

1   requested information, they do not object to the May 2, 2023 start date.  ECF No. 46 at 3 ("Your

2   points are valid and we will comply with a limited production of financial data from May 2, 2023

3   on.").

4           Plaintiff's primary theory of relevance for these RFPs is that the requested documents are

5   relevant to Defendants' ability to pay a civil penalty in this case.[1]  The Court thinks that each

6   Defendant's assets, liabilities, net worth and income are what is relevant to their ability to pay a

7   civil penalty.  In this respect, RFPs 14-20 as drafted are overbroad and duplicative.  Accordingly,

8   the Court **ORDERS** Defendants to produce documents sufficient to show their assets, liabilities,

9   net worth and income from May 2, 2023 to the present.  Assets include all meaningful assets, such

10  as bank accounts, brokerage accounts, retirement accounts, real estate, and leaseholds.  Liabilities

11  include all non-trivial liabilities to all creditors, including loans, mortgages, lines of credit, credit

12  card bills, civil penalties, and court judgments.  Income means all non-trivial income from all

13  sources, such as payments, salaries, gifts, and transfers of money or other assets.

14          The Court **DENIES** Plaintiff's motion to compel as to RFPs 21-23.  Plaintiff is trying to

15  take discovery into the payment plan Defendants entered into concerning the civil penalty issued

16  in 20-cv-1348, arguing that it is relevant to the ability to pay.  But that penalty is just a liability

17  like any other.  There is no particular reason to order Defendants to produce communications with

18  DOJ instead of, say, their credit card company or the bank that issued a line of credit.  The *amount*

19  of the financial penalty that remains to be paid is relevant and is embraced by the previous

20  paragraph of this order, just like the amount of credit card debt or the amount of credit extended

21  on a line of credit is relevant.  But correspondence with each creditor *about* the debt, even if

22  within the outer bounds of relevance, is not proportional to the needs of the case.  Plaintiff argued

23  at the hearing that correspondence with DOJ might show representations Defendants made

---

[1] Plaintiff also argues that Defendants' financial condition is relevant to Plaintiff's third claim for relief (failure to develop and implement the best available and best conventional treatment technologies), on the theory that Defendants' financial condition may affect what technology is economically achievable for them.  The Court expresses no view as to this second theory of relevance, as it would not alter the Court's analysis.  The second theory is merely a second reason why Defendants' financial condition would be relevant and does not counsel in favor of more discovery into their financial condition.

concerning their financial circumstances, but the same is true for correspondence with a credit card company or correspondence with a bank concerning mortgage repayment. Plaintiff also argued that the terms of the payment plan with DOJ might show, for example, whether a missed payment could trigger an acceleration of the remaining amount due. However, that is also true of a home mortgage or other secured loan. Singling out the penalty owed to the United States, as RFPs 21-23 do, has a sort of random quality to it. Plaintiff has not shown why there needs to be heightened discovery concerning this one debt.

Defendants assert that the requested discovery implicates their right to privacy. They state that "[i]n this case, our privacy concerns could potentially be addressed with a protective order. Unfortunately . . . you have been in continuing violation of an earlier protective order. This makes immediate disclosure impossible." ECF No. 46 at 4. Whether or not Plaintiff complied with the protective order in 20-cv-1348 is the subject of a fully briefed motion in the other case and is not for the undersigned to resolve. As to this case, the Court thinks that a protective order is warranted to protect Defendants' privacy concerns. Accordingly, the Court **ORDERS** the parties to meet and confer and no later than May 2, 2025 to either (1) file a stipulated proposed protective order, or (2) file a joint discovery letter brief attaching competing proposed protective orders, with the brief setting forth the parties' respective arguments.

**IT IS SO ORDERED.**

Dated: April 9, 2025

THOMAS S. HIXSON
United States Magistrate Judge