UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRUCTION CO., et al.,<br><br>Defendants. | Case No. 24-cv-04067-YGR (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 52 |

The parties have a dispute concerning a protective order in this action. Plaintiff proposes to use the Northern District's model protective order for standard civil litigation. Defendants propose edits to paragraph 7.1 that would prohibit the receiving party from making any copies of protected material and that would require the receiving party to disclose to the designating party where and how protected material is stored and at what location. Defendants also propose edits to paragraph 7.2 that would require the Acknowledgment and Agreement to Be Bound to be provided to the designating party for the receiving party's outside counsel of record and employees, in-house counsel and employees, and experts.

The Court rejects Defendants' proposed edits. The prohibition on making copies would mean that Plaintiff could not do anything with the protected material, as using a document as a deposition exhibit, filing a document under seal, printing a document, and so on, all involve making copies. The other edits are invasive of confidentiality, as they would effectively require consulting experts to be disclosed (if protected material were disclosed to them), even ones that Plaintiff had no intention of calling as a trial witness, and would require the disclosure of each law firm employee and each employee at the client to whom protected material is disclosed. That would provide the Defendants a detailed road map of how Plaintiff is litigating this case, which is

1  ordinarily information a litigation opponent would not know.  There can be situations in which
2  that kind of heightened disclosure is appropriate, such as for a sensitive and narrowly defined
3  category of documents.  But here Defendants propose such disclosures for anyone to whom any
4  "protected material" is disclosed, and that term is defined to include anything that a party
5  designates as "confidential."  In the Court's experience, litigants normally designate every non-
6  public document as confidential.  The Court is not saying that is the correct thing to do, merely
7  that it has observed this practice.  Thus, Defendants are effectively proposing enhanced
8  disclosures for ordinary documents, such as everyday emails, that do not warrant that level of
9  concern.  Defendants emphasiMay 2, 2025ze that this case involves Defendants' financial
10 information, which implicates privacy concerns, at least for the individuals.  However, financial
11 information of this type does not warrant this kind of heightened disclosure.

        Accordingly, the Court **REJECTS** Defendants' proposed additions to the protective order.  In light of this guidance, if the parties are now able to file a stipulated protective order, they should do so.  If Defendants will not stipulate to a protective order, Plaintiff should take its proposed stipulated protective order and refile it as a proposed protective order, removing the parties' signature blocks and every reference to a stipulation.

        **IT IS SO ORDERED.**

Dated:

_____
THOMAS S. HIXSON
United States Magistrate Judge