UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERNEN CONSTRUCTION CO., et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-04067-SK<br><br>**CASE MANAGEMENT AND PRETRIAL ORDER (BENCH TRIAL)** |

Following the case management conference held on March 16, 2026, IT IS HEREBY ORDERED THAT a further case management conference will be held on June 22, 2026 at 1:30 p.m. in this Court via Zoom (public webinar). Except as modified by the Order, the Court adopts the dates set forth in the Joint Case Management Statement. (Docket No. 65.) Pursuant to Federal Rule of Civil Procedure 16, IT IS FURTHER ORDERED THAT:

**I.　TRIAL DATE**

　　A.　Bench trial will begin on August 31, 2027 at 8:30 a.m. in Courtroom C on the 15th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102.

　　B.　The length of the trial will not be more than five days.

　　C.　Trial normally will be conducted from 8:30 a.m. to 2:00 p.m. (or slightly longer to finish a witness) with two fifteen-minute breaks, Tuesday through Friday excluding holidays. This schedule may be modified at the discretion of the Court.

**II.　DISCOVERY**

　　A.　To assist the Court in evaluating proportionality with respect to any discovery disputes, the parties shall file a joint pleading regarding the value of the case, including a good faith assessment of damages, by no later than June 15, 2026.

　　B.　All non-expert discovery shall be completed no later than September 30, 2026.

　　C.　Initial expert disclosures shall be made by no later than December 01, 2026.

D.  Rebuttal expert disclosures shall be made by no later than December 30, 2026.

E.  All expert discovery shall be completed no later than January 20, 2027.

## III. MOTIONS

The last day for hearing dispositive motions shall be April 26, 2027. If the parties plan to file cross-motions for summary judgment, the parties shall meet and confer and agree to a briefing schedule whereby:

- one party files an opening summary judgment motion by March 1, 2027;
- the other party shall file its opposition and cross-motion by March 15, 2027;
- the reply and opposition to the cross-motion is due by March 29, 2027;
- the reply in support of the cross-motion is due by April 5, 2027.

If the parties want to file dispositive cross-motions before the deadline, they shall stipulate to a similar briefing schedule whereby one party files an opening summary judgment motion seven weeks before the hearing is scheduled to be heard, the other party shall file its opposition and cross-motion five weeks before the hearing, the reply and opposition to the cross-motion is filed three weeks before the hearing, and the reply in support of the cross-motion is filed two weeks before the hearing. If only one side intends to file a motion for summary judgment, the briefing schedule set forth in the Northern District Local Civil Rules applies.

## IV. PRETRIAL CONFERENCE

A.  The pretrial conference will be held on July 30, 2027 at 1:30 p.m.

B.  At least 28 days before the pretrial conference, lead counsel and/or the parties if *pro se* shall meet and confer regarding preparation of the joint pretrial conference statement, preparation and exchange of pretrial materials to be filed, and settlement of the action.

C.  At least 14 days before the pretrial conference, counsel and/or parties shall serve and file a joint pretrial statement. The pretrial statement shall include the following:

1.  A brief description of the substance of claims and defenses which remain to be decided.

2. A detailed statement of all relief sought, itemizing all elements of damages claimed.

3. A statement of all relevant undisputed facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

4. A statement of all relevant disputed facts which remain to be decided.

5. A brief statement of disputed points of law concerning liability and relief. Legal argument on these points shall be reserved for the trial briefs.

6. A statement of any motions or other matters that must be resolved prior to trial.

7. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

8. An estimate of the number of hours needed for the presentation of each party's case.

9. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

D. At least 14 days before the pretrial conference, counsel and/or parties shall also:

1. Serve and file trial briefs (not to exceed 10 pages), which shall specify each cause of action and defense remaining to be tried, along with a statement of the applicable legal standard. No opposition shall be filed.

2. Serve and file a list of deposition excerpts for witnesses who will not testify in person (specifying the witness and the page and line references to the deposition transcripts) and other discovery responses that will be offered at trial. If there are objections and/or requested counter-designations, the parties shall provide these, as well as the basis for the objections and the response thereto.

3. Serve and file a list of all witnesses to be called at trial, in person or by

deposition, other than solely for impeachment or rebuttal, with a brief statement describing the substance of the testimony to be given.

    4. Serve and file a numerical list of exhibits that will be offered as evidence in a party's case in chief in support of a claim or defense, with a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness.  For the disputed exhibits, the parties shall file a joint chart.  The first column should describe the exhibit, the second column should briefly describe the basis for the objection, the third column should briefly describe the response thereto, and the fourth column should provide a space for the Court's ruling.

   E. **Motions *in Limine*.**  The parties are encouraged to resolve as many trial issues by stipulation as possible.  The parties shall meet and confer at least 35 days before the pretrial conference to determine whether any evidentiary issues may be resolved by stipulation.  No party may file a motion *in limine* without first making a good faith effort to resolve the evidentiary issue with opposing counsel.

    1. Please limit motions *in limine* to circumstances that require an advance ruling.  No more than five motions per side will be allowed.  If a party seeks to file more than five motions *in limine*, they must file an administrative motion at least 14 days before the motions *in limine* are due to be served on opposing counsel, demonstrating extraordinarily good cause for allowing the excess motions.  The administrative motion should summarize the subject matter of each proposed additional motion *in limine*.

