WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>        Plaintiff,<br><br>    v.<br><br>KERNEN CONSTRUCTION CO., ET AL,<br><br>        Defendants. | Case No: 4:24-CV-04067-SK<br><br>**JOINT LETTER BRIEF REGARDING COSTS OF DEPOSITION** |

Honorable Sallie Kim
April 27, 2026
Page 2

April 27, 2026


The Honorable Sallie Kim
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Californians for Alternatives to Toxics v. Kernen Construction Co., et al*, Case No. 4:24-cv-04067-SK

Dear Magistrate Judge Kim:

The parties submit this joint letter brief regarding their discovery dispute about who is responsible for costs associated with a last-minute cancellation and rescheduling of a court reporter for a third party deposition. Pursuant to the Court's standing order, the parties have met and conferred telephonically in an attempt to reach agreement, but have been unsuccessful. The parties have also complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter The parties submit this letter brief and respectfully request the Court's assistance in resolving this dispute.

Respectfully Submitted,


LAW OFFICE OF WILLIAM CARLON          HARLAND LAW FIRM LLP



_____*/s/ William Carlon*_____          _____*/s/ Allison G. Jackson*_____
William Carlon                          Allison Jackson
Counsel for Plaintiff                   Counsel for Defendants

2

Honorable Sallie Kim
April 27, 2026
Page  3

**PLAINTIFF'S STATEMENT:**

The parties' unresolved discovery dispute is whether Defendants must reimburse Plaintiff $625.00 for the court reporter cancellation fee (Veritext California, Invoice No. 9184607) incurred when the continued deposition of non-party Walt Dragaloski did not proceed on April 17, 2026.

Plaintiff noticed Mr. Dragaloski's deposition, which began by remote videoconference on April 13, 2026. Because Defendants did not complete their cross-examination within the time available that day, the parties and Mr. Dragaloski's counsel, Nathan Jacobsen, agreed to continue the deposition to Friday, April 17, 2026.

On the morning of April 17, Defendants' counsel, Allison Jackson, notified Plaintiff and the witness that her office had lost power. All participants initially agreed to wait and see whether power would be restored in time. Approximately two hours before the scheduled start time, Ms. Jackson informed the parties that she wanted to cancel the deposition regardless of whether her power came back on. Plaintiff and Mr. Jacobsen objected and asked that the parties continue to wait; Defendants refused. Plaintiff, in reliance on Defendants' representation that the deposition was off, notified the court reporter that the session was cancelled.

Power was in fact restored at Ms. Jackson's office before the scheduled start time. At 10:52 a.m. on April 17, Plaintiff's counsel emailed Ms. Jackson stating that "[Nathan Jacobsen] informs me that the power is back on and that he and Walt are ready to proceed as scheduled. I am also ready to proceed as scheduled," and further that "we may still have a court reporter available for today. Please let us know how you'd like to proceed." Defendants did not reconsider, and the deposition did not go forward. Veritext invoiced Plaintiff $625.00 as a

Honorable Sallie Kim
April 27, 2026
Page 4

cancellation fee. The parties met and conferred on April 22, 2026, and are at impasse.

Plaintiff's position is that Defendants should pay the $625.00 cancellation fee because Defendants' unilateral decision to cancel – made over the express objection of both the noticing party and the non-party witness, and based on a circumstance (a power outage at Defendants' counsel's office) that had resolved before the scheduled start time – is the sole cause of the fee. Where one party's unilateral conduct causes a discrete out-of-pocket discovery expense, that party should bear it.

Defendants' arguments do not withstand scrutiny. First, Defendants argue that Plaintiff "assumed the risk" of a power outage by noticing a remote deposition, but this fails because the deposition's format did not cause the cancellation; Defendants' unilateral decision did. Plaintiff, the witness, and the witness's counsel all had the same "risk" and were ready to proceed once power was restored – which it was, before the scheduled start time. Even if the power had not been restored, the format of the deposition would have actually afforded Defendants' counsel the opportunity to go to a different location with power to conduct the deposition. Second, Defendants' assertion that "there was no Internet available on this date" is directly contradicted by Plaintiff's contemporaneous email, sent at 10:52 a.m. on April 17, confirming that power had been restored and that Plaintiff, Mr. Dragaloski, and Mr. Jacobsen were ready to proceed as scheduled. Mr. Dragaloski was using the Regional Board office located within the original area that had lost power and thus was suffering from the same circumstances that Defendants' counsel was. Also, Defendants' counsel was in contact with Plaintiff and Mr. Jacobsen *using email* during the entire episode. Defendants were expressly asked, in writing and before the scheduled start time, "how [they'd] like to proceed"; they chose not to go forward. Third, deferring the issue

4

Honorable Sallie Kim
April 27, 2026
Page 5

to the end of the case is not appropriate – the cancellation fee is a discrete, already-incurred out-of-pocket expense caused by Defendants' discovery conduct, and its proper allocation has nothing to do with which party ultimately prevails on the merits. Plaintiff is a small non-profit organization and bearing these costs until the end of the case is not equitable considering it had no part in incurring them.

**Plaintiff's Proposed Compromise:** Defendants shall pay the $625.00 Veritext California cancellation fee (Invoice No. 9184607) within fourteen (14) days of the Court's order.

