WILLIAM N. CARLON (SBN 305739)
LAW OFFICE OF WILLIAM CARLON
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115
Email: william@carlonlaw.com
Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE ) | Case Number: 3:25-cv-05868-LB |
| ) | |
| Plaintiff, ) | **JOINT CASE MANAGEMENT** |
| ) | **STATEMENT & [PROPOSED] ORDER** |
| ) | |
| vs. ) | |
| BFI WASTE SYSTEMS, LLC and ) | |
| REPUBLIC SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

The parties to the above-entitled action jointly submit this JOINT CASE
MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All
Judges of the Northern District of California and Civil Local Rule 16-9.

**1.      Jurisdiction & Service**

This Court has subject matter jurisdiction over the parties and the subject matter of this
action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A), and
28 U.S.C. § 1331 (action arising under the laws of the United States). Venue is proper in the
Northern District of California pursuant to Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1),
because the alleged violations occurred, if at all, within this judicial district. Pursuant to Local

Rule 3-2(e), intra-district venue is proper in San Francisco, California because the alleged violations occurred, if at all, within Alameda County. All parties have been served.

**2.      Facts**

Defendant BFI Waste Systems of North America, LLC ("BFI Waste Systems") owns and operates a facility located at 42600 Boyce Road in Fremont, California ("Facility").

**Plaintiff's Separate Statement:**

Plaintiff alleges that Defendant Republic Services, Inc. also owns and/or operates the Facility. Plaintiff alleges that Defendants engage in municipal waste hauling and trucking at the Facility. Plaintiff further alleges that industrial activities at the Facility include commercial vehicle parking; commercial vehicle refueling; commercial vehicle repairing; storage and maintenance of portable waste containers; and operation of equipment in support of these activities. Defendants collect and discharge storm water associated with industrial activities at the Facility through at least four discharge points. These discharges contain pollutants, including zinc, chemical oxygen demand, copper, oil and grease, and solids, and occur during every significant rain event. Sources of these pollutants include the industrial activities discussed above, tracking of soils, dust, debris, and waste from other areas and offsite from trucks, leaks from trucks, trailers, equipment, and other vehicles. These pollutants are entrained in storm water runoff and can be tracked offsite by vehicles and other equipment. The industrial activities and areas of industrial activity discussed herein generate and release these pollutants from the Facility, and the Facility discharges them via storm water discharges to municipal storm drains that discharge to the Lower San Francisco Bay, and ultimately to the Pacific Ocean.

In response to exceedances of numeric action levels set forth in the General Permit, Defendants have prepared Exceedance Response Action reports and plans that have proposed improvements to the Facility meant to address the excessive pollution. Whether or not those proposed improvements have been fully implemented, the Facility continues to exceed the numeric action levels.

Defendants have failed to collect the required number of samples during each reporting period, and has failed to have the samples that they do collect analyzed for all required

*Joint Case Management Statement*                                              *Case No: 3:25-cv-05868-LB*

parameters. For example, Defendants failed to have their storm water samples analyzed for chemical oxygen demand, copper, and zinc from at least May 13, 2020 until November 1, 2022, and Defendants failed to collect the required number of samples in the 2020-2021, 2021-2022, and 2024-2025 reporting years.

Defendants have failed to evaluate the effectiveness of their best management practices; to revise the Facility's storm water pollution prevention plan as necessary; to develop and implement an adequate site map; and, to describe and evaluate the industrial materials and potential pollutant sources at the Facility, all of which have resulted in the Facility's numerous continuing effluent limitation violations.

**Defendants' Separate Statement:**

BFI Waste Systems operates a corporation yard for the parking and minor maintenance of BFI's fleet of non-hazardous solid waste collection vehicles that serve the cities of Fremont, Union City and Newark.  The vehicles are primarily fueled by clean natural gas (CNG) along with some newer electric-powered collection vehicles.  The fleet is being transitioned from CNG to electric powered collection vehicles. The Facility is leased by BFI Waste Systems under a five-year lease with the potential for five year incremental extensions. All maintenance activities and the storage of all fuel, lubricants and electronics are under cover and thus these potential sources of stormwater contamination do not come in contact with stormwater.  Water from truck washing is separately collected and discharged to the sanitary sewer. A large portion of the Facility consists of employee parking, which is considered "non-industrial" under the General Parmit. Stormwater at the Facility collects in low points which drain through surface drains outfitted with state-of-the-art filters into a stormwater pipe which runs underneath the leased premises. This pipe carries stormwater from both upgradient industrial properties and the subject leased premises to a storm drain on Boyce Road. BFI Waste Systems has complied in all material respects with the General Permit, which sets forth target goals for pollutant reduction.  Facilities are required to use their best efforts to achieve these target goals, to the extent they are

*Joint Case Management Statement*                                        *Case No: 3:25-cv-05868-LB*

economically and technology feasible. Defendant BFI Waste Systems contends it has met the requirements of the General Permit.

Defendant Republic Services, inc. does not own or operate the Facility. It is the parent company of BFI Waste Systems. It should be dismissed forthwith.

Finally, Defendants contend that plaintiff is not a bona fide organization that can claim organizational standing under Article III of the US Constitution.

**3.    Legal Issues.**

Plaintff contends the primary legal issues will focus on the compliance requirements of the General Permit, as applied to the Facility. Defendants agree these issues are present, but also contend that the Plaintiff lacks Article III standing.

**4.    Motions.**

There are no motions are pending or anticipated at this time.

