WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorney for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS
Attorney for Nonparty Deponent
LYNNE A. OWENS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, <br><br> Plaintiff, <br><br> v. <br><br> KERNEN CONSTRUCTION CO., et al., <br><br> Defendants. | Case No. 3:24-cv-04067-SK <br><br> **DECLARATION OF WILLIAM N. CARLON IN SUPPORT OF REQUEST FOR TELEPHONIC CONFERENCE, OR, IN THE ALTERNATIVE, MOTION TO MODIFY SUBPOENA UNDER FRCP 45(d)(3)** |

**DECLARATION OF WILLIAM N. CARLON**

I, William N. Carlon, declare as follows:

1.      I am an attorney licensed to practice law in California and admitted to practice before this Court. I am the attorney of record for Plaintiff Californians for Alternatives to Toxics ("CAT") in this action, and I represent nonparty deponent Lynne A. Owens for purposes of the deposition subpoena described below. I make this declaration in support of the accompanying Request and, in the alternative, Motion to Modify the Subpoena. The facts stated here are within my personal knowledge, and if called as a witness I could and would competently testify to them.

2.      Ms. Owens is a member of CAT and is offered as a witness in support of CAT's standing. She is a percipient witness. She is not a party to this action.

3.      On June 18, 2026, Defendants caused a subpoena to be served on Ms. Owens commanding her to appear for a deposition on July 2, 2026 at 10:00 a.m. at the offices of the

Req. for Conf.                                        1                            Case No. 3:24-cv-04067-SK
Alt. Mot. to Modify Subpoena

Harland Law Firm LLP in Eureka, California, and to produce documents responsive to thirty requests.

4. The communications in which Defendants' counsel, Allison G. Jackson, sought to schedule the deposition addressed the availability of counsel, not the availability of Ms. Owens. On June 15, 2026, I provided Ms. Jackson my own available dates for late June and July, which included July 2, 2026. On June 16, 2026, Ms. Jackson responded, "Save the 2d and I will contact the court reporter." At no point in these communications did Ms. Jackson identify Ms. Owens as the intended deponent, and she did not ask about or confirm Ms. Owens's availability before noticing the deposition for July 2, 2026. The dates I provided reflected my own availability as counsel; they did not speak to the availability of Ms. Owens, whom Ms. Jackson had not identified as the deponent.

5. Ms. Owens is unavailable on July 2, 2026. She has prepaid, prearranged travel that will take her out of state, in Oregon and Washington, from June 30 to July 19th . Those travel arrangements were made before the subpoena was served.

6. On June 22, 2026, I informed Ms. Jackson that Ms. Owens was not available on July 2, 2026, and I offered to schedule the deposition on any of the following alternative dates: July 27, 28, or 29; August 3, 4, or 5; August 10; August 12; or August 14, 2026.

7. Ms. Jackson declined each of the proposed dates as inconvenient to her schedule.

8. The Moving Parties did not receive final confirmation that Defendants intended to proceed with the deposition on July 2, 2026 as noticed until 12:07 p.m. the afternoon of July 1, 2026.

9. Counsel for the Moving Parties and Ms. Jackson have met and conferred on this scheduling issue extensively by email. After I learned this afternoon that Ms. Jackson intended to proceed on July 2, 2026, I telephoned Ms. Jackson's office at 12:52 p.m. in an effort to discuss the matter by telephone. Ms. Jackson was not available, and as of the time of this filing she has not returned my call. Because final confirmation that the deposition would proceed was not received until the afternoon of July 1, 2026, counsel have not been able to meet and confer in person or by telephone before the noticed date.

Req. for Conf.                                  2                          Case No. 3:24-cv-04067-SK
Alt. Mot. to Modify Subpoena

10. Because the deposition is set for July 2, 2026, it has not been possible to complete the meet-and-confer and joint-letter process in the ordinary course before the noticed date, and I have been unable to obtain Defendants' agreement to reschedule.

11. On July 1, 2026, CAT and Ms. Owens served written objections to the subpoena under Federal Rule of Civil Procedure 45(d)(2)(B), including an objection to the July 2, 2026 date based on Ms. Owens's unavailability. The Moving Parties can provide a copy of those objections to the Court on request.

12. CAT did not conceal Ms. Owens or her whereabouts. CAT's initial disclosures state that Ms. Owens may be reached through CAT's counsel. Defendants' counsel never told me whom Defendants intended to depose, never advised me that Defendants were having difficulty locating Ms. Owens, and never asked me for Ms. Owens's contact information.

13. In March 2025, in response to document requests that Defendants had propounded on CAT, I stated that Ms. Owens is a member of CAT but not an employee, that she is not a party, and that CAT could not be compelled to produce documents in Ms. Owens's personal possession. Those statements concerned party document discovery directed to CAT. They are not inconsistent with my representing Ms. Owens, a nonparty witness, for purposes of her deposition.

14. True and correct copies of the parties' email communications regarding the scheduling of Ms. Owens's deposition are attached as Exhibit A.

15. If the Court is available for a telephonic conference, counsel for the Moving Parties are available on the following dates and times: July 2 between 9:00 a.m. and 4:00 p.m.; July 9 and 10 between 9:00 a.m. and 5:00 p.m.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 1, 2026, at Napa, California.

_____

William N. Carlon

Req. for Conf.                                3                          Case No. 3:24-cv-04067-SK
Alt. Mot. to Modify Subpoena