# EXHIBIT A

Email Communications Regarding the Scheduling of the Deposition of Lynne A. Owens

*Californians for Alternatives to Toxics v. Kernen Construction Co., et al., Case No. 3:24-cv-04067-SK*

**Contents (in chronological order):**

| No. | Date | Subject | Ex. A Page |
|-----|------|---------|------------|
| 1 | December 12, 2024 | Re: depositions CATS v Kernen | 1 |
| 2 | April 27, 2026 | Re: depos | 4 |
| 3 | June 16, 2026 | Re: cats/kernen | 6 |
| 4 | June 22, 2026 | Re: CAT v. Kernen 3:24-cv-04067-SK | 8 |
| 5 | June 30, 2026 | Re: Californians for Alternatives to Toxics v. Kernen Construction Co., et al; Deposition of Lynne Owens | 15 |
| 6 | July 1, 2026 | Re: Tomorrow and Lynne Owens | 17 |

 **Outlook**

## Re: depositions CATS v Kernen

**From** Allison Jackson <ajackson@harlandlaw.com>

**Date** Thu 12/12/2024 3:00 PM

**To** William Verick <wverick@igc.org>; William Carlon <william@carlonlaw.com>; brian <brian@brianacree.com>; Paul Heagerty <pheagerty@harlandlaw.com>

I am proceeding with this and that you will be the available attorney.  Thanks Bill
Allison

Get Outlook for iOS

**From:** William Verick <wverick@igc.org>
**Sent:** Thursday, December 12, 2024 2:52:37 PM
**To:** Allison Jackson <ajackson@harlandlaw.com>; William Carlon <william@carlonlaw.com>; brian <brian@brianacree.com>
**Subject:** Re: depositions CATS v Kernen

For the week of the 6th, I am available Monday, Wednesday and Thursday.

On 12/12/2024 2:21 PM, Allison Jackson wrote:

> I'm not planning to.
>
> Get Outlook for iOS
>
> **From:** William Verick <wverick@igc.org>
> **Sent:** Thursday, December 12, 2024 2:20:28 PM
> **To:** Allison Jackson <ajackson@harlandlaw.com>; William Carlon <william@carlonlaw.com>; brian <brian@brianacree.com>
> **Subject:** Re: depositions CATS v Kernen
>
> Are you going to take the attorneys' depositions?

Ex. A, p. 1

On 12/12/2024 2:12 PM, Allison Jackson wrote:

I am not asking witness availability.  I am asking for your availability

Thanks
Agj

Get Outlook for iOS

---

**From:** William Verick <wverick@igc.org>
**Sent:** Thursday, December 12, 2024 1:04:27 PM
**To:** Allison Jackson <ajackson@harlandlaw.com>; William Carlon <william@carlonlaw.com>; brian <brian@brianacree.com>
**Subject:** Re: depositions CATS v Kernen

Hi Allison:

This may not have dawned on you, but we can't figure out which days work for deposition until we can ask the witness what day he/she is available.  And we can't do that until we know who that person is.  We will be happy to help schedule depositions once we know who it is you want to depose.  Just sayin'.

Sincerely, Bill

On 12/11/2024 10:50 AM, Allison Jackson wrote:

Gentlemen:

I need to conduct depositions before our settlement conference.  They will be set for the week of January 6th to avoid the holidays.  Since there are three of you and zoom, I believe that there should not be a problem but I am writing to inquire which day or days are preferable.  Any day that week is fine by our office.

*Allison G. Jackson*

**Harland Law Firm LLP**
212 G Street, Suite 201
Eureka, California 95501-0420
Telephone: 707.444.9281
Facsimile: 707.445.2961

CONFIDENTIALITY STATEMENT:
This message may be confidential and privileged. Use or disclosure by anyone other than the intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

 **Outlook**

---

**Re: depos**

---

**From** William Verick <wverick@igc.org>

**Date** Mon 4/27/2026 4:25 PM

**To** Allison Jackson <ajackson@harlandlaw.com>; William Carlon <william@carlonlaw.com>; Paul Heagerty <pheagerty@harlandlaw.com>

Confirmed.

