WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorney for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS
Attorney for Nonparty Deponent
LYNNE A. OWENS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, <br><br> Plaintiff, <br><br> v. <br><br> KERNEN CONSTRUCTION CO., et al., <br><br> Defendants. | Case No. 3:24-cv-04067-SK <br><br> **DECLARATION OF WILLIAM N. CARLON IN SUPPORT OF MOTION TO SHORTEN TIME** |

**DECLARATION OF WILLIAM N. CARLON**

I, William N. Carlon, declare as follows:

1.      I am an attorney licensed to practice law in California and admitted to practice before this Court. I am the attorney of record for Plaintiff Californians for Alternatives to Toxics ("CAT") in this action, and I represent nonparty deponent Lynne A. Owens for purposes of the deposition subpoena described below. I make this declaration under Civil Local Rule 6-3(a) in support of the Motion to Shorten Time. The facts stated here are within my personal knowledge, and if called as a witness I could and would competently testify to them.

2.      Reasons for the requested shortening of time. Defendants served Ms. Owens with a subpoena setting her deposition for July 2, 2026 at 10:00 a.m. in Eureka, California. Ms. Owens is unavailable on that date because of prepaid, out-of-state travel that was arranged before the

Mot. to Shorten Time (L.R. 6-3)              1              Case No. 3:24-cv-04067-SK

subpoena was served. Defendants' counsel has declined to reschedule the deposition and has stated that she intends to proceed on July 2, 2026. Because the noticed date is July 2, 2026, the ordinary notice and briefing periods cannot be met, and the underlying Motion must be heard before that date if it is to have any effect.

3. Efforts to obtain a stipulation. I have made repeated efforts to resolve this matter without motion practice and to obtain Defendants' agreement to a change of the deposition date. On June 22, 2026, I notified Defendants' counsel of Ms. Owens's unavailability and offered numerous alternative dates. I also telephoned Defendants' counsel to meet and confer; she was not available, and as of the time of this filing she has not returned my call. Defendants' counsel has declined each proposed date as inconvenient and has not agreed to reschedule the deposition or to any change in the timing of this dispute. I have therefore been unable to obtain a stipulation.

4. Substantial harm or prejudice absent a shortening of time. If the Court does not shorten time, the July 2, 2026 deposition will be set to proceed while Ms. Owens is unavailable and out of state. Ms. Owens would be unable to appear, exposing her to a motion for sanctions, or the Moving Parties would be forced to litigate this dispute only after the compliance date has passed, by which point the harm of compelling a nonparty to appear during pre-arranged, out-of-state travel could not be undone. Expedited consideration before July 2, 2026 is necessary to avoid that harm.

5. Compliance with Civil L.R. 37-1(a) and nature of the underlying dispute. This motion seeks to shorten time for the Court to hear the Underlying Motion, which concerns a discovery dispute. Counsel have conferred: the parties have communicated extensively by email regarding the scheduling of Ms. Owens's deposition, and I telephoned Defendants' counsel in a further effort to confer, but she was not available and has not returned my call. The underlying dispute is whether Ms. Owens's deposition should proceed on July 2, 2026 or be reset. The Moving Parties' position is that Ms. Owens is unavailable on July 2 for reasons that predate the subpoena, that the date was set without confirming the witness's availability, and that the deposition should be reset to a mutually convenient date or the subpoena modified under Federal Rule of Civil Procedure 45(d)(3). Defendants' position, as stated by their counsel, is that the deposition should go forward on July 2, 2026 as noticed, that the dates the Moving Parties offered are inconvenient, and that Ms. Owens's

unavailability has not been adequately substantiated.

6.    Effect on the schedule for the case. The requested time change concerns only the scheduling of a single nonparty deposition and would have no material effect on the overall schedule for the case. The alternative deposition dates the Moving Parties have offered fall within the current discovery period. Fact discovery closes September 30, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 1, 2026, at Napa, California.

_____

William N. Carlon