**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS<br><br>Plaintiff,<br><br>vs.<br>KERNEN CONSTRUCTION CO., et al.,<br><br>Defendants. | Case Number: 3:24-cv-04067-SK<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference: **October 5, 2026** |

The parties to the above-entitled action jointly submit this FURTHER JOINT CASE MANAGEMENT STATEMENT pursuant to Civil Local Rule 16-10.

1. Jurisdiction & Service

No changes from the parties' prior statements. (See ECF No. 65.)

2. Plaintiffs' Facts

No changes from the parties' prior statements. (See ECF No. 65.)

3. Legal Issues.

No changes from the parties' prior statements. (See ECF No. 65.)

4. Motions.

Defendants filed a motion to dismiss, (Docket No. 17), and Plaintiff filed an amended Complaint, (Docket No. 20). The amended complaint mooted the motion to dismiss. Defendants filed a second motion to dismiss the amended complaint, (Docket No. 21), and that

motion was denied (Docket No. 38). No other motions are pending at this time. Plaintiff anticipates filing a Motion for Summary Judgment.

Defendants anticipate filing motions to exclude witnesses not disclosed by Plaintiff in Plaintiff's Initial Disclosures as Plaintiff supplemented the disclosures on July 1, 2026 and August 31, 2016 to add 21 additional names. The parties have met and conferred on this issue, but Defendants will meet and confer again to see if that can be avoided. Defendants also anticipate filing a discovery brief or a motion to exclude testimony from Plaintiff's witness Lynn Owens who is a member of Plaintiff's group and represented by Plaintiff's counsel. Her deposition was suspended when she failed to bring any documents or videos claiming she had destroyed them. Defendants will meet and confer with Plaintiff's counsel on this issue prior to filing anything.

5. Amendment of Pleadings

None are anticipated at this time.

6. Evidence Preservation

No changes from the parties' prior statements. (See ECF No. 65.)

7. Disclosures

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the parties completed initial disclosures on November 7th and 8th, 2024.

8. Discovery

Plaintiff propounded written discovery in October 2024, and Defendants provided responses. Plaintiff conducted an inspection of Defendants' property in November 2024. Defendants propounded written discovery in February 2025, and Plaintiff responded. In June 2025, Plaintiff conducted the deposition of Defendants' designated persons pursuant to Rule 30(b)(6). In August 2025, Plaintiff conducted a 3rd party deposition. In September 2025, Plaintiff propounded its second set of written discovery and Defendants responded. Plaintiff conducted another 3rd party deposition in April 2026. Since the parties' last statement, the parties have conducted the remaining non-expert depositions, including depositions of

Defendants' employees and of third-party witnesses, and anticipate that non-expert discovery will be completed by the September 30, 2026 cutoff.

Defendants have taken the deposition of Plaintiff's main percipient witness Lynn Owens which has not been completed and cannot be until after the current deadline. This court has indicated that the scheduling could be moved if necessary with respect to Ms. Owens deposition in an earlier deposition dispute. Defendants request that the court move the current date for the closure of fact discovery to accommodate the conclusion of the deposition and any briefing regarding her failure to bring subpoenaed records to her deposition as well as the failure of her to preserve evidence. Plaintiff opposes Defendants' request to move the close of fact discovery. Ms. Owens served written objections to Defendants' document subpoena on July 15, 2026, so Defendants have known since then that she objected to producing the records at issue. The objections and responses also addressed Defendants' claims regarding evidence preservation issues. Defendants had ample time to raise that dispute with the Court in advance of her deposition, but they chose not to do so.

**Proposed Discovery Plan**

(A) Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures will be made.

Other than the time to exchange initial disclosures, discussed above, no changes to the timing, form, or requirement for disclosures under Rule 26(a) are necessary in this case, at this time.

(B) Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues.

Plaintiff has conducted a combination of written discovery, depositions, and site inspections of the Facility. Plaintiff will conduct expert discovery in accordance with the schedule below.

*Current Discovery Schedule:*

September 30, 2026: Completion of non-expert discovery;

December 1, 2026: Last day for expert disclosure and exchange of expert reports;

December 30, 2026: Last day to exchange expert rebuttal reports;

January 20, 2027: Completion of expert discovery;

(C) Issues about disclosure, discovery, or preservation of ESI.

The documents at issue in this case are relatively few, and many of them have already been produced in the two prior actions. The parties anticipate the ESI portion of discovery in this case to be relatively minor.

(D) Issues about claims of privilege or of protection as trial-preparation materials.

The Court has entered the parties' stipulated protective order governing the disclosure and use of designated confidential information. (ECF No. 55.)

(E) Change to the limitations on discovery imposed under the Federal Rules.

The parties do not anticipate a need to modify the discovery rules at this time.

(F) Any other order the Court should issue under Rule 26(c), or Rule 16(b) and (c).

The parties do not believe any other orders need to be issued at this time.

