Allison G. Jackson, State Bar No. 157078
HARLAND LAW FIRM LLP
212 G Street, Suite 201
Eureka, CA 95501
Telephone: 707-444-9281
Fax: 707-445-2961
ajackson@harlandlaw.com

Attorneys for Defendants
KERNAN CONSTRUCTION CO.,
BEDROCK INVESTMENTS LLC,
SCOTT FARLEY and KURT KERNEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRUCTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN,<br><br>Defendants. | Case No. 3:24-cv-04067-SK<br><br>JOINT LETTER BRIEF REGARDING EXCLUSION OF PLAINTIFF'S SUPPLEMENTAL RULE 26(e) DISCLOSURES |

Dear Magistrate Judge Kim:

The parties submit this joint letter brief regarding their discovery dispute regarding exclusion of Plaintiff's Supplemental Rule 26(e) Disclosures. Pursuant to Civil Local Rule 37-1 and the Court's Standing Order, the parties certify that they have met and conferred telephonically in a good-faith effort to reach a resolution to the dispute addressed herein without the Court's intervention; however, the parties were unable to reach an agreement. The parties further certify that they have complied with the Northern District's Guidelines for Professional Conduct prior to the filing of this joint letter. The parties hereby submit this Joint Letter Brief and respectfully request the Court's assistance in resolving this dispute.

I. DEFENDANTS' STATEMENT.

Defendant respectfully submits this letter brief in support of its request that the Court preclude Plaintiff from using any of the twenty-one (21) witnesses identified for the first time in Plaintiff's supplemental disclosures served approximately ninety (90) days before the close of discovery. As set forth below, Plaintiff's late disclosures violate USCS FRCP 26, 26(e), and 37(c)(1), are neither substantially justified nor harmless, and were with full knowledge that neither party could conduct meaningful discovery on these witnesses within the remaining discovery window.

A. Background.

Plaintiff filed this action on July 5, 2024. Plaintiff served its initial disclosures on November 8, 2024. Despite Plaintiff's obligation to identify "each individual likely to have discoverable information that the disclosing party may use to support its claims," Plaintiff disclosed only 5 witnesses at that time. See USCS Fed Rules Civ Proc R 26.

Discovery is scheduled to close on September 30, 2026. With approximately ninety (90) days remaining in the discovery period, Plaintiff served a supplemental disclosure adding nineteen witnesses on July 1, 2026. On August 31, 2026, plaintiff added two more witnesses for a total of twenty-one (21) previously undisclosed witnesses. (exact copies of the disclosures submitted separately)Plaintiff possessed actual knowledge of all twenty-one individuals at the time of the initial disclosures. Among these witnesses is Matt Lang, an employee of Plaintiff—a witness to whom Plaintiff has had direct and unfettered access since the inception of this litigation. Other witnesses added include people with whom Plaintiff had reports/significant email exchanges with prior to Plaintiff making the initial disclosures November 8, 2024. The addition of six of these witnesses is neither justified nor harmless: Matt Lange (plaintiffs employee); Jarl Johanson, Cindy Trobitz and Vince Thomas (part of a neighbor group trying to shut Defendant down with emails from Plaintiff's counsel); Dan Free, significant cc exchanges of emails; Walt Dragoloski, listed in a report by Farzad Kasmei who is a plaintiff initial disclosure witness and was clearly known by

Plaintiff at the time of the initial disclosures); William Gilmer, 17 yr domestic partner of Lynn Owens who is primary principal witness and member of Plaintiff CAT's with emails between himself and Plaintiff's counsel prior regarding drone footage he took of Defendants property to and at the time of filing and before initial disclosures.

The circumstances surrounding the timing of this disclosure make plain that the supplemental disclosures were not the product of newly discovered information, but a tactical maneuver. Plaintiff's counsel knew at the time of the supplemental disclosures that: (1) Plaintiff's own counsel would be unavailable for the first thirty (30) days of the remaining discovery window; and (2) Defense counsel would be unavailable for the following thirty (30) days. This scheduling reality left Defendant with a mere thirty (30) days—at best—to investigate, schedule, and depose twenty-one newly disclosed witnesses before the close of discovery.  This was discussed in an earlier conference with this court moving Owen's deposition from July 8 to September 8.

