Allison G. Jackson, State Bar No. 157078
HARLAND LAW FIRM LLP
212 G Street, Suite 201
Eureka, CA 95501
Telephone: 707-444-9281
Fax: 707-445-2961
ajackson@harlandlaw.com

Attorneys for Defendants
KERNAN CONSTRUCTION CO., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRUCTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN,<br><br>Defendants. | Case No. 3:24-cv-04067-SK<br><br>JOINT LETTER BRIEF REGARDING DEPOSITION OF LYNNE OWENS |

Dear Magistrate Judge Kim:

The parties submit this joint letter brief regarding their discovery dispute concerning Defendants' subpoenas to nonparty witness Lynne Owens and the September 8, 2026 deposition of Ms. Owens. Pursuant to Civil Local Rule 37-1 and the Court's Standing Order, the parties certify that they have met and conferred telephonically in good faith to reach a resolution to the dispute addressed herein without the Court's intervention; however, the parties were unable to reach an agreement. The parties further certify that they have complied with the Northern District's Guidelines for Professional Conduct prior to the filing of this joint letter. The parties hereby submit this Joint Letter Brief and respectfully request the Court's assistance in resolving this dispute.

I. DEFENDANTS' STATEMENT.

Lynn Owens was identified in Plaintiff's complaint as the percipient witness behind the claims that Defendants unlawfully discharged from their facility as set forth Plaintiff's Notice of Intent to File letter dated March 14, 2024. Lynne Owens is a member of Plaintiff's organization, CAT. In Plaintiff's Initial Disclosures Owens was the only percipient witness identified. No contact information was given other than via Plaintiff's counsel. When Defendants sent a document request for Owens' documents and videos in support of the claims made, Defendants were informed that Owens was not a party, Plaintiff would not produce, and that Defendants would have to get the documents and videos directly from Owens.

Defendants timed Owens' deposition to be in mid-2026 for specific reasons regarding some of Owens' and CAT's assertions. In June 2026, Defendants conferred with Plaintiff's counsel for their available dates for depositions. The date of July 2 was agreed. Defendants then hired an investigator and served Owens with a deposition subpoena on June 18 for appearance with documents on July 2.

On July 1, Plaintiff's counsel, Carlon, announced that he was now representing Owens and filed an emergency letter to the court stating that Owens had a prepaid vacation and could not be present on July 2. On July 1, Owens also served objections to her June 18th deposition subpoena claiming attorney-client privilege, first amendment objections, freedom of the press objections, relevance objections, privacy and relevance objections. She did not state that she did not have the discovery or that it had been destroyed.

On July 2, this court took up the matter of the Owens deposition, and after going through the unavailable dates, the parties agreed to September 8 for the deposition with this court stating that, if problems arose, the discovery close date of September 30 would be adjusted. On July 2, Defendants then immediately served a document subpoena so that they could receive the documents in *advance* of the September 8 deposition. On July 10, Defendants served Owens with a deposition subpoena for the

September 8 deposition that commanded the production of documents and videos requested in the two earlier subpoenas.

On July 15, Owens served objections to the July 2 document subpoena. Defendants did not file a motion to compel because they did not want to burden the court, and there was a pending subpoena to appear at deposition with the documents. Owens did not serve objections to the July 10 deposition subpoena. On September 8, the deposition of Owens started. Carlon was present for Owens and CAT, and Verick was present for CAT. Numerous objections were made by CAT's two attorneys, only one of whom (Carlon) represented Owens. Verick interfered approximately 86 times with Defendants' questions to Owens. This extensive interference by Verick hampered eliciting testimony from the witness. There were many speaking objections, and, at least six times, Defendants stopped to inform Plaintiff's counsel that speaking objections were improper and, along with the tag team objections by Verrick, affected the witness's testimony. The deposition transcript is filed separately and concurrent with this letter brief.

