# EXHIBIT C FOLLOWS THIS PAGE

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorney for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

Attorney for Lynne Owens

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRUCTION CO., et al.,<br><br>Defendants. | Case No. 3:24-cv-04067-SK<br><br>**PLAINTIFF CALIFORNIANS FOR ALTERNATIVES TO TOXICS AND NONPARTY DEPONENT LYNNE A. OWENS'S OBJECTIONS TO SUBPOENA TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS** |

## I. PRELIMINARY STATEMENT

Plaintiff Californians for Alternatives to Toxics ("Plaintiff" or "CATs") and nonparty deponent Lynne A. Owens (together, the "Objecting Parties") hereby object to the Subpoena to Testify at a Deposition in a Civil Action, dated June 16, 2026 and served on Ms. Owens on June 18, 2026 (the "Subpoena"), issued by counsel for Defendants Kernen Construction Co., et al. The Subpoena commands Ms. Owens to appear for deposition on July 2, 2026 at 10:00 a.m. at the offices of the Harland Law Firm LLP in Eureka, California, and to produce documents responsive to thirty separate requests set forth in Attachment 1 to the Subpoena.

Ms. Owens is a member of Plaintiff CATs, is being offered as a witness in support of Plaintiff's standing, and is a percipient witness. She is not a party to this action and was served as a nonparty by subpoena under Rule 45. These objections are served pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), before the earlier of the time specified for compliance and fourteen days

after service of the Subpoena, and are therefore timely.

The Objecting Parties assert these objections without waiving, and expressly reserving, all rights, including the right to move to quash or modify the Subpoena and the right to seek a protective order. No objection, or statement that Plaintiff will produce responsive materials in the ordinary course of party discovery, constitutes a waiver of any privilege, protection, or objection, or an admission that responsive materials exist.

## II. OBJECTION TO THE DEPOSITION DATE AND TO THE TIME FOR COMPLIANCE

Ms. Owens is unavailable on July 2, 2026 because of a prearranged and prepaid travel plans causing her to be out-of-state and away from the area, and that predates service of the Subpoena. She will not appear on that date. Counsel for the Objecting Parties confirmed Ms. Owens's unavailability to Defendants' counsel before the noticed date, on June 22, 2026, and has repeatedly sought to schedule the deposition on a mutually agreeable date, offering July 27–29, August 3–5, August 10, August 12, and August 14, 2026. The Objecting Parties remain willing to meet and confer to set the deposition on any of these dates or another mutually convenient date.

Neither Rule 45 nor any other authority requires a subpoenaed witness to disclose to opposing counsel the private details of, or documentary substantiation for, their travel plans in order to establish unavailability. The Objecting Parties object to any demand that Ms. Owens produce her personal travel records or itinerary as a condition of rescheduling.

The Objecting Parties further object that the Subpoena fails to allow a reasonable time to comply within the meaning of Rule 45(d)(3)(A)(i). The Subpoena was served on June 18, 2026 and commands the production, on July 2, 2026, of documents responsive to thirty broad requests, many of which seek "all documents and communications" over periods of four to six years. To the extent the Subpoena seeks discovery from Plaintiff through its member and standing witness, it improperly uses Rule 45 to circumvent the procedures and thirty-day response period that govern document requests to a party under Rules 30(b)(2) and 34(b)(2)(A).

## III. GENERAL OBJECTIONS

The following General Objections apply to each request in Attachment 1 and are incorporated into each specific objection below as though fully set forth therein.

**1.** Timeliness and reasonable time. These objections are timely under Rule 45(d)(2)(B). The Objecting Parties object that the Subpoena fails to allow a reasonable time to comply with thirty document requests. Fed. R. Civ. P. 45(d)(3)(A)(i).

**2.** Undue burden on a nonparty. The Objecting Parties object to each request as overbroad and as imposing an undue burden and expense on a nonparty, in violation of the requesting party's duty under Rule 45(d)(1), including because the requests seek "all documents and communications" with an expansive list of third parties over multi-year periods.

**3.** Relevance and proportionality. The Objecting Parties object to each request to the extent it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

**4.** First Amendment associational and petitioning privilege. Plaintiff is a nonprofit membership organization engaged in environmental advocacy and petitioning. The Objecting Parties object to each request to the extent it seeks the internal communications of Plaintiff's members, or communications among Plaintiff's members and allied community groups, individual advocates, elected officials, or the press, because compelled disclosure would infringe and chill rights of association, speech, and petition protected by the First Amendment. See *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010). The Objecting Parties will not produce materials protected by this privilege.

**5.** Attorney-client privilege and work product. Several requests expressly seek communications with William N. Carlon, William (Bill) Verick, and Matthew (Matt) Lang, who are counsel and/or co-counsel, or staff of counsel, for Plaintiff, as well as counsel for nonparty Ms. Owens, and other requests seek materials prepared in anticipation of litigation. The Objecting Parties object to each request to the extent it seeks materials protected by the attorney-client privilege or the work-product doctrine and will not produce such materials. Fed. R. Civ. P. 26(b)(3), 45(e)(2).

