# **EXHIBIT D FOLLOWS THIS PAGE**

WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>vs.<br><br>KERNEN CONSTRUCTION CO., BEDROCK INVESTMENTS LLC, SCOTT FARLEY, and KURT KERNEN,<br><br>Defendants. | Case No. 4:24-cv-04067-YGR<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY: Defendants KERNEN CONSTRUCTION CO., BEDROCK INVESTMENTS LLC, SCOTT FARLEY, and KURT KERNEN

RESPONDING PARTIES: Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS

SET NUMBER: ONE

Pursuant to Federal Rules of Civil Procedure 26(g) and 34(b)(2), Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS ("Plaintiff") hereby responds to the First Set of Requests for Production of Documents propounded by Defendants KERNEN CONSTRUCTION CO., BEDROCK INVESTMENTS, LLC, SCOTT FARLEY, and KURT KERNEN.

**PRELIMINARY STATEMENT**

Plaintiff is presently pursuing its investigation of the facts and law related to this case, and has not completed its discovery in preparation for trial. Therefore, Plaintiff's Responses and Objections ("Responses") are made to the best of its current knowledge, information, and belief, and Plaintiff reserves the right to modify, revise, amend, clarify, or otherwise change these responses. The Responses are at all times subject to such additional or different information that discovery or further investigation might disclose. Plaintiff specifically reserves the right to make use of, or introduce at any hearing or at trial, information, or documents responsive to Defendants' Requests that are discovered subsequent to the date of its Responses. Plaintiff will supplement its Responses as required by Rule 26 of the Federal Rules of Civil Procedure or by order of the Court.

By making the accompanying responses and objections to Defendants' requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

A response to a document request indicating that documents will be produced shall not be deemed or construed that Plaintiff performed any of the acts described in the document request, or

definitions and/or instructions applicable to the document request, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, or definitions and/or instructions applicable to the document request.

## OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS YOU claim depict STORM WATER DISCHARGE by Defendants into Noisy Creek from 2022 to present.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request because it seeks documents subject to the attorney client privilege and the attorney work product doctrine because the definition of YOU includes Plaintiff's attorneys. Plaintiff further objects to this Request because it calls for the premature disclosure of expert witness and expert witness testimony. Plaintiff also objects to this Request because it improperly seeks information about Plaintiff's contentions. Federal Rule of Civil Procedure 34, unlike Rules 33 and 36, for example, does not provide for contention discovery. Defendants' Request amounts to a poorly disguised contention interrogatory and appears to be an attempt to avoid the 25 interrogatory limit imposed by Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, which are expressly incorporated herein by reference, and based on Plaintiff's understanding of the request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS YOU claim depict STORM WATER DISCHARGE from Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request because it seeks documents subject to the attorney client privilege and the attorney work product doctrine because the definition of YOU includes Plaintiff's attorneys. Plaintiff further objects to this Request because it calls for the premature

disclosure of expert witness and expert witness testimony. Plaintiff also objects to this Request because it improperly seeks information about Plaintiff's contentions. Federal Rule of Civil Procedure 34, unlike Rules 33 and 36, for example, does not provide for contention discovery. Defendants' Request amounts to a poorly disguised contention interrogatory and appears to be an attempt to avoid the 25 interrogatory limit imposed by Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, which are expressly incorporated herein by reference, and based on Plaintiff's understanding of the request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between Lynne Owens and Patricia Clary regarding Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request on the grounds that it is not proportionate to the needs of the case because it calls for "All COMMUNICATIONS between Lynne Owens and Patricia Clary regarding Defendants' FACILITY from 2022 to present" regardless of whether the COMMUNICATIONS relate to this litigation. Plaintiff also objects that this Request seeks communications that are protected attorney work product and protected by the attorney-client privilege.