    2. The motions *in limine* shall be served, but not filed, at least 30 days before the pretrial conference.  The oppositions shall be served, but not filed, at least 20 days before the pretrial conference.  The Court does not permit reply briefs.  At least 14 days before the pretrial conference, the parties shall file the motions *in limine* and submit them to Chambers collated in a binder.  In the binder, the motions shall be separated by tabs (*e.g.,* Tab 1: Plaintiff's Motion *in Limine* No. 1 *re*:; Tab 2: Defendant's Opposition to Plaintiff's Motion *in Limine* No. 1, and so on).  The binder containing all motions *in limine* should be submitted to the Clerk's office in an

envelope clearly marked with the case number and "SK chambers copy."

        3.      Each motion *in limine* should address a single, separate topic, and contain no more than seven pages of briefing per side. Leave of Court will be required to exceed the page limitations. Motions should be clearly identified as "____'s Motion in Limine No. __ re _____." If the content of an exhibit is necessary to the resolution of a motion *in limine*, that exhibit must be attached to a declaration in support of that motion.

    F.    **Pretrial Binders.** At least 14 days before the pretrial conference, counsel and/or parties shall provide to chambers a binder with the following, separated by tabs: their pretrial statement, trial briefs, deposition excerpts and other discovery responses (including any objections and/or counter designations), witness lists, and exhibit lists. In a separate binder, the parties shall provide the joint exhibit chart with the objections and copies of the disputed exhibits, separated by tabs. (The parties should not file the copies of the disputed exhibits.) These pretrial binders should be submitted to the Clerk's office in an envelope clearly marked with the case number and "SK chambers copy." In addition, at least 14 days before the pretrial conference, the parties shall email to skpo@cand.uscourts.gov, the joint disputed exhibit chart in Microsoft Word format.

## V.    TRIAL PROCEDURES

    A.    Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Melinda Lock, Court Reporter Supervisor at (415) 522-2079 or Melinda_Lock@cand.uscourts.gov, at least 14 days prior to the trial date.

    B.    During trial, counsel may wish to use the technology available in the Courtroom. If that is the case, the parties shall refer to the Court's Website regarding Courtroom Technology at: http://cand.uscourts.gov/courtroomtech. If the parties prefer to use the Court's equipment rather than their own, 28 days before the pretrial conference they should contact the Court's Courtroom Deputy to determine whether an evidence cart is available. The parties may also consult with the Courtroom Deputy regarding courtroom layout issues.

        If the parties intend to use their own equipment, or intend to use equipment in

addition to the equipment available through the Court, it should be shared by all counsel to the maximum extent possible. In addition, the United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician available at all times. For overhead projectors, the parties shall provide a spare bulb. The parties shall tape extension cords to the carpet for safety. The parties shall be prepared to disassemble and store all equipment in the courtroom at the end of each court day.

C.  At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be exchanged prior to the first day of trial. All such notice should be provided in writing.

D.  It is the Court's preference that where the parties identify the same witness, the parties should call that witness once during the trial, unless either party can show that they would be prejudiced by this procedure. When the Court follows this procedure, the Court allows a defendant to reserve the right to move for judgment as a matter of law, and the Court will only consider evidence presented by the plaintiff as part of the plaintiff's case-in-chief when evaluating that motion.

E.  A witness or exhibit not listed in the joint pretrial order may not be used without good cause. This rule does not apply to true rebuttal witnesses (other than rebuttal experts who must be listed). Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses.

F.  At trial, direct testimony of experts will be limited to the matters disclosed in their reports. Omitted material may not ordinarily be added on direct examination. Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part

of the expert report, with the exception of simple drawings and tabulations that plainly illustrate the content of the report. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination. By written stipulation, all parties may relax these requirements. The Court will not permit Federal Rule of Evidence 703 to be used to admit otherwise inadmissible evidence through the expert (*i.e.*, through the "back door"). At its discretion, the Court may require the parties' expert witnesses on a particular subject matter to testify immediately following one another.

G. Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

H. In general, in addition to the official record exhibits, the Court requires two copies of the joint set of bench binders that contain copies of the exhibits. Counsel shall provide these binders to the Court on the first day of trial. Each exhibit must be separated with a label divider (an exhibit tag is unnecessary for the bench sets). In large letters, the labels should identify the range of exhibit numbers contained in a binder.

I. Before the closing arguments, counsel must confer with the Courtroom Deputy Clerk to make sure the exhibits in evidence are in good order. Before the case is submitted, counsel shall prepare an easy-to-read index of admitted exhibits, which should include all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (*e.g.*, letter from A. B. C., dated August 17, 1999).

J. Ordinarily, the Court shall set fixed time limits at the final pretrial conference. All of counsels' examination time (whether direct, cross, re-direct or re-cross) for all witnesses and argument must fit within the time limits and may be allocated as counsel wish. The time limits for opening statements and closing arguments shall be considered separately. Counsel must keep track of everyone's usage. At the end of each day, counsel must confer over the time used and the time remaining for all parties and advise the Court daily. If a party argues an objection, and the

Court overrules that party's objection, the Court may charge the time spent on hearing argument to that party.

**IT IS SO ORDERED.**

Dated: March 16, 2026



_____
SALLIE KIM
United States Magistrate Judge

8