**DEFENDANTS' STATEMENT:**

Plaintiffs noticed a remote deposition of a nonparty witness, Walt Dragaloski, for April 13, 2026, at 10:00 A.M. Plaintiff did not obtain a written stipulation from Defendants to conduct this remotely, however, Defendants did agree to the date as proposed by Mr. Carlon and did not object to remote appearances, although remote depositions in Humboldt bring a variety of problems, specifically connectivity issues.   On April 13, 2026, the matter went forward with all parties, Dragalosky and his attorney proceeding remotely from each of their locations. The witness testifying from his home in McKinleyville had connectivity problems in the deposition was postponed until the witness found another remote site in Eureka approximately 30 minutes away. The deposition resumed at 1:00 P.M., and there was not sufficient time to cross-examine the witness by the defendants. The matter was continued to the next available date for that witness, which was Friday, April 17, 2026, and scheduled to resume at noon.

At approximately 8:30 in the morning of April 17, 2026, a vast portion of the city of Eureka was without power. Defendants checked with the County Courthouse and even it was without power or internet or phone capability. Defendants were apprised that full restoration

5

Honorable Sallie Kim
April 27, 2026
Page 6

would not occur until late Friday afternoon. At 9:17 A.M., defense counsel contacted Mr. Carlon by using her *cell phone* to email Plaintiffs because there was not internet/phone access from her office, but she could contact Plaintiff via the cell phone; Plaintiff was expressly told that the only way she could reach counsel was by her cell phone since everything was down in the area. Defendant counsel's office was among approximately 6000 customers affected by the loss of power and internet and phones. Defendants could not conduct the remainder of the cross examination with no electronic files and a handheld cell phone.  Defendants stated that the parties should choose another date either on Monday or Tuesday or Wednesday of the following week. Defendants were informed that Plaintiff called off the court reporter.

At approximately 11:00 A.M. on April 17, 2026, partial power was restored in downtown Eureka, but not fully restored, and there was still no internet or phone capabilities. The minimal power received by defense counsel's office was not sufficient to run the network servers, and no files or information could be obtained from the cloud given that there was no internet connection. Defense counsel informed Plaintiff of this, and that they could not proceed without having their electronic files nor having an internet connection sufficient from her computer to take part in completing the remote deposition. It was agreed that the cross-examination would proceed on Tuesday, April 21, 2026 at 10:00 A.M. The deposition proceeded at that time on that date.

The day after the deposition was completed, Plaintiff's counsel demanded that Defendants be responsible for costs associated with rescheduling due to the power and internet outage that occurred throughout the entire business district on April 17, 2026. During the meet and confer process, Plaintiff stated that it was Defendant's responsibility to locate a different location on her own that had power and internet capacity at the last moment, and that it was

Honorable Sallie Kim
April 27, 2026
Page 7

irrelevant that Defendants could not obtain their electronic files but should have proceeded without them after locating some other alternate location that did have power and internet access. Defendants declined to pay him the cancellation fees, as Plaintiff was the noticing party, Plaintiff chose the remote process, the witness they deposed was not a defense witness but one called solely by Plaintiff to support Plaintiff's case, and their witness was not even disclosed in the Rule 11 initial disclosures.   Moreover, the delay in the rescheduling of the continued deposition was outside of the control Defendants since there was substantial justification for the continuance based on the fact that the entire area had lost power and had lost internet and phone capabilities. This is not a situation involving only Defendants' counsel's office; the power cut affected approximately 6k businesses in the area, including the County Courthouse.   The fact that defendant was able to use her cellphone to email Plaintiff and did at the first opportunity at 9:17 am indicates that Defendants did all they could do immediately to apprise Plaintiff of the magnitude of the problem.

Under the Federal Rules of Civil Procedure, there is no explicit requirement that the party noticing a remote deposition must provide or ensure internet access for the deposition. However, certain provisions and practical considerations suggest that the noticing party bears responsibility for ensuring the deposition can proceed effectively. While the rules do not explicitly address internet access, they imply that the noticing party must make adequate arrangements for the deposition to proceed smoothly, including addressing technological requirements. Attorneys are advised to ensure that the chosen technological platform for a remote deposition is functional and accessible to all participants. Absent specific local rules or agreements between the parties, the costs of rescheduling a remote deposition interrupted by a

Honorable Sallie Kim
April 27, 2026
Page  8

power outage and/or lack of internet and phone capabilities would generally not be shifted to a party unless the party is found to be at fault or acted in bad faith. Under these facts, Defendants provided notice to Plaintiff immediately upon discovering the significant power outage affecting the deposition's ability to go forward by using her own cell phone and told Plaintiff's counsel she was using her cell phone because it was the only avenue to reach him to notify him of the situation; when partial power was restored, there was no access to any of defendants counsel's electronic files including those used by Plaintiff in its direct examination of its own witness. There was no internet access or phone capabilities until after 3:00 P.M.. Plaintiff's suggestion that defense counsel drive around and try to find her own alternate location and proceed without the electronic files from the April 13th direct examination is neither reasonable nor was it possible. Nor is the proposition that because counsel could use her cell phone to apprise them of the problem means the matter could have gone forward anyway. With no Wi-Fi and internet, cell phone capabilities in Humboldt County are difficult and even the witness Dragaloski had to pause his deposition and travel a half hour to a different location (Water Board, Eureka) due to lack of internet stability.

The noticing party bears the burden of costs associated with the deposition. There was substantial justification for not proceeding at noon on April 17th due to the failure of internet, Wi-Fi, loss of power, restoration of only partial power and phone access other than a hand-held cell phone. Plaintiff's request for costs associated with the rescheduling due to unforeseen city-wide events should be denied. Defendants cannot be responsible for Plaintiff's costs for deposing Plaintiff's own witness, nor for unforeseen events completely beyond their control. They are a financially struggling local construction company.

Honorable Sallie Kim
April 27, 2026
Page 9

Dated: April 27, 2026                    /s/ Allison Jackson

9