**5.    Amendment of Pleadings**

After receiving Defendants' discovery responses, Plaintiff may seek to further amend the Complaint to reflect claims of additional violations by Defendants or to join additional defendants, but none are anticipated at this time. Defendants do not anticipate any amendments at this time, but reserve the right to seek leave to amend their answer as discovery progresses.

**6.    Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

The Parties previously exchanged their Initial Disclosure Statements pursuant to Rule 26(a)(1)(A).

**8.    Discovery**

Plaintiff has propounded written discovery, including requests for admissions, requests for production of documents, interrogatories, and requests for inspection of land. Plaintiff expects to notice depositions of Defendants' designated persons under FRCP 30(b)(6) after obtaining and reviewing the responses to this first set of discovery.

Defendant is in the procees of developing its discovery requests to plaintiff.

**Proposed Discovery Plan**

(A) Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures will be made.

No changes to the timing, form, or requirement for disclosures under Rule 26(a) are necessary in this case, at this time.

(B) Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues.

Plaintiff will conduct a combination of written discovery and depositions, and anticipates requesting as many as three site inspections of the Facility, under both wet and dry conditions. Plaintiff anticipates propounding discovery on the nature and extent of potential sources of pollution in Defendants' discharges from the Facility; information relating to Defendants' interactions with the Regional Water Quality Control Board and the California State Water Resources Control Board; and all information pertinent to the penalty factors to be considered under the Act, including, but not limited to, Defendants' financial information relevant to the assessment of civil penalties. Plaintiff also intends to depose Defendants' employees, managers and other agents, as well as agency personnel, who may have information relevant to the case.

Defendant will conduct discovery on the Plaintff's claim to have organizational standing and will seek discovery on the basis for the Plaintiff's factual contentions and their expert opinions, if any.

(C) Issues about disclosure, discovery, or preservation of ESI.

Page **5** of **9**

*Joint Case Management Statement*                              *Case No: 3:25-cv-05868-LB*

The parties anticipate the ESI portion of discovery in this case to be relatively minor.

(D) Issues about claims of privilege or of protection as trial-preparation materials.

The parties anticipate entering into a protective order governing the disclosure and use of designated confidential information, as necessary.

(E) Change to the limitations on discovery imposed under the Federal Rules.

The parties do not anticipate a need to modify the discovery rules at this time.

(F) Any other order the Court should issue under Rule 26(c), or Rule 16(b) and (c).

Per (D) above, the parties anticipate requesting the Court to issue a protective order under Rule 26(c). Aside from the above, no other orders need to be issued at this time.

**9.      Class Actions**

Not applicable.

**10.     Related Cases**

There are no currently-pending related cases.

**11.     Relief**

Plaintiff seeks the following relief:

a.   For the Court to declare Defendants to have violated and to be in violation of the Clean Water Act as alleged in Plaintiff's Complaint;

b.   For the Court to enjoin Defendants from discharging polluted storm water from the Facility except as authorized by the Clean Water Act;

c.   For the Court to enjoin Defendants from further violating the substantive and procedural requirements of the Clean Water Act;

d.   For the Court to order Defendants to pay civil penalties of $68,445 per day per violation for all violations occurring after November 2, 2015, pursuant to Sections 309(d) and 505(a) of the Act, 33 U.S.C. §§ 1319(d) and 1365(a) and 40 C.F.R. §§ 19.1–19.4;

e.   For the Court to order Defendants to take appropriate actions to restore the quality of navigable waters impaired or adversely affected by their activities;

*Joint Case Management Statement*                                    *Case No: 3:25-cv-05868-LB*

f.   For the Court to award Plaintiff's costs and fees (including reasonable investigative, attorney, witness, compliance oversight and consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d); and,

g.   For the Court to award any such other and further relief as this Court may deem appropriate.

<u>Defendants seek the following relief:</u>

Dismissal of this action as to all Defendants with prejudice and, if appropriate, an award of attorneys fees and costs.

**12.   Settlement and ADR**

The parties are currently engaged in settlement discussions. The parties have conducted a settlement conference with Magistrate Judge Westmore. The case did not settle.

**13.   Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   Narrowing of Issues**

Both Parties anticipate filing motions for summary judgment or partial summary judgment in order to narrow the issues for trial in this matter. The Parties do not believe this case is suitable for any other mechanisms for narrowing or expediting trial presentation.

**15.   Expedited Trial Procedure**

This matter is not suitable for the Expedited Trial Procedure of General Order No. 64, Attachment A.

**16.   Scheduling**

The Parties do not propose any changes to the schedule ordered by the Court previously. (Dkt. No. 17.)

**17.     Trial**

The Parties estimate the trial will require approximately five court days. Plaintiff has not requested a jury trial.  Defendants have requested a trial by jury on all issues triable by a jury.

**18.     Disclosure of Non-party Interested Entities or Persons**

Each Party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Pursuant to Civil L.R. 3-15, as of this date, other than the named parties, there are no such interests to report.

**19.     Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.     Other**

Not Applicable.

Dated: June 11, 2026                     /s/ William Carlon
                                         _____
                                         Counsel for Plaintiff


Dated: June 11, 2026                     /s/ Thomas Bruen
                                         _____
                                         Counsel for Defendants


CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

*Joint Case Management Statement*                     *Case No: 3:25-cv-05868-LB*

IT IS SO ORDERED.

 Dated:

_____
UNITED STATES MAGISTRATE JUDGE

*Joint Case Management Statement*                              *Case No: 3:25-cv-05868-LB*