On 4/27/2026 2:26 PM, Allison Jackson wrote:

> Bill.
> Given your email I'm assuming now that you are available on all the other dates that will put down in his email   please confirm
>
> Get [Outlook for iOS](Outlook for iOS)
>
> ---
>
> **From:** William Carlon <william@carlonlaw.com>
> **Sent:** Monday, April 27, 2026 1:52:12 PM
> **To:** William Verick <wverick@igc.org>; Allison Jackson <ajackson@harlandlaw.com>; Paul Heagerty <pheagerty@harlandlaw.com>
> **Subject:** Re: depos
>
> I am **NOT** available on June 22.
>
> ---
>
> **From:** William Verick <wverick@igc.org>
> **Sent:** Monday, April 27, 2026 1:50 PM
> **To:** William Carlon <william@carlonlaw.com>; Allison Jackson <ajackson@harlandlaw.com>; Paul Heagerty <pheagerty@harlandlaw.com>
> **Subject:** Re: depos
>
> I'm available on June 22.
> On 4/27/2026 1:38 PM, William Carlon wrote:
>
>> Hi Allison,

Ex. A, p. 4

I am unavailable June 22, and the rest looks open. We'll also need to check with Bill, copied here, to see what his availability is.

---

**From:** Allison Jackson <ajackson@harlandlaw.com>
**Sent:** Monday, April 27, 2026 11:09 AM
**To:** William Carlon <william@carlonlaw.com>; Paul Heagerty <pheagerty@harlandlaw.com>
**Subject:** depos

 I did locate your email.

you stated that "If it's a remote deposition then I can be more flexible. For an in-person deposition between May 18 - June 19, I am unavailable May 18, 21, 25, 28, 29, and June 1, 11, 16, 18, 19."

I am doing this in my office, you can appear remotely or not, that is your choice.   I will send out suboenas for June.  What dates are you unavailable in June after the 19th.  I need this asap.

*Allison G. Jackson*

**Harland Law Firm LLP**
212 G Street, Suite 201
Eureka, California 95501-0420
Telephone: 707.444.9281
Facsimile: 707.445.2961

CONFIDENTIALITY STATEMENT:
This message may be confidential and privileged. Use or disclosure by anyone other than the intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

 Outlook

## Re: cats/kernen

**From** Allison Jackson <ajackson@harlandlaw.com>

**Date** Tue 6/16/2026 9:52 AM

**To** William Carlon <william@carlonlaw.com>; William Verick <wverick@igc.org>

**Cc** Paul Heagerty <pheagerty@harlandlaw.com>

Save the 2d and I will contact the court reporter

*Allison G. Jackson*

**Harland Law Firm LLP**
212 G Street, Suite 201
Eureka, California 95501-0420
Telephone: 707.444.9281
Facsimile: 707.445.2961

CONFIDENTIALITY STATEMENT:
This message may be confidential and privileged. Use or disclosure by anyone other than the intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Monday, June 15, 2026 2:57 PM
**To:** Allison Jackson <ajackson@harlandlaw.com>; William Verick <wverick@igc.org>
**Cc:** Paul Heagerty <pheagerty@harlandlaw.com>
**Subject:** Re: cats/kernen

From June 29 through July, I am available on the following days:

June 29
July 1, 2, 9, 10, 27-29

**From:** Allison Jackson <ajackson@harlandlaw.com>
**Sent:** Monday, June 15, 2026 2:22 PM
**To:** William Carlon <william@carlonlaw.com>; William Verick <wverick@igc.org>
**Cc:** Paul Heagerty <pheagerty@harlandlaw.com>
**Subject:** cats/kernen

Gentlemen:

I had hoped to do depos  this week and my schedule got away with me.  I need all dates you are available from two weeks from now thru July to finish what I need.