Defendants will conduct expert discovery per the current order, but ask the court to modify the current close of fact discovery for 60 days to conclude the Owens deposition and allow the parties to meet and confer regarding the destruction of evidence by Ms. Owens who is the percipient witness in the complaint and a member of Plaintiff organization CATs

9. Class Actions

Not applicable.

10. Related Cases

There are no currently-pending related cases, though this case is related to case numbers 4:16-cv-04007-YGR, and 4:20-cv-01348-YGR.

11. Relief

As set forth below, Plaintiff seeks declaratory and injunctive relief, as well as civil penalties. Plaintiff does not seek damages, and so cannot provide a good faith assessment of damages as ordered by the Court (*see* ECF No. 67 at 1:24-26.) Plaintiff seeks the following relief:

a. For the Court to declare Defendants to have violated and to be in violation of the General Permit and the Clean Water Act as alleged in Plaintiff's Amended Complaint;

b. For the Court to enjoin Defendants from discharging polluted storm water from the Facility except as authorized by the General Permit;

c. For the Court to enjoin Defendants from further violating the substantive and procedural requirements of the General Permit;

d. For the Court to order Defendants to immediately implement storm water pollution control technologies and measures that satisfy BAT and BCT and that prevent pollutants in the Facility's storm water from contributing to violations of any water quality standards;

e. For the Court to order Defendants to comply with the General Permit's monitoring and reporting requirements, including ordering supplemental monitoring to compensate for past monitoring violations;

f. For the Court to order Defendants to prepare a SWPPP for its Facility consistent with the General Permit's requirements and implement procedures to regularly review and update the SWPPP;

g. For the Court to order Defendants to pay civil penalties of $68,445 per day per violation for all violations occurring after November 2, 2015, pursuant to Sections 309(d) and 505(a) of the Act, 33 U.S.C. §§ 1319(d) and 1365(a) and 40 C.F.R. §§ 19.1–19.4;

h. For the Court to order Defendants to take appropriate actions to restore the quality of navigable waters impaired or adversely affected by their activities;

i. For the Court to award Plaintiff's costs and fees (including reasonable investigative, attorney, witness, compliance oversight and consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d); and,

j. For the Court to award any such other and further relief as this Court may deem appropriate.

Defendants seek a full dismissal of this suit as they have not violated the Act and have not discharged storm water from the facility on any of the dates set forth in the Notice Letter of Violation. Defendants will seek their reasonable attorney fees and costs as authorized by statute.

12. Settlement and ADR

The parties have engaged in settlement discussions and were referred to Magistrate Judge Illman to conduct a settlement conference. The parties completed that settlement conference, but did not reach a settlement. No settlement discussions are ongoing at this time. If settlement discussions re-start, Plaintiff is amenable to returning to Magistrate Judge Illman for a further settlement conference.

Given the state of the evidence, the initial disclosures and the discovery, while Defendants are amendable to returning to Magistrate Illman, nothing short of a dismissal will resolve this matter.

13. Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues

Plaintiff anticipates filing a motion for summary judgment in order to narrow the issues for trial in this matter. Plaintiff does not believe this case is suitable for any other mechanisms for narrowing or expediting trial presentation.

15. Expedited Trial Procedure

This matter is not suitable for the Expedited Trial Procedure of General Order No. 64, Attachment A.

16. Scheduling

Completion of non-expert discovery: September 30, 2026; Defendant seeks a modification of this to extend it for Lynn Owens by an additional 60 days;

Last day for expert disclosure and exchange of expert reports: December 1, 2026;

Last day to exchange expert rebuttal reports: December 30, 2026;

Completion of expert discovery: January 20, 2027;

Last day to hear dispositive motions: April 26, 2027

Pretrial conference: July 30, 2027 at 1:30 p.m.

Trial: August 31, 2027 – September 7, 2027, between 8:30 a.m. and 2:00 p.m. Tuesday through Friday.

17. Trial

The Court has ordered:

A. Bench trial will begin on August 31, 2027 at 8:30 a.m. in Courtroom C on the 15th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102.

B. The length of the trial will not be more than five days.

C. Trial normally will be conducted from 8:30 a.m. to 2:00 p.m. (or slightly longer to finish a witness) with two fifteen-minute breaks, Tuesday through Friday excluding holidays. This schedule may be modified at the discretion of the Court. (ECF No. 67.)

18. Disclosure of Non-party Interested Entities or Persons

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Pursuant to Civil L.R. 3-15, as of this date, other than the named parties, there is no such interest to report.

19. Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Other

Not Applicable.

Dated: September 28, 2026 /s/ William Carlon

Counsel for plaintiff

Dated: September 28, 2026 /s/ Allison Jackson

Counsel for defendant

**ATTESTATION**

Pursuant to L.R. 5-1(i)(3), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

/s/ William N. Carlon

William N. Carlon