B. <u>Legal Standard</u>.

Rule 26(e)(1)(A) imposes a continuing duty to supplement those disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Where a party fails to comply Rule 37(c)(1) mandates exclusion "unless the failure was substantially justified or is harmless." USCS Fed Rules Civ Proc R 37. This sanction is "self-executing" and "automatic." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001). The burden of proving substantial justification and harmlessness rests *entirely* on the party who failed to make the disclosure. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008); *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185 (9th Cir. 2022).

C. <u>Argument</u>.

Plaintiff's failure to initially disclose these twenty-one witnesses was not a mistake; it was a violation of Plaintiff's core obligation under Rule 26(a). Plaintiff's own document production reveals that at the time initial disclosures were served, Plaintiff's counsel had emails exchanged with 6 witnesses (listed above) one of which is Plaintiff's

own employee . One witness (Dragoloski) is prominent in a report that the CWA complaint is based on and this was in the possession of Plaintiff at the time of filing; the report writer (Kasmei) was listed in the November 8, 2024 initial disclosure but not Dragoloski even though he was known to Plaintiff based upon the report they used to file their complaint. Plaintiff possessed *actual* knowledge of every one of these six listed witnesses on November 8, 2024. There are four other witnesses discussed above, Gilmer, Free, Trobitz and Thomas were absolutely known to Plaintiff and Owens (the only percipient witness in the initial disclosures) and were clearly known to plaintiff and plaintiffs counsel when the complaint was filed and also when the initial disclosure were made. Plaintiff ignores even attempting to address its burden on these 6.

Rule 26(a)(1)(A)(i) does not permit a party to withhold known witnesses while waiting for a strategically opportune moment to disclose. It permits *immediate* timely supplementation when a party "learns" information it did not previously possess; it does not authorize the belated disclosure of individuals a party has known about since the inception of the lawsuit. In this matter, it possessed the “information” all along.

This violation is compounded by the fact that one of the twenty-one witnesses is Plaintiff's own employee. A party has a direct relationship with its own employees. Courts have consistently held that a party cannot claim ignorance of the information possessed by its own personnel. See *Donovan v. Forbes*, 614 F. Supp. 124; *Hurst v. Sam's East, Inc.*, 2010 U.S. Dist. LEXIS 2196. Plaintiff's failure to disclose its own employee in the initials is indefensible.

Plaintiff cannot and has not carried its burden to establish substantial justification for the near two-year delay in disclosing these twenty-one witnesses shortly before the close of discovery. Substantial justification requires that the non-disclosing party's position have a reasonable basis in both law and fact, such that reasonable persons could differ as to whether the disclosure was required. *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152 (M.D. Pa. 1999). Plaintiff also did not immediately disclose as required in a timely manner. There is no explanation at all as to why the 21,

and specifically the named 6 were not disclosed initially. Plaintiff totally ignores its burden to establish it had substantial justification for not disclosing these witnesses in its initial disclosure.

The circumstances surrounding the timing of Plaintiff's supplemental disclosures remove any doubt that the disclosure was anything other than harmful. Plaintiff has no explanation at all for the failure to disclose initially. Also, Plaintiff's counsel served these disclosures with full knowledge that: Plaintiff's own counsel would be unavailable for most of the first 30 days of the remaining 90-day window, rendering immediate follow-up by Plaintiff itself impractical; and that Defense counsel would be unavailable for the following 30 days, effectively ensuring that Defendant could not begin meaningfully investigating or scheduling depositions of twenty-one new witnesses until, at best, the final thirty days of the discovery period. The issue of unavailability was discussed during the Owens deposition dispute.

This was not a mistake that might be considered harmless. See Advisory Committee Notes to Rule 37(c)(1). It was a deliberate decision to introduce twenty-one previously withheld witnesses at a moment most likely to neutralize Defendant's ability to respond and this weighs heavily in favor of exclusion. *See Yeti by Molly, Ltd.*, 259 F.3d at 1106. All offers to resolve this problem have been rejected so Defendant seeks the relief below.