Defendants continued with the deposition to obtain as much information as possible prior to turning to questions on Owens' document production. With 2 hours left for the deposition, when Defendants requested the subpoenaed documentation, Defendants were informed that: 1) Owens had objected to the June 18 and July 2 subpoenas so that also applied to the July 10 subpoena; and 2) the witness believed that all documentation requested had been destroyed prior to the deposition. Owens acknowledged that she agreed to be a witness for Plaintiff on or about August 5, 2024, and that she believed she had purged all the documentation in her possession. After a brief exchange between the parties regarding no objections having been received to the July 10 deposition subpoena, Owen's position was that the earlier objections to the July 2 document subpoena was sufficient to be applied to the July 10 deposition subpoena. The deposition was suspended at 4:30 p.m. to resume the next morning. Plaintiff's counsel stated they were unavailable for the next morning, and Defendants stated that

they would bring this matter regarding the failure to object to the subpoena, the failure to produce the records, and the purported destruction of evidence before the court prior to resuming the deposition.

Because each subpoena is a distinct mandate, a recipient cannot rely on prior objections made to a different subpoena. If a party or non-party receives a subsequent deposition subpoena that commands the production of the same documents, they must separately object to the new subpoena. A person commanded to produce documents or tangible things must serve a written objection to the specific subpoena in question within the Rule 45(d)(2)(B) timeframe. Failure to timely serve written objections to a new subpoena typically constitutes a waiver of those objections, regardless of whether objections were raised against a prior subpoena. The failure of a non-party to serve timely written objections under Rule 45 generally constitutes a waiver of all grounds for objection. *Trepco Imps. & Distrib. v. Ariz. Bevs. USA, LLC*, 2020 U.S. Dist. LEXIS 133480, 13. This waiver extends to claims of privilege—including the attorney-client privilege and the privilege against self-incrimination—as well as other protections. *Trepco Imps. & Distrib. v. Ariz. Bevs. USA*, *supra*.

Owens has waived objections to the deposition subpoena to appear and bring records served on July 10 for the September 8 deposition. She has waived all objections to producing documents when the deposition resumes.

Destruction of Evidence: Owens is a third party witness, but she is the only percipient witness in Plaintiff's Complaint and Initial Disclosures. She is a member of CAT, Plaintiff's organization, and represented by Plaintiff's attorney Carlon. Although Owens is technically a non-party, her membership in CAT and representation by Carlon are critical facts that this court must consider. Defendants are entitled to her original videos if any. The originals are essential to see even if there is metadata showing dates and times given that she is the sole identified percipient witness. Owens testified at deposition that she met with Plaintiff and Plaintiff's counsel at her home prior to the lawsuit being filed and that she exchanged information and videos about Defendants

with Plaintiff and Plaintiff's counsel. There is an August 5, 2024, email by Carlon to Owens acknowledging that she agreed to be the witness in this matter. There is an acknowledgment by Plaintiff to preserve evidence. Defendants requested Owens' evidence from Plaintiff in February 2025; Carlon responded on March 20,2025, telling Defendants to obtain this evidence themselves from Owens since she is a third party. Defendants are informed that Owens purportedly took videos of a discharge(s) from Defendants' facility, and then, represented by CAT's attorney Carlon at her deposition, that there are no documents, no videos, no electronic evidence, and testimony that Owens destroyed all of the original evidence in her possession. Owens and her counsel need to be ordered to produce the originals of the subpoenaed materials and describe all locations she had the originals of this evidence (at her home, computers, etc.) and how and where she searched her computers and email history for these records. Owens had notice that the documents were absolutely relevant to the litigation before they were destroyed; she is the sole percipient witness CAT's initial disclosures; she has been the sole witness Defendants have focused on since she, alone, has been the identified percipient witness. Copies are not sufficient as there is no way to verify metadata as to when videos and electronic evidence was generated.

Relief Requested: Find that Owens has waived objections to the production of documents to the July 10 subpoena for failing to file an objection to the July 10 subpoena; Order that counsel meet and confer and confirm a date for the resumption of the deposition to be conducted and finished within October; Compel all answers when the deposition resumes; direct that there be no tag teaming objections or further speaking objections; compel production of the originals of all videos, electronic evidence; compel disclosure of where Owens searched for evidence and what she did to retrieve deleted electronic evidence with possible sanctions later for nonproduction.