**6.** Freedom of the press and newsgathering. The Objecting Parties object to each request to the extent it seeks communications with members of the press, which implicate First Amendment interests in a free press and newsgathering and generally seek material already available in published form.

**7.** Materials equally available from other sources. The Objecting Parties object to each request to the extent it seeks communications with government agencies or other third parties whose records are equally or more readily available to Defendants directly from those agencies or persons, including through public-records requests. Imposing that burden on a nonparty is improper. Fed. R. Civ. P. 45(d)(1).

**8.** Materials available in party discovery. The Objecting Parties object to each request to the extent it is duplicative of discovery available from Plaintiff as a party. Plaintiff has already produced relevant, non-privileged responsive documents in the ordinary course of party discovery, subject to and without waiving these objections.

**9.** Form of production. The Objecting Parties object to the requirement that all documents, including texts and emails, be printed and produced in physical form as unduly burdensome. Electronically stored information should be produced in a reasonably usable form. Fed. R. Civ. P. 45(e)(1)(B).

**10.** Privacy. The Objecting Parties object to each request to the extent it seeks private or personal information of Ms. Owens or third parties, in violation of the privacy rights protected by, among other things, Article I, Section 1 of the California Constitution and federal law.

**11.** Vagueness and ambiguity. The Objecting Parties object to the terms "regarding," "referencing," "depict," and "claim," and to the defined terms "DOCUMENT" and "COMMUNICATIONS," as vague, ambiguous, and overbroad to the extent they purport to impose obligations beyond those permitted by Rules 34(a) and 45.

**12.** Temporal overbreadth. The Objecting Parties object to each request to the extent it seeks documents from 2020 or 2022 to the present as overbroad and disproportionate, and to Request No. 26 as facially overbroad because it contains no temporal limitation whatsoever.

**13.** Reservation of rights. The Objecting Parties reserve the right to supplement or amend these objections and to assert additional objections as appropriate.

## IV. SPECIFIC OBJECTIONS TO THE REQUESTS FOR PRODUCTION

The Objecting Parties incorporate the General Objections into each response below. Subject to and without waiving those objections, the Objecting Parties respond as follows:

**REQUEST FOR PRODUCTION NO. 1:** *All DOCUMENTS and COMMUNICATIONS YOU claim depict STORM WATER DISCHARGE by Defendants into Noisy Creek from 2022 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the phrase "YOU claim depict" is vague and argumentative. Subject to and without waiving these objections, Plaintiff has already produced all non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 2:** *All DOCUMENTS AND COMMUNICATIONS between YOU and Patricia Clary regarding Defendants' FACILITY from 2022 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks the internal communications of a member of Plaintiff with Plaintiff's Executive Director and is objectionable on First Amendment associational-privilege grounds, and as overbroad, and not proportional to the needs of the case. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 3:** *All DOCUMENTS and COMMUNICATIONS between YOU and the WATER BOARD regarding Defendants' FACILITY from 2022 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a government agency that are equally or more readily available to Defendants directly from the Water Board, including through a Public Records Act request, and is objectionable as overbroad and on associational- and petitioning-privilege grounds. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 4:** *All DOCUMENTS and COMMUNICATIONS between YOU and HUMBOLDT COUNTY AGENCIES regarding Defendants' FACILITY from 2022 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with government agencies equally available to Defendants directly, and is objectionable as overbroad and on associational- and petitioning-privilege grounds. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive

documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 5:** *All DOCUMENTS and COMMUNICATIONS between YOU and STATE OF CALIFORNIA DEPARTMENTS AND AGENCIES regarding Defendants' FACILITY from 2022 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with government agencies equally available to Defendants directly, and is objectionable as overbroad and on associational- and petitioning-privilege grounds. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 6:** *All DOCUMENTS and COMMUNICATIONS between YOU and FEDERAL DEPARTMENTS AND AGENCIES regarding Defendants' FACILITY from 2022 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with federal agencies (including the EPA and the Army Corps of Engineers) that are equally available to Defendants directly, and is objectionable as overbroad and on First Amendment petitioning- and associational-privilege grounds. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 7:** *All DOCUMENTS and COMMUNICATIONS including records of all tests conducted by YOU or any agent associated to you for tests conducted on Noisy Creek from 2022 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object to the extent this request seeks the work product of Plaintiff's counsel or consulting experts and materials prepared in anticipation of litigation, and as overbroad and burdensome. Subject to and without waiving these objections, Plaintiff has already produced all non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 8:** *All DOCUMENTS and COMMUNICATIONS to and from the Humboldt County Planning and Building department from 2022 to present, including but*