Subject to and without waiving the foregoing objection, which is expressly incorporated herein by reference, and based on Plaintiff's understanding of the Request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between Lynne Owens and the WATER BOARD regarding Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request on the grounds that it seeks COMMUNICATIONS that are not in the custody or control of Plaintiff. Plaintiff objects to this Request on the grounds that it is not proportionate to the needs of the case because it calls for COMMUNICATIONS regardless of whether the COMMUNICATIONS relate to this litigation.

Subject to and without waiving the foregoing objection, which is expressly incorporated herein by reference, and based on Plaintiff's understanding of the Request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between YOU and the WATER BOARD regarding Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request on the grounds that it is not proportionate to the needs of the case because it calls for COMMUNICATIONS regardless of whether the COMMUNICATIONS relate to this litigation.

Subject to and without waiving the foregoing objection, which is expressly incorporated herein by reference, and based on Plaintiff's understanding of the Request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between Lynne Owens and HUMBOLDT COUNTY AGENCIES regarding Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request on the grounds that it seeks COMMUNICATIONS that are not in the custody or control of Plaintiff. Plaintiff objects to this Request on the grounds that it

is not proportionate to the needs of the case because it calls for COMMUNICATIONS regardless of whether the COMMUNICATIONS relate to this litigation.

Subject to and without waiving the foregoing objection, which is expressly incorporated herein by reference, and based on Plaintiff's understanding of the Request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between Lynne Owens and STATE OF CALIFORNIA DEPARTMENTS AND AGENCIES regarding Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this Request on the grounds that it seeks COMMUNICATIONS that are not in the custody or control of Plaintiff. Plaintiff objects to this Request on the grounds that it is not proportionate to the needs of the case because it calls for COMMUNICATIONS regardless of whether the COMMUNICATIONS relate to this litigation.

Subject to and without waiving the foregoing objection, which is expressly incorporated herein by reference, and based on Plaintiff's understanding of the Request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS between Lynne Owens and FEDERAL DEPARTMENTS AND AGENCIES regarding Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request on the grounds that it seeks COMMUNICATIONS that are not in the custody or control of Plaintiff. Plaintiff objects to this Request on the grounds that it is not proportionate to the needs of the case because it calls for COMMUNICATIONS regardless of whether the COMMUNICATIONS relate to this litigation.

Subject to and without waiving the foregoing objection, which is expressly incorporated herein by reference, and based on Plaintiff's understanding of the Request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS between YOU and HUMBOLDT COUNTY AGENCIES regarding Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request on the grounds that it is not proportionate to the needs of the case because it calls for COMMUNICATIONS regardless of whether the COMMUNICATIONS relate to this litigation.

Subject to and without waiving the foregoing objection, which is expressly incorporated herein by reference, and based on Plaintiff's understanding of the Request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between YOU and STATE OF CALIFORNIA DEPARTMENTS AND AGENCIES regarding Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request on the grounds that it is not proportionate to the needs of the case because it calls for COMMUNICATIONS regardless of whether the COMMUNICATIONS relate to this litigation.

Subject to and without waiving the foregoing objection, which is expressly incorporated herein by reference, and based on Plaintiff's understanding of the Request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged,

responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS between YOU and FEDERAL DEPARTMENTS AND AGENCIES regarding Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request on the grounds that it is not proportionate to the needs of the case because it calls for COMMUNICATIONS regardless of whether the COMMUNICATIONS relate to this litigation.

Subject to and without waiving the foregoing objection, which is expressly incorporated herein by reference, and based on Plaintiff's understanding of the Request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

All records of all tests conducted by YOU on Noisy Creek from 2022 to present.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request because it seeks documents subject to the attorney client privilege and the attorney work product doctrine because the definition of YOU includes Plaintiff's attorneys. Plaintiff further objects to this Request because it calls for the premature disclosure of expert witness and expert witness testimony.