Thanks so much,

*Allison G. Jackson*

**Harland Law Firm LLP**
212 G Street, Suite 201
Eureka, California 95501-0420
Telephone: 707.444.9281
Facsimile: 707.445.2961

CONFIDENTIALITY STATEMENT:
This message may be confidential and privileged. Use or disclosure by anyone other than the intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

 **Outlook**

---

**Re: CAT v. Kernen 3:24-cv-04067-SK**

---

**From** Allison Jackson <ajackson@harlandlaw.com>

**Date** Mon 6/22/2026 5:01 PM

**To** William Carlon <william@carlonlaw.com>

**Cc** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Paul Heagerty <pheagerty@harlandlaw.com>

Why?  Are you her attorney?  Why am I not getting this from her?  You have told me she's not a party and you were not her attorney so she needs to take care of this herself .  I am not asking for the world here.    I want to know why and she needs to explain why this is not just inconvenient. What does she have planned? Is it preplanned? What is prepaid if anything?  Does she have airplane tickets or is this an inconvenience.   I will make accommodations but not because somebody does not think it's convenient.  If she provides the information, I can advance it one day and then she doesn't have to worry about anything.  Please advise me whether or not you're now representing her.

Thanks Agj

Get Outlook for iOS

---

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Monday, 22 June 2026 16:37:01
**To:** Allison Jackson <ajackson@harlandlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Paul Heagerty <pheagerty@harlandlaw.com>
**Subject:** Re: CAT v. Kernen 3:24-cv-04067-SK

She is not available on the 1st.

---

**From:** Allison Jackson <ajackson@harlandlaw.com>
**Sent:** Monday, 22 June 2026 16:35:36
**To:** William Carlon <william@carlonlaw.com>

Ex. A, p. 8

**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Paul Heagerty <pheagerty@harlandlaw.com>
**Subject:** Re: CAT v. Kernen 3:24-cv-04067-SK

Ok let's do it July  1st. She doesn't have prepaid air etc and that's doable.

Get [Outlook for iOS](#)

---

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Monday, 22 June 2026 16:00:23
**To:** Allison Jackson <ajackson@harlandlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Paul Heagerty <pheagerty@harlandlaw.com>
**Subject:** Re: CAT v. Kernen 3:24-cv-04067-SK

Allison,

My prior email was sent a week ago and is no longer accurate.

We have accommodated every scheduling request made by your office to date. When I asked for your availability to depose Joseph Wilhelm, your earliest dates were about a month past what I requested: I asked in July for September, and your first availability was October. For Walt Dragaloski, I asked in January and your earliest dates were in April, three months out. For Yolynn, I asked in May and the earliest you offered was June. We accommodated your schedule each time, without complaint. I am asking for the same courtesy now, for a single short adjustment so a willing witness can appear on a date that works.

I'm not sure why it is relevant, but Lynne is travelling to Oregon and Washington, and she has made prepaid arrangements.

As I said before, I am not available the week of July 20th, and I need to be present for this deposition. Why can we not schedule this for the week of the 27th when all parties and counsel are available?

---

**From:** Allison Jackson <ajackson@harlandlaw.com>
**Sent:** Monday, June 22, 2026 3:15 PM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Paul Heagerty <pheagerty@harlandlaw.com>
**Subject:** Re: CAT v. Kernen 3:24-cv-04067-SK

WC:
Your earlier email says you are available for June 29.  We can do that then.  Or, Bill can do it.

Where is Ms. Owens going and is it prepaid?

If she provides me with this *basic* information, I will try and work with her, but you do *not* represent her. You told me that. I will try and work with her with the appropriate information but a unilateral decision by her to not be available won't work. Feel free to get me the information that I need *or I cannot call this off for her convenience.* I will *always* to what I can to accommodate any opposing counsel or witness, but this is not an invitation; it is a subpoena. I need the information that I have requested. Her deposition is not up to her as to time, or location, but I will do as much as *possible* to accommodate her by adjusting.

If she is back on the 19th, we can do it the 20, 21. I cannot go into August at all... that is a non-starter due my trial schedule. So, having either you *or* Bill available for any day during the week of July 20th may work, but *only* if Ms. Owens provides the information above.

Paul is out ill today, so get me the info, if she wishes me to consider moving the date.

We all forget to sometimes hit the reply all button, I would ask you again to make sure Paul is in the email chain.