D. Relief Requested.

Defendant respectfully requests that the Court: 1) Exclude all twenty-one witnesses identified for the first time in Plaintiff's supplemental disclosures from being used to supply evidence on any motion, at any hearing, or at trial per Federal Rule of Civil Procedure 37(c)(1); or 2) or exclude the six specifically named witnesses listed above; 3) in the alternative, stay all proceedings related to Plaintiff's newly disclosed witnesses *and* order *Plaintiff to bear all costs and fees associated with any depositions required to cure the prejudice caused by the late disclosure; and award Defendant its*

*reasonable attorney's fees and costs incurred in connection with this motion, pursuant to USCS Fed Rules Civ Proc R 37(A).*

II. PLAINTIFF'S STATEMENT.

Plaintiff supplemented its Rule 26(a)(1) disclosures on July 1, 2026, ninety-one days before the close of non-expert discovery, and again on August 31, 2026, as Rule 26(e) requires. Defendants took no discovery on any of the witnesses, ignored Plaintiff's written offer to schedule depositions, and now, on the day of the cutoff, ask the Court to bar every one of them. The request should be denied.

A. Background.

Plaintiff served initial disclosures on November 8, 2024. Non-expert discovery closes September 30, 2026; expert disclosures are due December 1, 2026; and the bench trial begins August 31, 2027. (ECF No. 67.) Plaintiff's July 1 supplement identified nineteen additional witnesses; the August 31 supplement identified two more. Walt Dragaloski, whom Defendants single out, was deposed in April 2026 on Plaintiff's notice, and Defendants cross-examined him.

Defendants did not notice or subpoena any other listed witness, ask Plaintiff for dates, or seek relief from the Court. Defendants' statement that Plaintiff's counsel was unavailable for the first thirty days after the July 1 supplement is incorrect. The only availability discussion between counsel concerned whether Plaintiff's counsel and nonparty Lynne Owens were available for her deposition, not any of the witnesses at issue here. And even for that deposition, counsel informed Defendants on June 22 that they were available for at least three days in July, July 27 through 29. Defendants first objected to the supplements at the September 2 meet and confer. Plaintiff's same-day email offered to schedule any deposition Defendants wanted before the cutoff. Defendants did not respond; on September 22 they said they would draft this letter.

B. The Supplements Were Timely Under Rule 26(e).

Plaintiff's supplements complied with Rule 26(e). Rule 26(a)(1)(A)(i) reaches only individuals "that the disclosing party may use to support its claims or defenses,"

and Rule 26(e)(1)(A) requires supplementation "in a timely manner." "[A]s case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use." Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment. Supplements "should be made at appropriate intervals during the discovery period." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment. The decisions excluding late-identified fact witnesses accordingly involve disclosure after the cutoff, or so close to it that no deposition could be taken. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862–63 (9th Cir. 2014) (witnesses disclosed fifteen months after discovery closed); *Voyager Indem. Ins. Co. v. Miller*, 674 F. Supp. 3d 765, 769 (N.D. Cal. 2023) (Kim, M.J.) ("[b]ecause discovery closed . . . , Voyager was not able to take her deposition"). Supplementing "before the close of discovery" is the compliant course. *See Palmer v. Cognizant Tech. Sols. Corp.*, No. CV 17-6848-DMG (PLAx), 2023 U.S. Dist. LEXIS 111040, at *4–5 (C.D. Cal. May 16, 2023).

Plaintiff's supplements fall on the timely side of that line, served with three months and one month of discovery remaining and a year before trial. Defendants' premise – that a witness whose existence a party knew of at the outset can never be added later – reads the "may use" limitation out of Rule 26(a)(1)(A)(i) and turns the duty to supplement into a prohibition. Defendants cite no decision excluding a witness disclosed three months before the cutoff. Their refrain that Plaintiff offers "no explanation" for omitting these witnesses in November 2024 assumes its conclusion: Rule 26(a)(1)(A)(i) required Plaintiff to list only the witnesses it then intended to use, and Rule 37(c)(1) asks whether the later supplement was timely and, if not, whether the omission was harmless.