II. PLAINTIFF'S STATEMENT.

The day after non-expert discovery closed, Defendants ask the Court to reopen it: to resume a deposition they suspended with time remaining, to compel "originals" of videos a nonparty testified she no longer has, and to deem waived objections they received in writing on July 15, 2026 and then sat on for eight weeks. The requests should be denied.

A. Background.

Defendants served nonparty Lynne Owens with three subpoenas for the same thirty categories of documents, dated June 16, July 2, and July 10, 2026. Plaintiff and Ms. Owens served written objections to the first on July 1 and to the second on July 15. The July 15 objections told Defendants, request by request, that Ms. Owens had no responsive documents in her possession, custody, or control; that she withheld nothing except privileged communications with counsel; and that what she had sent Plaintiff had been produced in party discovery. (July 15 Objs. at 1–2, 5.) The July 10 subpoena, served five days before those objections, commanded "[a]ll documents and/or communications, photos, videos, or screenshots not previously produced pursuant to the Subpoena to Produce Documents, Information, or Objects served on Lynne Owens on July 2, 2026." (Owens Dep. Ex. 26.)

After a July 2 informal discovery hearing, the parties set the deposition for September 8. (ECF No. 78.) Defendants did nothing with the objections: no meet and confer, no motion, no request to the Court. On September 8 they examined Ms. Owens from 10:04 a.m. to 4:30 p.m., questioned her at length about the documents and their deletion, and then – with, by their own account, "2 hours left" – suspended the deposition "for the Court to determine this via a letter brief." (Owens Dep. 4:6–7, 101:5–25, 221:24–227:20, 230:6.) Non-expert discovery closed September 30. (ECF No. 67 at 1.) Defendants provided their draft of this letter October 1.

B. Defendants Cannot Show Good Cause to Reopen Discovery.

Every item of relief Defendants request is discovery after the cutoff. "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." Civ. L.R. 37-3. A scheduling order "may be modified only for good cause," Fed. R. Civ. P. 16(b)(4), a standard that "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence," and "[i]f that party was not diligent, the inquiry should end." *Id.*

Defendants were not diligent. Once objections were served, Rule 45 told them what to do: "the serving party may move the court . . . for an order compelling production," and may do so "[a]t any time." Fed. R. Civ. P. 45(d)(2)(B)(i). Defendants had the objections on July 15, eleven weeks before the cutoff, and knew from them that Ms. Owens had no documents to bring. They filed nothing; a preference not to "burden the court" is a choice, not diligence. On September 8 they elicited the deletion testimony they now quote, then stopped with time remaining over documents they had known for eight weeks were not in Ms. Owens's possession, and all of which Defendants had possessed long before they served Ms. Owens with a deposition subpoena. Ms. Owens had given all relevant documents she had to Plaintiff's counsel who had then produced them in response to Defendants' requests for production of documents.

Defendants also misstate the Court's July 2 direction. In the context of scheduling Ms. Owens's deposition, the minute entry states that the Court "will move deadlines as necessary to accommodate this later deposition, but the parties must meet and confer and provide a new schedule to the Court." (ECF No. 78.) The parties set September 8, inside the cutoff; no deadline needed to move, and Defendants never proposed a new schedule. Under *Johnson*, "the inquiry should end." 975 F.2d at 609.

C. <u>Ms. Owens Did Not Waive Her Objections.</u>

Defendants' waiver theory assumes that the July 10 subpoena required a third set of objections. It did not. An objection "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Defendants say they served the July 10 subpoena that day; compliance was set for September 8; and the July 15 objections were served within fourteen days. Those objections addressed the only documents the July 10 subpoena described – those "not previously produced pursuant to" the July 2 subpoena – and stated that no such documents existed and none was withheld. The Rule requires a timely written objection, not a new caption each time the serving party re-serves the same request.

Even if a separate objection had been required, waiver is not automatic. "[I]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections," and courts find such circumstances where the subpoena is overbroad on its face, the subpoenaed witness is a nonparty acting in good faith, and counsel for the witness and for the serving party were in contact concerning compliance. *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (internal quotation marks omitted); *accord Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005). Defendants' own authority applies the same exception to nonparties who served no objections at all. *See Trepco Imps. & Distrib., Ltd. v. Ariz. Beverages USA, LLC*, No. 20cv521-DMS(BLM), 2020 U.S. Dist. LEXIS 133480, at *13–14 (S.D. Cal. July 28, 2020). Each element is present here: thirty "all documents and communications" requests over six years, a retired nonparty who objected twice, and opposing counsel who held those objections for eight weeks without a word. A finding of waiver would also change nothing: it would not create documents.