*not limited to Cliff Johnson and John Ford regarding Defendants FACILITY from 2022 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a government agency equally available to Defendants directly, and is objectionable as overbroad and on petitioning- and associational-privilege grounds. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 9:** *All DOCUMENTS and COMMUNICATIONS to or from the State and Regional Water Board, including but not limited to Walt Dragaloski, Chris Watt, Kason Grady, Farzad Kasmaei from 2022 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a government agency equally available to Defendants directly, and is objectionable as overbroad and on petitioning- and associational-privilege grounds. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 10:** *All DOCUMENTS and COMMUNICATIONS to or from Patty Clary from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request is duplicative of Request No. 2, overbroad as to time, and objectionable on associational-privilege grounds. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 11:** *All DOCUMENTS and COMMUNICATIONS to or from William Carlon from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with William N. Carlon, counsel for Plaintiff and Ms. Owens, and is objectionable in its entirety on attorney-client-privilege and work-product grounds. The Objecting Parties will not produce privileged materials.

**REQUEST FOR PRODUCTION NO. 12:** *All DOCUMENTS and COMMUNICATIONS to or from William (Bill) Verick from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with William (Bill) Verick, counsel for Plaintiff, and is objectionable in its entirety on attorney-client-privilege and work-product grounds. The Objecting Parties will not produce privileged materials.

**REQUEST FOR PRODUCTION NO. 13:** *All DOCUMENTS and COMMUNICATIONS to or from Matthew (Matt) Lang from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with Matthew (Matt) Lang, staff of counsel for Plaintiff, and is objectionable in its entirety on attorney-client-privilege and work-product grounds. The Objecting Parties will not produce privileged materials.

**REQUEST FOR PRODUCTION NO. 14:** *All DOCUMENTS and COMMUNICATIONS to or from Dan Free Fishery Biologist for NOAA Fisheries (National Marine Fisheries Service) based in Arcata, California from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a federal agency employee that are equally available to Defendants directly, and is objectionable as overbroad as to time, not proportional, and on associational-privilege grounds. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 15:** *All DOCUMENTS and COMMUNICATIONS to or from Nora Mou from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the request is overbroad, not proportional, and does not identify any basis for the relevance of communications with this individual, and object on associational-privilege grounds. The Objecting Parties will meet and confer regarding the relevance of this request.

**REQUEST FOR PRODUCTION NO. 16:** *All DOCUMENTS and COMMUNICATIONS to or from the Eureka Times Standard from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. Vague and ambiguous as to "Eureka Times Standard," the Objecting Parties interpret this request to seek documents and

communications to or from the Times-Standard. This request seeks communications with the press and is objectionable on First Amendment grounds, including freedom of the press and newsgathering, and on associational-privilege grounds; as seeking material available in published form; and as overbroad and not relevant or proportional. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 17:** *All DOCUMENTS and COMMUNICATIONS to or from the Lost Coast Journal, including all of its editors, employees, writers, as well as all or YOUR comments made on articles posted on the site from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. Vague and ambiguous as to "Lost Coast Journal." The Objecting Parties interpret this request to seek documents and communication from the Lost Coast Outpost. This request seeks communications with the press and Ms. Owens's own public commentary, and is objectionable on First Amendment grounds, including freedom of the press, newsgathering, and protected speech, and on associational-privilege grounds; as seeking material available in published form; and as overbroad and not proportional. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 18:** *All DOCUMENTS and COMMUNICATIONS to or from Andrew Cairns from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the request is overbroad, not proportional, and does not identify any basis for the relevance of communications with this individual, and object on associational-privilege grounds. The Objecting Parties will meet and confer regarding the relevance of this request.

**REQUEST FOR PRODUCTION NO. 19:** *All DOCUMENTS and COMMUNICATIONS to or from Steve Madrone from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object to the extent this request seeks communications with an elected official, implicating the First

Amendment right to petition, and object on associational-privilege grounds and as overbroad and not proportional. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 20:** *All DOCUMENTS and COMMUNICATIONS to or from Cindy Trobitz-Thomas from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object on First Amendment associational-privilege grounds, and as overbroad, not proportional, and not relevant. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 21:** *All DOCUMENTS and COMMUNICATIONS to or from State Department of Industrial Relations from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a government agency equally available to Defendants directly, is not relevant to the water-quality claims at issue, and is objectionable as overbroad and disproportionate. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 22:** *All DOCUMENT and COMMUNICATIONS to or from Cal OSHA (Cal/OSHA stands for the California Occupational Safety and Health) from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a government agency equally available to Defendants directly, is not relevant to the water-quality claims at issue, and is objectionable as overbroad and disproportionate. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 23:** *All DOCUMENTS and COMMUNICATIONS to or from SHN Consultants, Eureka, California, including but not limited to all contracts for service and all invoices, including communications with all SHN employees and staff from 2020 to present*

*regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object as overbroad, not proportional, and unduly burdensome. Subject to and without waiving these objections, Ms. Owens has completed a good faith search of her records and has no responsive documents to produce.

**REQUEST FOR PRODUCTION NO. 24:** *All DOCUMENTS and COMMUNICATIONS to or from Roland Rueber, from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the request is overbroad, not proportional, and does not identify any basis for the relevance of communications with this individual, and object on associational-privilege grounds. The Objecting Parties will meet and confer regarding the relevance of this request.