Subject to and without waiving the foregoing objections, which are expressly incorporated herein by reference, and based on Plaintiff's understanding of the request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

All records of all tests conducted by YOU on alleged STORM WATER DISCHARGED from Defendants' FACILITY from 2022 to present.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request because it seeks documents subject to the attorney client privilege and the attorney work product doctrine because the definition of YOU includes Plaintiff's attorneys. Plaintiff further objects to this Request because it calls for the premature disclosure of expert witness and expert witness testimony.

Subject to and without waiving the foregoing objections, which are expressly incorporated herein by reference, and based on Plaintiff's understanding of the request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS regarding YOUR allegation that, "Defendants' neighbors have collected videos, photographs, and notes of their observations, including rain data, documenting Defendants' repeated discharges into Noisy Creek between January 2024 and August 2024."

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request on the grounds that it seeks information about an allegation made in a settlement conference statement subject to Federal Rule of Evidence 408. Plaintiff objects to this Request because it seeks documents subject to the attorney client privilege and the attorney work product doctrine because the definition of YOU includes Plaintiff's attorneys. Plaintiff further objects to this Request because it calls for the premature disclosure of expert witness and expert witness testimony.

Subject to and without waiving the foregoing objections, which are expressly incorporated herein by reference, and based on Plaintiff's understanding of the request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS regarding YOUR allegation that, "Plaintiffs investigation has revealed

another point of discharge from the Facility that Defendants do not acknowledge, and therefore do not sample, or include in any of their required reporting, plans, or mapping."

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request on the grounds that it seeks information about an allegation made in a settlement conference statement subject to Federal Rule of Evidence 408. Plaintiff objects to this Request because it seeks documents subject to the attorney client privilege and the attorney work product doctrine because the definition of YOU includes Plaintiff's attorneys. Plaintiff further objects to this Request because it calls for the premature disclosure of expert witness and expert witness testimony.

Subject to and without waiving the foregoing objections, which are expressly incorporated herein by reference, and based on Plaintiff's understanding of the request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS regarding YOUR allegation that, "Plaintiff has documented, on a number of occasions, storm water discharges coming from Defendants' upper yard via a pipe flowing north to south. Defendants contend that this pipe is purely a bypass pipe, only transporting roadside drainage from Glendale Drive north of the Facility. However, Plaintiff has documented both the inflow and outflow of this pipe after periods of intense rainfall at the Facility, and is prepared to demonstrate at trial that the water flowing into the pipe (the roadside drainage) is relatively clear, while the water flowing out of the southern outfall of the same pipe is highly turbid, and looks like the industrial storm water ponded above the pipe, and around drop inlets on Defendants' Facility."

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request on the grounds that it seeks information about an allegation made in a settlement conference statement subject to Federal Rule of Evidence 408. Plaintiff objects to this Request because it seeks documents subject to the attorney client privilege and the attorney work product doctrine because the definition of YOU includes Plaintiff's attorneys. Plaintiff further

objects to this Request because it calls for the premature disclosure of expert witness and expert witness testimony.

Subject to and without waiving the foregoing objections, which are expressly incorporated herein by reference, and based on Plaintiff's understanding of the request, Plaintiff responds as follows:

Following a diligent search and reasonable inquiry, Plaintiff will produce all non-privileged, responsive documents in its possession, custody, or control.

Dated: March 19, 2025

LAW OFFICE OF WILLIAM CARLON

[signature]

William N. Carlon
Attorney for Plaintiff
Californians for Alternatives to Toxics

**PROOF OF SERVICE**

I, William N. Carlon, declare as follows:

I am a resident of the State of California, and employed in Napa, California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 437 Post Street, Napa, California 94559.

On March 19, 2025 I served the following document(s):

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

by emailing a true and correct copy thereof, addressed to the party listed below, pursuant to written agreement by the parties:

Allison G. Jackson
The Harland Law Firm, LLP
212 G Street, Suite 201
Eureka, CA 95501
ajackson@harlandlaw.com
pheagerty@harlandlaw.com

I certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 19, 2025, at Napa, California.

[signature]
William N. Carlon