*Allison G. Jackson*

**Harland Law Firm LLP**
212 G Street, Suite 201
Eureka, California 95501-0420
Telephone: 707.444.9281
Facsimile: 707.445.2961

CONFIDENTIALITY STATEMENT:
This message may be confidential and privileged. Use or disclosure by anyone other than the intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

---

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Monday, June 22, 2026 2:46 PM
**To:** Allison Jackson <ajackson@harlandlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>
**Subject:** Re: CAT v. Kernen 3:24-cv-04067-SK

Allison,

She leaves the 30th and returns the 19th.

I am not available this week, or the 29th. I am also not available the week of July 20th, which I've told you already. Therefore, the earliest available date is July 27th.

In the future, please be sure to copy my co-counsel on all communications in this matter.

Thank you,
Will

---

**From:** Allison Jackson <ajackson@harlandlaw.com>
**Sent:** Monday, June 22, 2026 2:21 PM
**To:** William Carlon <william@carlonlaw.com>
**Subject:** Re: CAT v. Kernen 3:24-cv-04067-SK

when is she leaving
where is she going
when will she be back

*Allison G. Jackson*

**Harland Law Firm LLP**
212 G Street, Suite 201
Eureka, California 95501-0420
Telephone: 707.444.9281
Facsimile: 707.445.2961

CONFIDENTIALITY STATEMENT:
This message may be confidential and privileged. Use or disclosure by anyone other than the intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

---

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Monday, June 22, 2026 2:20 PM
**To:** Allison Jackson <ajackson@harlandlaw.com>; Paul Heagerty <pheagerty@harlandlaw.com>; William Verick <wverick@igc.org>; dhwill7 <dhwill7@gmail.com>; brian <brian@brianacree.com>
**Subject:** Re: CAT v. Kernen 3:24-cv-04067-SK

Allison,

To be clear, Lynne is willing to appear for the deposition. She is just not available on the date that you unilaterally noticed without asking about her availability. This could have been avoided if you had checked with us first. I have given you the earliest dates that we are all available, let us know what you choose. We can't guarantee that those dates will remain open for long.

---

**From:** Allison Jackson <ajackson@harlandlaw.com>
**Sent:** Monday, June 22, 2026 2:10 PM
**To:** William Carlon <william@carlonlaw.com>; Paul Heagerty <pheagerty@harlandlaw.com>; William Verick <wverick@igc.org>; dhwill7 <dhwill7@gmail.com>; brian <brian@brianacree.com>
**Subject:** Re: CAT v. Kernen 3:24-cv-04067-SK

I am sorry but I cannot postpone the depositions that long.  when is she leaving, where is she going?  Prepaid or not.  I will try and look at my schedule.   I can move the depositions up but do not want to move them later.   However, she did tell the process server she wasn't coming no matter what.  Seems appropriate to deal with that issue now.

You did not disclose her address or phone in your initial disclosures.

*Allison G. Jackson*

**Harland Law Firm LLP**
212 G Street, Suite 201
Eureka, California 95501-0420
Telephone: 707.444.9281
Facsimile: 707.445.2961

CONFIDENTIALITY STATEMENT:
This message may be confidential and privileged. Use or disclosure by anyone other than the intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Monday, June 22, 2026 2:05 PM
**To:** Paul Heagerty <pheagerty@harlandlaw.com>; William Verick <wverick@igc.org>; dhwill7 <dhwill7@gmail.com>; brian <brian@brianacree.com>
**Cc:** Allison Jackson <ajackson@harlandlaw.com>
**Subject:** Re: CAT v. Kernen 3:24-cv-04067-SK

Allison,

I've spoken with Lynne and she is going to be out of the state, and not available for her deposition on the noticed date. You checked with me and Bill, but in the future it may make sense to see if the deponent is available too - we have extended that courtesy in scheduling depositions thus far.

Lynne, Bill, and I are available on the following dates:
July 27-29
Aug. 3-5, 10, 12, 14

Please let me know if any of those dates will work, otherwise, I can send you some additional dates to consider.

Thank you,
Will

---

**From:** Paul Heagerty <pheagerty@harlandlaw.com>
**Sent:** Thursday, June 18, 2026 3:52 PM
**To:** William Carlon <william@carlonlaw.com>; William Verick <wverick@igc.org>; dhwill7 <dhwill7@gmail.com>; brian <brian@brianacree.com>
**Cc:** Allison Jackson <ajackson@harlandlaw.com>
**Subject:** CAT v. Kernen 3:24-cv-04067-SK

Good afternoon:

Please see the attached deposition subpoena for service in the above-referenced matter.