C. Any Deficiency Is Harmless Because Defendants Declined to Cure It.

Even if a supplement were late, exclusion would be improper because the failure is harmless, and Rule 37(c)(1) requires no justification for a harmless failure. Exclusion

"is not appropriate if the failure to disclose the required information is substantially justified or harmless," judged by "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1191–92 (9th Cir. 2022) (reversing Rule 37(c)(1) exclusion) (internal quotation marks omitted). A violation is harmless where the opponent "made no effort whatsoever to depose" a witness disclosed weeks before the cutoff. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). The Advisory Committee's paradigm of a harmless violation is "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties." Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment. And where a late disclosure has caused prejudice, the cure is a deposition, which puts the opposing party "in the same position it would have been in had a proper and timely disclosure been made." *Perata v. City & Cnty. of S.F.*, No. 21-cv-02819-TSH, 2023 U.S. Dist. LEXIS 221161, at *9 (N.D. Cal. Dec. 12, 2023).

Every factor favors Plaintiff. There is no surprise: the witnesses and their subjects were disclosed in writing while discovery was open, Defendants cross-examined Mr. Dragaloski five months ago, and Defendants say they identified the witnesses they discuss in Plaintiff's own document production – the "known to all parties" situation the Advisory Committee describes. Any prejudice was curable, and Defendants chose not to cure it: they had ninety-one days to depose the July 1 witnesses, declined Plaintiff's written offer to schedule depositions – an offer Plaintiff renewed in the meet and confer effort here – and, as in *Lanard Toys*, have made no effort to depose any of them. The harm this Court identified in *Voyager* – a witness who could not be deposed because discovery had closed – exists here only by Defendants' choice. Trial is eleven months away and expert discovery has not begun, so nothing is disrupted. And there is no bad faith: the supplements were served months before the cutoff, and Defendants' "tactical maneuver" narrative rests on an account of counsel's

availability that is inaccurate and that, as Defendants now acknowledge, "was discussed during the Owens deposition dispute."

D. The Relief Requested Is Premature and Overbroad.

Defendants' request is also premature and overbroad. Rule 37(c)(1) bars use of an undisclosed witness "to supply evidence on a motion, at a hearing, or at a trial"; it operates when the witness is offered. *See Coleman v. Schwarzenegger*, Nos. CIV S-90-0520 LKK JFM P, C01-1351 TEH, 2008 U.S. Dist. LEXIS 111654, at *20 (E.D. Cal. Aug. 14, 2008) (preclusion request "premature" where party had not attempted to use the material). The Case Management and Pretrial Order channels such objections into motions in limine. (ECF No. 67 at 4.) Defendants ask the Court to exclude twenty-one witnesses, most of whom their letter does not discuss, before Plaintiff has offered any of them for any purpose. Their fee request fails too: Rule 37(c)(1)(A) reaches only expenses "caused by the failure," and Defendants incurred none.

E. Plaintiff's Position and Proposed Compromise.

Plaintiff's position is that the request should be denied in its entirety. Defendants declined every opportunity to depose these witnesses while discovery was open, and they should not be permitted to extend discovery now on the strength of the objections above. Plaintiff's proposed compromise: without conceding that either supplement was untimely, and only if the Court concludes that a cure is warranted, Plaintiff will not oppose an order permitting Defendants to designate, within fourteen days of the order, any witness identified in the July 1 or August 31 supplement whom they wish to depose, and to complete those depositions within thirty days of the order, with each side bearing its own costs and the non-expert discovery cutoff otherwise unchanged. Plaintiff will work with Defendants and the nonparty witnesses to schedule those depositions promptly.

//

//

Dated: September 30, 2026

LAW OFFICE OF WILLIAM CARLON

*/s/ William Carlon*
William Carlon
Counsel for Plaintiff

HARLAND LAW FIRM LLP

*/s/ Allison G. Jackson*
Allison G. Jackson
Counsel for Defendants

**ATTESTATION**

Pursuant to L.R. 5-1(i)(3), the Filer attests that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

/s/ Allison G. Jackson
Allison G. Jackson