D. <u>There Is Nothing to Compel, and No Basis to Sanction a Nonparty.</u>

Defendants have Ms. Owens's answers on the "originals" and "search" they ask the Court to order. She videoed runoff whenever it rained and sent each video, the same day or the next, to the Regional Board, the County, NOAA, and Plaintiff, (Owens Dep. 117:25–118:13, 119:1–18, 225:4–6); she deleted her copies from a failing computer, (*id.* at 101:5–25, 222:5–6); and she did not search before the deposition because she knew they were gone, (*id.* at 223:11–19). Plaintiff produced what she sent; nearly every exhibit Defendants marked at the deposition came from that production. (*Id.* at 3:7–21.) Defendants' statement that Plaintiff "would not produce" her materials is likewise incorrect: Plaintiff's March 19, 2025 responses agreed to produce all non-privileged responsive documents in its possession, custody, or control. (Pl.'s Resps. to Defs.' Req. for Produc., Set One, Nos. 2–8, 14.) The only reason Defendants give for demanding "originals" is that with copies "there is no way to verify metadata as to when videos and electronic evidence was generated"; their further assertion that originals are "essential to see even if there is metadata" is not explained. The metadata travels with the file. A series of three videos of Defendants' discharges into Noisy Creek that Ms. Owens captured on February 14,

2024, for example, each carry media-created stamps of February 14, 2024 between 1:35 and 1:37 p.m. (CAT001502-1504.) The Regional Board's file contains her February 14, 2024 text to its inspector, sent at 1:51 p.m., attaching the clips and a screenshot of the phone's metadata showing the last video was taken at 1:37 p.m. that day. (CAT004652-4657.) These files were all produced to Defendants, and thus the data Defendants say they need is in the files they have.

Defendants' "destruction of evidence" theme does not change the analysis. Rule 37(e) addresses electronically stored information lost "because *a party* failed to take reasonable steps to preserve it." Fed. R. Civ. P. 37(e) (emphasis added). Ms. Owens is not a party, and nonparties "have no duty to preserve absent a court order." *Bright Solutions for Dyslexia, Inc. v. Doe 1*, No. 15-cv-01618-JSC, 2015 U.S. Dist. LEXIS 117252, at *7 (N.D. Cal. Sept. 1, 2015). No order, and no subpoena, existed when the deletions Defendants describe occurred. (Owens Dep. 101:9–17, 222:7–223:1.) Defendants cite nothing that makes a member of a nonprofit plaintiff its officer or agent, and "possible sanctions later" is not relief this letter can grant. Defendants identify no question that went unanswered on counsel's instruction. (Owens Dep. 136:9–142:17.)

E. Plaintiff's Position and Proposed Compromise.

Plaintiff's position is that Defendants' requests should be denied in their entirety. Defendants have the answer their subpoenas sought; that they would prefer a different one is not a ground to reopen discovery. Plaintiff and Ms. Owens oppose any resumption of the deposition; Defendants chose to stop with time remaining and the documents in question already in their possession, and then let the cutoff pass.

Proposed compromise: resolve the dispute on the record Defendants made. Ms. Owens has testified under oath about what she recorded, to whom she sent it, what she deleted, and when. (Owens Dep. 101:5–25, 117:25–119:18, 221:24–225:16.) No further search, production, or deposition is warranted; and, the non-expert discovery cutoff should remain unchanged.

//

//

//

//

Dated: October 5, 2026

LAW OFFICE OF WILLIAM CARLON

*/s/ William Carlon*
William Carlon
Counsel for Plaintiff and Nonparty Lynne A. Owens

HARLAND LAW FIRM LLP

*/s/ Allison G. Jackson*
Allison G. Jackson
Counsel for Defendants

**ATTESTATION**

Pursuant to L.R. 5-1(i)(3), the Filer attests that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

/s/ Allison G. Jackson

Allison G. Jackson