**REQUEST FOR PRODUCTION NO. 25:** *All DOCUMENTS and COMMUNICATIONS to or from William Gilmer from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the request is overbroad, not proportional, and does not identify any basis for the relevance of communications with this individual, and object on associational-privilege grounds. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 26:** *All DOCUMENTS and COMMUNICATIONS to or from the California Department of Fish and Wildlife, including but not limited to Michael Van Hattem and all biologists and enforcement officers with the department.*

**Objection:** The Objecting Parties incorporate the General Objections. This request is facially overbroad because it contains no temporal limitation; seeks communications with a government agency equally available to Defendants directly; and is objectionable on petitioning- and associational-privilege grounds. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 27:** *All DOCUMENTS and COMMUNICATIONS to or from the Glendale Concerned Citizens Group, including but not limited to Cindy Trobitz, Jal*

*Johansen, Dave Trobitz, Heather Trobitz, Linda Miller and Clair McAdams from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks the communications of Plaintiff's member with a community advocacy group and its individual members and is objectionable on First Amendment associational-privilege grounds, as disclosure would chill protected association and petitioning; it is further overbroad and not proportional. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 28:** *All DOCUMENTS and COMMUNICATIONS to or from Kernen Construction including but not limited to Scott Farley from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications between Ms. Owens and Defendants themselves, which are already within Defendants' possession, custody, or control, and is therefore objectionable as equally available and needlessly duplicative and burdensome to obtain from a nonparty. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 29:** *All photos, videos, screen shots referencing Kernen Construction from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the term "referencing" is vague and untethered to any claim or defense, that the request is overbroad as to time, and that it seeks attorney work product reflected in the selection of materials. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 30:** *All photos, videos, screen shots referencing Noisy Creek from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the term "referencing" is vague and untethered to any claim or defense, that the request is

overbroad as to time. Subject to and without waiving these objections, Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

Dated: July 1, 2026

LAW OFFICE OF WILLIAM CARLON

By: ______________________________
William N. Carlon
Attorney for Plaintiff Californians for
Alternatives to Toxics and for Nonparty
Deponent Lynne A. Owens

## PROOF OF SERVICE

I, William N. Carlon, declare as follows:

I am a resident of the State of California, and employed in California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 437 Post Street, Napa, CA 94559, (530) 514-4115.

On July 1, 2026, I served the following document(s):

**PLAINTIFF CALIFORNIANS FOR ALTERNATIVES TO TOXICS AND NONPARTY DEPONENT LYNNE A. OWENS'S OBJECTIONS TO SUBPOENA TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS**

by transmitting a true and correct copy thereof via electronic mail pursuant to the parties' prior written agreement regarding electronic discovery, addressed to:

Allison G. Jackson
Paul Heagerty
Harland Law Firm LLP
212 G Street, Suite 201
Eureka, CA 95501
Email: ajackson@harlandlaw.com; pheagerty@harlandlaw.com

I certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 1 2026, at Napa, California.

[signature]

William N. Carlon

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorney for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

Attorney for Lynne Owens

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRUCTION CO., et al.,<br><br>Defendants. | Case No. 3:24-cv-04067-SK<br><br>**PLAINTIFF CALIFORNIANS FOR ALTERNATIVES TO TOXICS AND NONPARTY LYNNE A. OWENS'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

## I. PRELIMINARY STATEMENT

Plaintiff Californians for Alternatives to Toxics ("Plaintiff" or "CATs") and nonparty Lynne A. Owens (together, the "Objecting Parties") hereby object to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated July 2, 2026 and served on Ms. Owens on July 2, 2026 (the "Subpoena"), issued by counsel for Defendants Kernen Construction Co., et al. The Subpoena commands Ms. Owens to produce, at the offices of the Harland Law Firm LLP in Eureka, California, on August 3, 2026 at 2:00 a.m., documents responsive to thirty separate requests set forth in Attachment 1 to the Subpoena. The Subpoena repeats, with minor modifications, the thirty document requests attached to Defendants' June 16, 2026 subpoena commanding Ms. Owens to appear for a deposition and to produce documents, to which the Objecting Parties served timely written objections on July 1, 2026: Requests 1 through 9 now reach back to 2020 rather than 2022, and Request 26 now contains a date range. Pursuant to the

reservation of rights therein, these objections supplement and update the Objecting Parties' July 1, 2026 objections with respect to the document requests.

Ms. Owens is a member of Plaintiff CATs, is being offered as a witness in support of Plaintiff's standing, and is a percipient witness. She is not a party to this action and was served as a nonparty by subpoena under Rule 45. These objections are served pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), before the earlier of the time specified for compliance and fourteen days after service of the Subpoena, and are therefore timely. As set forth below, following a diligent search and reasonable inquiry, Ms. Owens has no documents responsive to the Subpoena in her possession, custody, or control and, except for privileged or work-product-protected communications with counsel, if any, withholds no documents on the basis of these objections.