Best Regards,

**Paul Heagerty**

Paralegal


**Harland Law Firm LLP**

212 G Street, Suite 201

Eureka, California 95501-0420

Telephone: 707.444.9281

Facsimile: 707.445.2961

www.harlandlaw.com

CONFIDENTIALITY STATEMENT:
This message may be confidential and privileged. Use or disclosure by anyone other than the intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

 **Outlook**

**Re: Californians for Alternatives to Toxics v. Kernen Construction Co., et al; Deposition of Lynne Owens**

**From** Allison Jackson <ajackson@harlandlaw.com>

**Date** Tue 6/30/2026 5:33 PM

**To**  Paul Heagerty <pheagerty@harlandlaw.com>; William Carlon <william@carlonlaw.com>

**Cc**  William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>

So she is a party.  Ok. You need to provide me with documentation as to why she is unavailable.   Inconvenience is not an excuse to ignore a subpoena    If she has prepaid trips, etc., I will consider it always.  Your dates are inconvenient and I cannot meet them.  So please provide me with the required documentation now with respect to why she cannot comply.  If it's suffices, I will try to move it, but your dates are not OK    But we're putting the cart before the horse, unless she has an inability to comply.

Please get back to me first thing tomorrow. As I said if she meets the unavailability standard because she has prepaid tickets or prepaid trip I will try to work with you.  But again inconvenience is not an excuse.

Thank you so very much
Allison

Get [Outlook for iOS](https://aka.ms/o0ukef)

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Tuesday, 30 June 2026 16:56:36
**To:** Allison Jackson <ajackson@harlandlaw.com>; Paul Heagerty <pheagerty@harlandlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>
**Subject:** Californians for Alternatives to Toxics v. Kernen Construction Co., et al; Deposition of Lynne Owens

Ms. Jackson,

I write to confirm my representation of Ms. Owens with respect to the deposition subpoena served on June 18th. Please direct all future communications to Ms. Owens to my office. I have previously informed you that Ms. Owens is not available on the noticed deposition date, and have tried to work with you to find a mutually-agreeable date for all parties to conduct the deposition. I believe the following dates are still available: July 27-29, Aug. 3-5, 10, 12, 14. Please let me know which one of those dates will work for you.

Ex. A, p. 15

Thank you,

William Carlon
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115


PRIVILEGE AND CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law as attorney client and work-product confidential or otherwise confidential communications. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication or other use of a transmission received in error is strictly prohibited.

 Outlook

---

**Re: Tomorrow and Lynne Owens**

---

**From** Allison Jackson <ajackson@harlandlaw.com>

**Date** Wed 7/1/2026 2:13 PM

**To** William Carlon <william@carlonlaw.com>; William Verick <wverick@igc.org>

**Cc** Paul Heagerty <pheagerty@harlandlaw.com>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>

William:

July 2 is a date *you* expressly agreed to.   We met and conferred through a lot of dates and I told you it had to be the first part of July.   Ms. Owens was expressly told that if there was a problem that I would discuss it with her and she had to call me.  I told you the same.  You and I expressly discussed that she needed to contact me to work out any problems.  You said you were not her attorney.   I would have done what I could to work with her but she refused to discuss it with me.  You were asked by me to have her call me so she and I could discuss what if any plans she had and if I could try to adjust.  Again, refused.   I even asked for *you* to produce the information and you refused.

It was not until 4:56 pm yesterday (June 30) that you sent an email stating that you that as of June 30, you now represent her for the deposition.  You said nothing about anything prepaid or anything else in yesterday's email.  In fact, I expressly asked for this type of information of prepaid unrefundable travel so I could work with her.  This was refused by you and by her.   I still have nothing.  No declaration, nothing prepaid, nothing whatsoever other than she will not show up.