The Objecting Parties assert these objections without waiving, and expressly reserving, all rights, including the right to move to quash or modify the Subpoena and the right to seek a protective order. No objection, or statement that Plaintiff will produce responsive materials in the ordinary course of party discovery, constitutes a waiver of any privilege, protection, or objection, or an admission that responsive materials exist.

## II. OBJECTIONS TO THE TIME AND MANNER OF COMPLIANCE

The Subpoena commands only the production of documents. Under Rule 45(d)(2)(A), a person commanded to produce documents or electronically stored information need not appear in person at the place of production unless also commanded to appear for a deposition, hearing, or trial. Ms. Owens will not appear in person at the offices of the Harland Law Firm LLP on August 3, 2026, and no appearance is required.

The Subpoena commands production at 2:00 a.m. on August 3, 2026. The Objecting Parties assume the commanded time is a typographical error, but object to the commanded time as unreasonable on its face. The Objecting Parties are willing to meet and confer regarding a reasonable time and manner of any production.

The Objecting Parties further object to the Subpoena's instructions that "Production of Documents must be in physical form" and that all documents, including texts and emails, "must be printed and produced with their attachments." The Objecting Parties object pursuant to Rule

45(d)(2)(B) to producing electronically stored information in the form the Subpoena specifies. Printing electronic communications would impose unnecessary burden and expense on a nonparty, in violation of Defendants' duty under Rule 45(d)(1), and the specified form departs without justification from the forms in which electronically stored information is ordinarily maintained or is reasonably usable. Cf. Fed. R. Civ. P. 45(e)(1)(B).

To the extent the Subpoena seeks discovery from Plaintiff through its member and standing witness, it improperly uses Rule 45 to circumvent the procedures that govern document requests to a party under Rule 34. The Subpoena is also unreasonably cumulative and duplicative: it repeats, with only minor modifications, the thirty document requests served with Defendants' June 16, 2026 subpoena, to which the Objecting Parties have already served timely written objections, and it seeks materials that Plaintiff has already produced in party discovery. Fed. R. Civ. P. 26(b)(2)(C); 45(d)(1).

Because these objections are timely served, Ms. Owens is not required to produce documents except pursuant to an order of the court for the district where compliance is required, on motion by Defendants, and any such order must protect Ms. Owens, a nonparty, from significant expense resulting from compliance. Fed. R. Civ. P. 45(d)(2)(B)(i)–(ii).

## **III. GENERAL OBJECTIONS**

The following General Objections apply to each request in Attachment 1 and are incorporated into each specific objection below as though fully set forth therein.

**1.** Timeliness. These objections are timely under Rule 45(d)(2)(B).

**2.** Undue burden on a nonparty. The Objecting Parties object to each request as overbroad and as imposing an undue burden and expense on a nonparty, in violation of the requesting party's duty under Rule 45(d)(1), including because the requests seek "all documents and communications" with an expansive list of third parties over multi-year periods.

**3.** Relevance and proportionality. The Objecting Parties object to each request to the extent it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

**4.** First Amendment associational and petitioning privilege. Plaintiff is a nonprofit membership

organization engaged in environmental advocacy and petitioning. The Objecting Parties object to each request to the extent it seeks the internal communications of Plaintiff's members, or communications among Plaintiff's members and allied community groups, individual advocates, elected officials, or the press, because compelled disclosure would infringe and chill rights of association, speech, and petition protected by the First Amendment. See *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010). The Objecting Parties assert and preserve this privilege as to each request; as set forth in Section IV below, no documents are withheld on the basis of this objection.

**5.** Attorney-client privilege and work product. Several requests expressly seek communications with William N. Carlon, who is counsel for Plaintiff and for nonparty Ms. Owens, and with William (Bill) Verick and Matthew (Matt) Lang, who are, respectively, co-counsel for Plaintiff and staff of Plaintiff's counsel, and other requests seek materials prepared in anticipation of litigation. Communications between Ms. Owens and her counsel are protected by the attorney-client privilege, and communications between Ms. Owens and Plaintiff's counsel or their staff concerning this litigation are protected by the attorney-client privilege, including under the common-interest doctrine, and/or the work-product doctrine. The Objecting Parties object to each request to the extent it seeks materials protected by the attorney-client privilege or the work-product doctrine and will not produce such materials, except to the extent that some of these communications have already been provided. Fed. R. Civ. P. 26(b)(3), 45(e)(2).

**6.** Freedom of the press and newsgathering. The Objecting Parties object to each request to the extent it seeks communications with members of the press, which implicate First Amendment interests in a free press and newsgathering and generally seek material already available in published form.

**7.** Materials equally available from other sources. The Objecting Parties object to each request to the extent it seeks communications with government agencies or other third parties whose records are equally or more readily available to Defendants directly from those agencies or persons, including through public-records requests. Imposing that burden on a nonparty is improper. Fed. R. Civ. P. 45(d)(1).