Today I get your "objections" and for the first time asserting pre-paid plans with no declaration from her at all.  Nor you.  Her objection does not exempt her from her appearance tomorrow. Similarly, a deponent's unilateral desire or need to travel out of state after receiving a federal deposition subpoena is insufficient to obtain a protective order. The deponent must demonstrate "good cause" by presenting a specific, factual showing of undue burden or serious injury, rather than relying on generalized assertions of travel plans, to justify court intervention. This is exactly what I have been trying to get from her and from you for the last two weeks.

Frankly, I have been open with you that I would work with her to the extent I could if she would only call and we could work things out and provide some documentation.  Again, this was refused.

No documentation from either of you, no motion to quash, nothing other than a flat refusal to establish why she would be unavailable, even after I repeatedly said with some documentation, that I would work with her to the extent I could

Both you and Ms. Owens have created this situation.  It is not an "emergency" but one which she created and one that you created.

I understand that from your response to my email that you intend on filing an ex parte motion for a protective order even though both she and you created this situation.  I don't believe such is authorized by statute as required by FRCP the local rules.  I also object to you filing an ex parte on this basis as I don't see it authorized by rule 26.

I will make my record tomorrow and we will have to work this out with Judge Kim.  But, all of this could have been avoided by her calling and providing me with the basic information that I requested time and time again, if her claims were true.  Unfortunately, both she and you still won't provide that to me.  All of my emails have been very clear that with some type of verification I would try my best to work with her, but inconvenience because she didn't like the date was not a reason.    Your refusal to do so now puts you in the position of attempting to use Rule 26 when no good cause exists.

We will need to speak tomorrow regarding putting together a joint brief on your refusal to produce documents.  I will have to go forward with a motion on that issue and will attempt to have it all before Judge Kim as soon as possible.

If you intend to attempt an ex parte you are directed to include my emails of today on this matter and inform the court that I object.

Best regards,
*Allison G. Jackson*

**Harland Law Firm LLP**
212 G Street, Suite 201
Eureka, California 95501-0420
Telephone: 707.444.9281
Facsimile: 707.445.2961

CONFIDENTIALITY STATEMENT:
This message may be confidential and privileged. Use or disclosure by anyone other than the intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

---

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Wednesday, July 1, 2026 12:40 PM
**To:** Allison Jackson <ajackson@harlandlaw.com>; William Verick <wverick@igc.org>
**Cc:** Paul Heagerty <pheagerty@harlandlaw.com>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>
**Subject:** Re: Tomorrow and Lynne Owens

Dear Ms. Jackson,

I want to correct several characterizations in your email and then propose a path forward.

First, the March 2025 statements you reference were made in response to the document requests Defendants propounded on Plaintiff CAT. The objection was that those requests sought documents in Ms. Owens's possession and improperly asked CAT to produce them. Nothing in that objection is

inconsistent with my representing Ms. Owens - a nonparty member and standing witness - for purposes of her deposition. Representing a nonparty witness does not make her a party. Also, while I didn't represent Ms. Owens then, I do now.

Second, on service: CAT's initial disclosures state that Ms. Owens can be reached through CAT's counsel. You never told us whom you intended to depose, never advised us that you were having difficulty locating Ms. Owens, and never asked us for her contact information. Had you done so, the effort and expense you describe would have been unnecessary.

Third, Ms. Owens is unavailable on July 2 because she has prepaid, prearranged travel out of state, in Oregon and Washington, that predates service of the subpoena. I informed you of her unavailability on June 22 - ten days before the noticed date - and have since repeatedly sought to meet and confer on a mutually agreeable date, offering July 27-29, August 3-5, August 10, August 12, and August 14. You have declined each of these as merely inconvenient to your schedule.

I reject the suggestion of gamesmanship or discovery abuse. The record reflects the opposite: timely notice of a legitimate conflict and repeated good-faith efforts to reschedule.

Because you have indicated you intend to proceed tomorrow notwithstanding Ms. Owens's unavailability, and because we have been unable to agree on an alternative date, CAT and Ms. Owens will have no choice but to seek ex parte relief from the Court in the form of a protective order rescheduling the deposition to a date on which the deponent and all counsel are available. We remain willing to avoid that motion if you will accept any of the dates we have offered, or propose another that works for all parties.