**8.** Materials available in party discovery. The Objecting Parties object to each request to the extent it is duplicative of discovery available from Plaintiff as a party. Plaintiff has already produced relevant, non-privileged responsive documents in the ordinary course of party discovery, subject to and without waiving these objections. The Subpoena is also unreasonably cumulative and duplicative of the document requests served with Defendants' June 16, 2026 subpoena to Ms. Owens, to which the Objecting Parties served timely written objections. Fed. R. Civ. P. 26(b)(2)(C)(i).

**9.** Form of production. The Objecting Parties object to the requirement that all documents, including texts and emails, be printed and produced in physical form as unduly burdensome. Electronically stored information should be produced in the form in which it is ordinarily maintained or in another reasonably usable form, cf. Fed. R. Civ. P. 45(e)(1)(B), rather than in the printed form the Subpoena specifies. The Objecting Parties object pursuant to Rule 45(d)(2)(B) to producing electronically stored information in the form specified because it would impose undue burden and expense on a nonparty. Fed. R. Civ. P. 45(d)(1).

**10.** Privacy. The Objecting Parties object to each request to the extent it seeks private or personal information of Ms. Owens or third parties, in violation of the privacy rights protected by, among other things, Article I, Section 1 of the California Constitution and federal law.

**11.** Vagueness and ambiguity. The Objecting Parties object to the terms "regarding," "referencing," "depict," and "claim," and to the defined terms "DOCUMENT" and "COMMUNICATIONS," as vague, ambiguous, and overbroad to the extent they purport to impose obligations beyond those permitted by Rules 34(a) and 45.

**12.** Reservation of rights. The Objecting Parties reserve the right to supplement or amend these objections and to assert additional objections as appropriate.

## IV. SPECIFIC OBJECTIONS TO THE REQUESTS FOR PRODUCTION

The Objecting Parties incorporate the General Objections into each response below. Subject to and without waiving those objections, the Objecting Parties respond as follows:

**Statement Regarding Responsive Documents:** Ms. Owens previously provided documents concerning Defendants' facility to Plaintiff, and Plaintiff has produced responsive, non-privileged

documents in the course of party discovery. Following a diligent search and reasonable inquiry, Ms. Owens has no documents responsive to the Requests in her possession, custody, or control. Any responsive documents that may exist as to Requests 11 through 13 are communications with Ms. Owens's counsel or with Plaintiff's counsel and their staff concerning this litigation, are protected by the attorney-client privilege, including under the common-interest doctrine, and/or the work-product doctrine, and except to the extent that some of these communications were already produced to Defendants, are withheld on that basis. Fed. R. Civ. P. 45(e)(2)(A). Except as so stated, Ms. Owens withholds no document on the basis of any objection. Communications between Ms. Owens and government agencies, to the extent any exist, remain in those agencies' files and are equally available to Defendants, including through public-records requests.

**REQUEST FOR PRODUCTION NO. 1:** *All DOCUMENTS and COMMUNICATIONS YOU claim depict STORM WATER DISCHARGE by Defendants into Noisy Creek from 2020 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the phrase "YOU claim depict" is vague and argumentative, and that the request is overbroad as to time. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced all non-privileged, responsive documents in its possession, custody, or control in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 2:** *All DOCUMENTS AND COMMUNICATIONS between YOU and Patricia Clary regarding Defendants' FACILITY from 2020 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks the internal communications of a member of Plaintiff with Plaintiff's Executive Director and is objectionable on First Amendment associational-privilege grounds, and as overbroad, including as to time, and not proportional to the needs of the case. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 3:** *All DOCUMENTS and COMMUNICATIONS between YOU and the WATER BOARD regarding Defendants' FACILITY from 2020 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a government agency that are equally or more readily available to Defendants directly from the Water Board, including through a Public Records Act request, and is objectionable as overbroad, including as to time, and on associational- and petitioning-privilege grounds. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 4:** *All DOCUMENTS and COMMUNICATIONS between YOU and HUMBOLDT COUNTY AGENCIES regarding Defendants' FACILITY from 2020 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with government agencies equally available to Defendants directly, and is objectionable as overbroad, including as to time, and on associational- and petitioning-privilege grounds. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 5:** *All DOCUMENTS and COMMUNICATIONS between YOU and STATE OF CALIFORNIA DEPARTMENTS AND AGENCIES regarding Defendants' FACILITY from 2020 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with government agencies equally available to Defendants directly, and is objectionable as overbroad, including as to time, and on associational- and petitioning-privilege grounds. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds

no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 6:** *All DOCUMENTS and COMMUNICATIONS between YOU and FEDERAL DEPARTMENTS AND AGENCIES regarding Defendants' FACILITY from 2020 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with federal agencies (including the EPA and the Army Corps of Engineers) that are equally available to Defendants directly, and is objectionable as overbroad, including as to time, and on First Amendment petitioning- and associational-privilege grounds. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 7:** *All DOCUMENTS and COMMUNICATIONS including records of all tests conducted by YOU or any agent associated to you for tests conducted on Noisy Creek from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object to the extent this request seeks the work product of Plaintiff's counsel or consulting experts and materials prepared in anticipation of litigation, and as overbroad, including as to time, and burdensome. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced all non-privileged, responsive documents in its possession, custody, or control in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 8:** *All DOCUMENTS and COMMUNICATIONS to and from the Humboldt County Planning and Building department from 2020 to present, including but not limited to Cliff Johnson and John Ford regarding Defendants FACILITY from 2020 to present.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a government agency equally available to Defendants directly, and is

objectionable as overbroad, including as to time, and on petitioning- and associational-privilege grounds. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 9:** *All DOCUMENTS and COMMUNICATIONS to or from the State and Regional Water Board, including but not limited to Walt Dragaloski, Chris Watt, Kason Grady, Farzad Kasmaei from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a government agency equally available to Defendants directly, and is objectionable as overbroad, including as to time, and on petitioning- and associational-privilege grounds. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 10:** *All DOCUMENTS and COMMUNICATIONS to or from Patty Clary from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request is entirely duplicative of Request No. 2, overbroad as to time, and objectionable on associational-privilege grounds. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 11:** *All DOCUMENTS and COMMUNICATIONS to or from William Carlon from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with William N. Carlon, counsel for Plaintiff and Ms. Owens, and is objectionable in its entirety on attorney-client-privilege and work-product grounds. To the extent any documents

responsive to this request exist in Ms. Owens's possession, custody, or control, they are privileged communications with her counsel, the privilege is expressly claimed pursuant to Rule 45(e)(2)(A), and they are withheld on that basis. No non-privileged documents are withheld. Plaintiff has already produced responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 12:** *All DOCUMENTS and COMMUNICATIONS to or from William (Bill) Verick from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with William (Bill) Verick, counsel for Plaintiff, and is objectionable in its entirety on attorney-client-privilege and work-product grounds. To the extent any documents responsive to this request exist in Ms. Owens's possession, custody, or control, they are communications with counsel for Plaintiff or counsel's staff concerning this litigation, protected by the attorney-client privilege, including under the common-interest doctrine, and/or the work-product doctrine; those protections are expressly claimed pursuant to Rule 45(e)(2)(A); and they are withheld on that basis. No non-privileged documents are withheld. Plaintiff has already produced responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 13:** *All DOCUMENTS and COMMUNICATIONS to or from Matthew (Matt) Lang from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with Matthew (Matt) Lang, staff of counsel for Plaintiff, and is objectionable in its entirety on attorney-client-privilege and work-product grounds. To the extent any documents responsive to this request exist in Ms. Owens's possession, custody, or control, they are communications with counsel for Plaintiff or counsel's staff concerning this litigation, protected by the attorney-client privilege, including under the common-interest doctrine, and/or the work-product doctrine; those protections are expressly claimed pursuant to Rule 45(e)(2)(A); and they are withheld on that basis. No non-privileged documents are withheld. Plaintiff has already produced responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 14:** *All DOCUMENTS and COMMUNICATIONS to or from Dan Free Fishery Biologist for NOAA Fisheries (National Marine Fisheries Service) based in*

*Arcata, California from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a federal agency employee that are equally available to Defendants directly, and is objectionable as overbroad as to time, not proportional, and on associational-privilege grounds. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 15:** *All DOCUMENTS and COMMUNICATIONS to or from Nora Mou from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the request is overbroad, not proportional, and does not identify any basis for the relevance of communications with this individual, and object on associational-privilege grounds. The Objecting Parties will meet and confer regarding the relevance of this request. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 16:** *All DOCUMENTS and COMMUNICATIONS to or from the Eureka Times Standard from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. Vague and ambiguous as to "Eureka Times Standard," the Objecting Parties interpret this request to seek documents and communications to or from the Times-Standard. This request seeks communications with the press and is objectionable on First Amendment grounds, including freedom of the press and newsgathering, and on associational-privilege grounds; as seeking material available in published form; and as overbroad and not relevant or proportional. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 17:** *All DOCUMENTS and COMMUNICATIONS to or from the Lost Coast Journal, including all of its editors, employees, writers, as well as all or YOUR comments made on articles posted on the site from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. Vague and ambiguous as to "Lost Coast Journal." The Objecting Parties interpret this request to seek documents and communication from the Lost Coast Outpost. This request seeks communications with the press and Ms. Owens's own public commentary, and is objectionable on First Amendment grounds, including freedom of the press, newsgathering, and protected speech, and on associational-privilege grounds; as seeking material available in published form; and as overbroad and not proportional. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 18:** *All DOCUMENTS and COMMUNICATIONS to or from Andrew Cairns from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the request is overbroad, not proportional, and does not identify any basis for the relevance of communications with this individual, and object on associational-privilege grounds. The Objecting Parties will meet and confer regarding the relevance of this request. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 19:** *All DOCUMENTS and COMMUNICATIONS to or from Steve Madrone from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object to the extent this request seeks communications with an elected official, implicating the First Amendment right to petition, and object on associational-privilege grounds and as overbroad and not