Please be sure to copy all of my co-counsel on all communications in this case. This is the second request that I have made to this effect.

Regards,
Will Carlon

---

**From:** Allison Jackson <ajackson@harlandlaw.com>
**Sent:** Wednesday, July 1, 2026 12:07 PM
**To:** William Carlon <william@carlonlaw.com>; William Verick <wverick@igc.org>
**Cc:** Paul Heagerty <pheagerty@harlandlaw.com>
**Subject:** Tomorrow and Lynne Owens

Dear William:

Your entire complaint is based upon Lynne Owens.  Your Rule 11 disclosures did not give any address information nor telephone information other than she can be reached through you.  She is  really your only fact witness in the disclosures.  Early on in March of 2025 you stated that: 1) Owens is not a party and you don't represent her; 2) that Owens is a member of Plaintiff's association, but not an employee; and 3) you/CATS cannot compel Owens to turn over any documents that your client does not have since she isn't a party or a party employee.

I had to hire an investigator to track Owens down and serve her subpoena since a third-party subpoena must be personally served.   You know she moved from the Glendale residence last fall.  We were *finally* able to track her down on June 18th.  She was directed to appear at my office on July 2, 2026, at 10 a.m.  (this was also a date that you said you were available too.)  The subpoena also required production of documents and directed a wide category of documents as a catch all. But to be candid, I believed that she would not produce much.   I broke it down in depth to help her, but essentially it covers anything she has regarding the Defendant's facility that she has been attempting to shut down for years.

The subpoena told Owens to call me if there were any problems, and the investigator told her the same. Owens did not call, nor write, then or now.  Instead, you contacted me in numerous emails asserting she was unavailable.  I told you that if she had pre-paid plans I would try and work with her, but that you weren't her attorney, and she needed to call me.   I clearly told you that the dates you said were convenient for you at the end of July (July 27-29) would not work for me and that August I was in trial so that was out. I did have the week of the July 20th available, but you said that it was not convenient for you.   Again, I told you to have Owens call me or for you to provide me with information regarding why Owens' was unavailable and not just that this was inconvenient.  You still have never done that.   I have a very impacted schedule now, and she is your entire case.

After I pointed out in our brief email exchanges that you didn't represent her and I needed to hear from her and would work with her as much as I could, you went radio silent.  Her subpoena is for tomorrow morning.  Yesterday afternoon June 30th at close of business (4:56 pm) you sent an email saying now you represent her for the deposition and she's not coming.   You and I were in deposition yesterday and you waited until an hour after we finished and also at the close of business to shoot off that email.  You reiterated the only dates preferable to your client CATs that you did earlier, and I told you I had conflicts with.  I saw the email when I arrived home and responded again, that you haven't provided me with anything to establish her refusal to attend was based on anything other than inconvenience and that is insufficient.  I reiterated that I always try to work with people, but you have given me unworkable dates and no justification to reschedule anything.

Now this morning I get your "Objection" to the production of documents and attendance at the depo 24 hours before the deposition.  No declarations, no motion, nothing other than boiler plate objections that make no sense, and which cannot be viewed as being made in good faith.  You didn't produce anything at all. Your responses indicate that you have responsive documents from her but aren't producing them due to a number of frivolous reasons.  I am sure that the Magistrate Judge will agree with my assessment.

The deposition will go forward tomorrow at the scheduled time.  The subpoena is a court order; it is not an invitation to be rsvp'd.  I expect her to be here.  I expect you to be here.  The court reporter has indicated that you have not reached out to her to appear virtually, but I will have my office reach out to the reporter today to try and get you a link just in case.  If your client fails to appear, I will raise the matter with the court and seek sanctions. Owens is the sole fact witness in your Rule 11 initial disclosures.  Your entire complaint revolves around her.  I will see you both tomorrow morning.  To be frank, I resent discovery abuse and feel that this is gamesmanship.


*Allison G. Jackson*

**Harland Law Firm LLP**
212 G Street, Suite 201
Eureka, California 95501-0420

Telephone: 707.444.9281
Facsimile: 707.445.2961

CONFIDENTIALITY STATEMENT:
This message may be confidential and privileged. Use or disclosure by anyone other than the intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.