proportional. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 20:** *All DOCUMENTS and COMMUNICATIONS to or from Cindy Trobitz-Thomas from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object on First Amendment associational-privilege grounds, and as overbroad, not proportional, and not relevant. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 21:** *All DOCUMENTS and COMMUNICATIONS to or from State Department of Industrial Relations from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a government agency equally available to Defendants directly, is not relevant to the water-quality claims at issue, and is objectionable as overbroad and disproportionate. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 22:** *All DOCUMENT and COMMUNICATIONS to or from Cal OSHA (Cal/OSHA stands for the California Occupational Safety and Health) from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications with a government agency equally available to Defendants directly, is not relevant to the water-quality claims at issue, and is objectionable as overbroad and disproportionate. Subject

to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 23:** *All DOCUMENTS and COMMUNICATIONS to or from SHN Consultants, Eureka, California, including but not limited to all contracts for service and all invoices, including communications with all SHN employees and staff from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object as overbroad, not proportional, and unduly burdensome. Subject to and without waiving these objections, Ms. Owens states that, following a diligent search and reasonable inquiry, she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 24:** *All DOCUMENTS and COMMUNICATIONS to or from Roland Rueber, from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the request is overbroad, not proportional, and does not identify any basis for the relevance of communications with this individual, and object on associational-privilege grounds. The Objecting Parties will meet and confer regarding the relevance of this request. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 25:** *All DOCUMENTS and COMMUNICATIONS to or from William Gilmer from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the request is overbroad, not proportional, and does not identify any basis for the relevance of communications with this individual, and object on associational-privilege grounds. Subject to and without waiving these objections, Ms. Owens states that she has no documents

responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 26:** *All DOCUMENTS and COMMUNICATIONS to or from the California Department of Fish and Wildlife, including but not limited to Michael Van Hattem and all biologists and enforcement officers with the department from 2020 to present regarding Defendants' FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request is overbroad as to time; seeks communications with a government agency equally available to Defendants directly; and is objectionable on petitioning- and associational-privilege grounds. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 27:** *All DOCUMENTS and COMMUNICATIONS to or from the Glendale Concerned Citizens Group, including but not limited to Cindy Trobitz, Jal Johansen, Dave Trobitz, Heather Trobitz, Linda Miller and Clair McAdams from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks the communications of Plaintiff's member with a community advocacy group and its individual members and is objectionable on First Amendment associational-privilege grounds, as disclosure would chill protected association and petitioning; it is further overbroad and not proportional. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 28:** *All DOCUMENTS and COMMUNICATIONS to or from Kernen Construction including but not limited to Scott Farley from 2020 to present regarding*

*Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. This request seeks communications between Ms. Owens and Defendants themselves, which are already within Defendants' possession, custody, or control, and is therefore objectionable as equally available and needlessly duplicative and burdensome to obtain from a nonparty. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 29:** *All photos, videos, screen shots referencing Kernen Construction from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the term "referencing" is vague and untethered to any claim or defense, that the request is overbroad as to time, and that it seeks attorney work product reflected in the selection of materials. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

**REQUEST FOR PRODUCTION NO. 30:** *All photos, videos, screen shots referencing Noisy Creek from 2020 to present regarding Defendants FACILITY.*

**Objection:** The Objecting Parties incorporate the General Objections. The Objecting Parties further object that the term "referencing" is vague and untethered to any claim or defense, and that the request is overbroad as to time. Subject to and without waiving these objections, Ms. Owens states that she has no documents responsive to this request in her possession, custody, or control, and that she withholds no documents on the basis of any objection. Plaintiff has already produced non-privileged, responsive documents in the course of party discovery.

Dated: July 15, 2026

LAW OFFICE OF WILLIAM CARLON

By: ______________________________
William N. Carlon
Attorney for Plaintiff Californians for Alternatives to Toxics and for Nonparty Lynne A. Owens

## PROOF OF SERVICE

I, William N. Carlon, declare as follows:

I am a resident of the State of California, and employed in California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 437 Post Street, Napa, CA 94559, (530) 514-4115.

On July 15, 2026, I served the following document(s):

**PLAINTIFF CALIFORNIANS FOR ALTERNATIVES TO TOXICS AND NONPARTY LYNNE A. OWENS'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

by transmitting a true and correct copy thereof via electronic mail pursuant to the parties' prior written agreement regarding electronic discovery, addressed to:

Allison G. Jackson
Paul Heagerty
Harland Law Firm LLP
212 G Street, Suite 201
Eureka, CA 95501
Email: ajackson@harlandlaw.com; pheagerty@harlandlaw.com

I certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 15, 2026, at Napa, California.

______________________________

William N. Carlon